1  Abraham N. Goldman/Cal. State Bar #102080
   David Springfield/Cal. State Bar #226630
2  ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
   Post Office Box 120 / 12896 Rices Crossing Road
3  Oregon House, CA 95962-0120
   Tel.: (530) 692-2267
4  Fax: (530) 692-2543
   E-mail: agoldman@succeed.net   davids@succeed.net
5
   Attorneys for Plaintiff
6  JOEI LYN SANCHES

7

8

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  JOEI LYN SANCHES,                    ) Case No.
                                         )
13                                       ) **COMPLAINT FOR VIOLATION**
                                         ) **OF CIVIL RIGHTS AND**
14                                       ) **STATE LAW [42 U.S.C. §1983]**
                                         ) **AND FALSE CLAIMS ACT**
15                                       ) **DISCRIMINATION /**
                Plaintiff,               ) **RETALIATION,**
16                                       ) **[U.S.C. 18 U.S.C. §3730]**
17  v.                                   )
                                         )
18  CITY OF CRESCENT CITY; DENNIS        )
19  BURNS; ELI NAFFAH; MIKE              )
    SCAVUZZO;                            ) **JURY TRIAL DEMANDED**
20                                       )
21  AND DOES 1 through 100, AND          )
22  EACH OF THEM, INCLUSIVE,             )
                                         )
23             Defendants.               )
                                         )
24  ─────────────────────────────────── )

25      Plaintiff, JOEI LYN SANCHES ("JOEI"), complains and alleges as follows:

26                          **JURISDICTION**

27

28  COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
    AND STATE LAW [42 U.S.C. §1983] & FALSE CLAIMS          1
    ACT DISCRIMINATION/RETALIATION

1    1. This Court has subject-matter jurisdiction over this federal question action
2 under 28 U.S.C. §1331 and §1343 because it seeks, inter alia, damages under Title
3 42 U.S.C. §1983 and 1988 for violations of plaintiff's civil rights. This Court also
4 has supplemental jurisdiction over plaintiff's False Claims Act claim for retaliation
5 under 28 U.S.C. §1331 and 18 U.S.C. §3730 (h).

6                                          **VENUE**

7    2. This Court is a proper venue for this action under 28 U.S.C. §1391(b)(2)
8 because the claims alleged herein arose in the County of Del Norte, California,
9 within this District.

10                            **FACTUAL ALLEGATIONS**

11    3. This is a civil rights and False Claims Act complaint arising from the
12 efforts of plaintiff, JOEI LYN SANCHES, to disclose and complain about public
13 corruption in the City of Crescent City (the "CITY"), between April, 2007, and
14 September, 2007.

15                                    **THE PARTIES**

16    4. During all times mentioned in this Complaint, JOEI, was and is, a United
17 States citizen, residing in Crescent City, California.

18    5. Between April 4, 2007 and her retaliatory, willful, intentional and wrongful
19 termination on September 25, 2007, JOEI was serving as the Director of Finance of
20 the CITY, duly hired by contract and approved by the CITY's City Counsel.

21    6. Defendant CITY OF CRESCENT CITY (the "CITY") is a California
22 municipal entity located in this District in Del Norte County.

23    7. The CITY hired JOEI to be its new Director of Finance by a one-year
24 contract dated April 4, 2007, which was renewable for two two-year periods.

25    8. Defendant DENNIS BURNS was the Mayor of the City of Crescent City at
26 all times relelvant, and was a resident of Crescent City and Del Norte County.

27    9. Defendant ELI  NAFFAH was the City Manager of the CITY at all times

28 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
AND STATE LAW [42 U.S.C. §1983] & FALSE CLAIMS
ACT DISCRIMINATION/RETALIATION                    2

1  relevant and was a resident of Crescent City and Del Norte County.

2      10.  Defendant MIKE SCAVUZZO was an elected member of the CITY's

3  City Council at all times relevant, and was resident of the CITY and Del Norte

4  County.

5      11.  The true names and identities of Defendants DOES 1 through 100 are

6  presently unknown to plaintiff.  Plaintiff alleges on information and belief that each

7  of the defendants DOES 1-100 were employees or agents or independent contractors

8  and/or aiders and/or abettors in the activities described herein of the other

9  defendants during the time of this matter.  Plaintiff alleges upon information and

10 belief that Defendants DOES 1-100, and each of them, (1) acted in conspiracy or

11 with the intent to injure JOEI as alleged in this action; (2) failed to protect; (3)

12 violated JOEI's civil rights; (4) were willful, malicious, reckless and/or negligent

13 and treated JOEI inhumanely in violation of her civil rights as described herein.

14 Plaintiff alleges on information and belief that each of the defendants DOES 1-100

15 were responsible for the training, supervision and/or conduct of DOES 1-100 and

16 any other codefendants involved in this matter.  Plaintiff alleges that defendants

17 DOES 1-100, and each of them, are accordingly responsible in some manner for the

18 acts and injuries alleged herein.  Plaintiff alleges on information and belief that

19 each of the defendant DOES 1-100 were and are responsible for the promulgation of

20 policies and procedures utilized by the CITY, pursuant to which the acts and

21 injuries alleged herein occurred.  Plaintiff will seek to amend this complaint as soon

22 as the true names and identities of defendant DOES 1-100 have been ascertained.

23     12.  Defendants, and DOES 1-100, to the extent they engaged in any acts or

24 omissions alleged herein, and unless otherwise indicated by this complaint, at all

25 times, engaged in such acts and/or omissions under color of state law.

26     13.  Plaintiff is informed and believes and thereon alleges, that at all times

27 mentioned in this complaint, defendants and each of them, and DOES 1-100, were

28 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
AND STATE LAW |42 U.S.C. §1983| & FALSE CLAIMS
ACT DISCRIMINATION/RETALIATION            3

1  the agents, employees, servants, joint venturers, partners, and/or co-conspirators of

2  the other defendants named in this complaint and that at all times each of the

3  defendants was acting within the course and scope of said relationship with

4  defendants.

5      14. As a result of the defendants' conduct alleged herein, JOEI  has suffered

6  personal injury, emotional distress and mental anguish, special damages, wrongful

7  termination, economic loss, pecuniary and non-pecuniary damages, and loss of

8  reputation.

9            **FIRST CLAIM  42 U.S.C. §1983**
             **VIOLATION OF AND FIRST, FOURTH**
10           **AND FOURTEENTH AMENDMENTS**
          **AGAINST ALL DEFENDANTS AND DOES 1-100**

11

12     15. Plaintiff incorporates paragraphs 1-14 above and alleges as follows for

13  her first claim against all defendants and/or DOES 1-100, inclusive.

14     16. On or about June 6, 2007, JOEI, acting as a private citizen and not as part

15  of her job as CITY Director of Finance, filed a complaint with the United States

16  Internal Revenue Service ('IRS") relating to the CITY not paying employment taxes

17  and not reporting income on monies paid to members of the CITY's City Council.

18     17. On or about June 15, 2007, JOEI, acting as a public citizen and not as

19  part of her job as CITY's Director of Finance, again reported the CITY and also

20  CITY's City Council  member defendant SCAVUZZO to the IRS for not reporting

21  income and not paying taxes.

22     18. On or about September 26, 2007, at a public workshop regarding CITY

23  sewer rate increases, JOEI spoke out as a public citizen that the recent sewer rate

24  increases were illegal because the CITY had not followed the requirements of

25  California Proposition 218 when sewer rates were increased in 2006.

26     19. During the period of approximately May, 2007 through October, 2007,

27  JOEI, acting as a private citizen, disclosed critical information and materials to the

28  COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
   AND STATE LAW [42 U.S.C. §1983] & FALSE CLAIMS
   ACT DISCRIMINATION/RETALIATION                    4

1  local press of Crescent City, the "Daily Triplicate," relating to illegal annuities the
2  CITY had granted to CITY's City Council members, improper tax reporting of
3  income to CITY's City Council Member SCAVUZZO and CITY's City Manager
4  NAFFAH, the recovery of monies from current and former CITY's City Council
5  members, and the illegal increase in the sewer rates.

6      20. On September 25, 2007, defendants BURNS, and NAFFAH confronted
7  plaintiff and wrongfully terminated her, without notice or hearing.

8      21. Plaintiff's unilateral termination, with no notice or hearing, failed to
9  follow the required procedures of the CITY's Municipal Code, Appendix A, Section
10 8-220, then in effect, which was incorporated into the contract between JOEI and
11 the CITY.

12     22. Upon information and belief, JOEI's unilateral termination on September
13 25, 2007 by BURNS, and NAFFAH was both previously approved and later
14 ratified by the entire CITY's City Council, approving JOEI's termination, executed
15 and ratified by the highest executive and legislative bodies of the CITY.

16     23. In addition, JOEI's termination, upon information and belief, was
17 approved and ratified by the CITY and the individual defendants in violation of the
18 procedures required by California Government Code Section 54957 by failing to
19 follow any of the procedures required by Section 54957.

20     24. JOEI's public disclosures as a private citizen set forth in paragraphs 16
21 to 24 above were at all relevant times known to all defendants and were a
22 substantial cause in her unlawful termination in retaliation for exercise of her rights
23 under the First Amendment, and additional retaliation and harassment, including,
24 but not limited, to acts and omissions set forth below.

25     25. Following September 25, 2007, and to the current time, defendants have
26 continued to harass and retaliate against JOEI, including, but not limited to:

27

28 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
AND STATE LAW [42 U.S.C. §1983] & FALSE CLAIMS
ACT DISCRIMINATION/RETALIATION          5

1       a.  Attempting to deprive JOEI of the rights of a citizen of Crescent City by

2   prohibiting her from filing a ballot initiative on or about December, 2007;

3       b.  Unilaterally and falsely denying JOEI the right to file for sewer rate

4   overcharges in November 25, 2007, on the false and malicious assertion that JOEI

5   was in some part wrongfully responsible for the overcharges, which she had, in fact,

6   protested and disclosed;

7       c.  In or about October or November, 2007, making a false claim for

8   reimbursement and indemnification for a vehicle collision in August, 2007,

9   involving a CITY vehicle, for which JOEI had no fault;

10      d.  Defaming JOEI to CITY employees and the general public as being

11  unprofessional and commiting illegal acts.

12      26.  As a legal result of the above, defendants have violated 42 U.S.C. §1983

13  and caused injury to JOEI as set forth above.

14                          **SECOND CLAIM**
                    **BY JOEI AGAINST THE CITY**
15          **FOR VIOLATION OF FALSE CLAIMS ACT**
                        **31 U.S.C. §3730(h)**
16

17      27.  Plaintiff realleges and incorporates paragraphs 1-26 above against

18  defendant CITY.

19      28.  While employed by defendant CITY, JOEI, on her own behalf and on

20  behalf of others, in furtherance of an action to be filed under 31 U.S.C. §3730,

21  investigated claims by the City potentially in violation of 31 U.S.C. §3729,

22  including but not limited to illegal monies, unreported income, unreported and

23  unpaid Federal and State employment taxes, and other benefits and allowances for

24  the members of the CITY's City Council, classification and implementation of

25  "enterprise" funds, the operations and expenses of federal H.U.D. housing in the

26  CITY and adjacent Del Norte County, and the construction and engineering of a

27  new $42.5 million CITY waste water treatment plant.

28  COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
    AND STATE LAW [42 U.S.C. §1983] & FALSE CLAIMS
    ACT DISCRIMINATION/RETALIATION                    6

1     29.  JOEI's lawful acts of investigating actions to be filed under 31 U.S.C.

2 §3730 and actual or potential violations of 31 U.S.C.  §3729, were a substantial

3 cause of the actions taken against her and the injuries she suffered as alleged above.

4     30.  The acts and/or omissions of the CITY violate 31 U.S.C. §3730(h), and

5 plaintiff is entitled to relief as requested below.

## PRAYER

Plaintiff prays for Judgment in her favor against defendants as follows:

1.     For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial, in an amount in excess of $1,000,000.00;

2.     For punitive and exemplary damages against each individual defendant, but not the CITY or any other governmental agency, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by 42 U.S.C. §§ 1983, 1988;

3.     For costs and reasonable attorneys' fees as provided by law, including but not limited to 42 U.S.C. §1988;

4.     For all relief available under 31 U.S.C. §3730 (h), including, but not limited to, reinstatement and/or front pay, two times the amount of back pay, interest on the back pay, litigation costs and attorneys' fees.

5.     For any other relief as may be just and proper, including injunctive and/or declaratory relief.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

Respectfully submitted,    ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

Dated:  March 7, 2008

Abraham N. Goldman, Attorney for Plaintiff
David Springfield, Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
AND STATE LAW [42 U.S.C. §1983] & FALSE CLAIMS
ACT DISCRIMINATION/RETALIATION     7