Richard C. Bolanos, Bar No. 111343
rbolanos@lcwlegal.com
Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

Telephone:  (415) 512-3000
Facsimile:  (415) 856-0306

Attorneys for Defendants
CITY OF CRESCENT CITY;
DENNIS BURNS; ELI NAFFAH;
MIKE SCAVUZZO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEI LYN SANCHES,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH; MIKE SCAVUZZO; AND DOES 1 through 100, AND EACH OF THEM, INCLUSIVE,<br><br>   Defendants. | Case No.  CV 08-01395 MEJ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1,(6)]**<br><br>Date:  May 29, 2008<br>Time:  10:00 a.m.<br>Dept.:  Courtroom B, 15th Floor<br>Judge:  Maria-Elena James<br><br>*(Exempt from filing fees pursuant to Government Code, Section 6103)* |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 29, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants CITY OF CRESCENT CITY, DENNIS BURNS, ELI NAFFAH, and MIKE SCAVUZZO will move the court to dismiss the action pursuant to FRCP

12(b)(1) and 12(b)(6) because Plaintiff's Complaint, in its entirety, fails to state a claim upon which relief can be granted, on the grounds that Plaintiff's first claim for violation of Section 1983 fails to state facts constituting a claim (FRCP 12(b)(6); and Plaintiff's second claim for violation of the False Claims Act fails to establish jurisdiction (FRCP 12(b)(1)) and fails to state facts constituting a claim (FRCP 12(b)(6)).

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

Dated: April 21, 2008                                LIEBERT CASSIDY WHITMORE

By: _____
Morin I. Jacob,
Attorneys for Defendants
CITY OF CRESCENT CITY;
DENNIS BURNS; ELI NAFFAH;
MIKE SCAVUZZO

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1
II. STATEMENT OF FACTS .................................................................................................... 1
III. ARGUMENT .......................................................................................................................... 3
    A. The Legal Standards for Motions to Dismiss ............................................................ 3
    B. Three Governmental Immunities Bar Both of Plaintiff's Claims ............................ 3
    C. Plaintiff's First Claim for Violation of Section 1983 Fails to State Facts Sufficient to State a Claim ........................................................................................ 5
        1. Plaintiff Fails to State Sufficient Facts to Plead a Section 1983 Claim Against the City ................................................................................ 5
        2. Plaintiff Fails to State Sufficient Facts to Plead a Section 1983 Claim Against the Individual Defendants As Well ..................................... 6
            a. Plaintiff Cannot Maintain Section 1983 Claims Against the Individual Defendants in Their Official Capacities ......................... 6
            b. Plaintiff's Section 1983 Claims Against the Individual Defendants Fail Because Plaintiff Fails to Allege That the Individual Defendants Violated Her Constitutional Rights ............ 7
            c. Plaintiff's Section 1983 Claims Against the Individual Defendants Fail Because the Individual Defendants Are Entitled to Qualified Immunity ........................................................ 7
        3. Plaintiff Fails to State Any Facts to Establish Claims for Violation of the 1st and 4th Amendments Against All Defendants ............................ 9
    D. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim for Violation of the False Claims Act ............................................................................ 9
        1. Plaintiff's Failure to Follow Qui Tam Procedures Mandates That This Claim Be Dismissed ............................................................................ 9
        2. Plaintiff Has Not Properly Alleged That She Made a Public Disclosure .................................................................................................. 10
        3. Plaintiff Has Not Properly Alleged That She Was the Original Source of Any Disclosures Made ............................................................. 11
    E. Plaintiff Fails to State Sufficient Facts to Constitute a Claim for False Claims Act .............................................................................................................. 11
        1. The Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim Because Liability Does Not Attach to Them As Individuals or in Their Official Capacities ............................... 11
        2. The City and Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim ............................................................ 12
IV. CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Creighton*,
    483 U.S. 635 (1987) ................................................................................................ 8

*Bishop v. Wood*,
    426 U.S. 341 (1976) ................................................................................................ 6

*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ..................................................................................... 5

*Brewster v. Board of Education*,
    149 F.3d 971 (9th Cir. 1998) ................................................................................... 8

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ..................................................................................... 3

*Clemes v. Del Norte County United School Dist.*,
    No. C-93-1912, 1996 WL 331096 .......................................................................... 12

*Conely v. Gibson*,
    355 U.S. 41 (1957) .................................................................................................. 3

*Connick v. Myers*,
    461 U.S. 138 (1983) ................................................................................................ 6

*Cooper v. Blue Cross and Blue Shield*,
    19 F.3d 562 (11th Cir. 1994) ................................................................................... 10

*Davis v. Scherer*
    468 U.S. 183 (1984) ................................................................................................ 8

*Harlow v. Fitzgerald*
    457 U.S. 800 (1982) ............................................................................................ 8, 9

*Houck v. Folding Carton Admin. Comm.*,
    881 F.2d 494 (7th Cir. 1989) ................................................................................... 11

*Hudson v. City of New Orleans*,
    174 F.3d 677 (5th Cir. 1999) ................................................................................... 12

*Hunter v. Bryant*
    502 U.S. 224 (1991) ................................................................................................ 8

*Hutchins v. Wilentz*,
    253 F.3d 176 (3d Cir. 2001) .................................................................................... 12

*Johnson v. Houston Indep. Sch. Dist.*,
    930 F.Supp. 276 (S.D.Tex. 1996) ............................................................................. 5

*Kokkoken v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) ................................................................................................ 3

*Marlow v. Washington*,
    147 F.3d 839 (9th Cir. 1998) ................................................................................... 9

*McKenzie v. BellSouth Telecomm., Inc.*,
    219 F.3d 508 (6th Cir. 2000) ................................................................................... 12

## TABLE OF AUTHORITIES
### (continued)

Page

*MGIC Indem. Corp.* v. *Weisman*,
  803 F.2d 500 (9th Cir. 1986) .................................................................. 3

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) .................................................................................. 8

*Monell v. Department of Social Services*
  436 U.S. 658 (1978) ............................................................................. 5, 6

*Mullins* v. *U.S. Bankruptcy Court*,
  828 F.2d 1385 (9th Cir. 1987) ................................................................ 3

*NL Industries, Inc.* v. *Kaplan*,
  792 F.2d 896 (9th Cir. 1986) .................................................................. 3

*Pembaur v. City of Cincinnati*,
  475 U.S. 469 (1986) .................................................................................. 5

*Redman v. County of San Diego*,
  942 F.2d 1435 (9th Cir. 1991) ................................................................. 5

*Rosales v. Citibank*
  133 F.Supp.2d 1177 (N.D. CA 2001) ..................................................... 3

*Russell* v. *Landrieu*,
  621 F.2d 1037 (9th Cir. 1980) ................................................................ 3

*Sloman v. Tadlock*,
  21 F.3d 1462 (9th Cir. 1994) .................................................................. 8

*United States* ex rel. *Dick v. Long Island Lighting Co.*,
  912 F.2d 13 (2d Cir. 1990) .................................................................... 11

*United States* ex rel. *Fine v. Advanced Sciences, Inc.*,
  99 F.3d 1000 (10th Cir. 1996) .............................................................. 10

*United States* ex rel. *Foulds v. Texas Tech University*,
  171 F.3d 279 (5th Cir. 1999) ................................................................ 12

*United States* ex rel. *Lamar v. Burke*,
  894 F.Supp. 1345 (E.D.Mo. 1995) ....................................................... 12

*United States* ex rel. *Smith v. Yale Univ.*,
  415 F.Supp.2d 58 (D.Conn. 2006) ....................................................... 12

*United States* ex rel. *Springfield Terminal Ry. v. Quinn*,
  14 F.3d 645 (D.C.Cir. 1994) ................................................................. 10

*United States* ex rel. *Stinson v. Prudential Ins. Co.*,
  944 F.2d 1149 (3d Cir. 1991) ............................................................... 11

*United States* ex rel. *Taxpayers Against Fraud v. General Elec. Co.*,
  41 F.3d 1032 (6th Cir. 1994) ................................................................ 10

*Wang v. FMC Corp.*,
  975 F.2d 1412 (9th Cir. 1992) .............................................................. 11

*West v. Atkins*,
  487 U.S. 42 (1988) ..................................................................................... 5

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

# TABLE OF AUTHORITIES
(continued)

Page

*White v. Apollo Group*,
  241 F.Supp.2d 710 (2003) .................................................................................... 10

*Wilkins* ex rel. *United States v. Ohio*,
  885 F.Supp. 1055 (S.D.Ohio 1995) ....................................................................... 12

*Will v. Michigan Department of State Police*,
  491 U.S. 58 (1989) ................................................................................................... 6

**State Cases**

*Caldwell v. Montoya*,
  (1995) 10 Cal.4th 972 .............................................................................................. 4

*Chevlin v. LA Comm. College Dist.*,
  (1989) 212 Cal.App.3d 382 ..................................................................................... 4

*Kemmerer v. Fresno County*,
  (1988) 200 Cal.App.3d 1426 ................................................................................... 4

*Masters v. San Bernardino Employees Retirement Assn.*
  (1995) 32 Cal.App.4th 30 ........................................................................................ 4

*Shoemaker v. Myers*,
  (1992) 2 Cal.App.4th 1407 ...................................................................................... 4

**Federal Statutes**

31 U.S.C. Section 3729 .................................................................................................. 2
31 U.S.C. Section 3730 .......................................................................................... 2, 9, 10

**State Statutes**

Gov. Code § 54957 ........................................................................................................ 2
Gov. Code § 815.2(b) .................................................................................................... 4
Gov. Code § 818.8 ......................................................................................................... 4
Gov. Code § 820. ........................................................................................................... 4
Section 3730(h) ............................................................................................................ 12

**Constitutional** Provisions

U.S. Const. Amend. I ................................................................................................. 1, 9
U.S. Const. Amend. IV .............................................................................................. 1, 9
U.S. Const. Amend. XI ................................................................................................ 12
U.S. Const. Amend. XIV ............................................................................................... 5

**Legislation**

S. Rep. No. 345, 99th Cong., 2d Sess. ........................................................................ 11

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff's Complaint must be dismissed for lack of jurisdiction (FRCP 12(b)(1)) and for failure to state claims (FRCP 12(b)(6)).

First, both of Plaintiff's claims are barred by governmental immunities against all of the Defendants. Second, Plaintiff fails to state facts sufficient to constitute claims for Section 1983, First Amendment and Fourth Amendment violations against any of the Defendants. Third, Plaintiff fails to establish that this Court has jurisdiction over the False Claims Act claim because she has failed to follow the qui tam procedures and fails to allege she made an original public disclosure. Finally, Plaintiff fails to state facts sufficient to constitute a False Claims Act claim against any of the Defendants.

### II.     STATEMENT OF FACTS

The following facts are from Plaintiff's Complaint and are only assumed to be true and accurate for purposes of this Motion:

Plaintiff Joei Lyn Sanches (hereinafter "Plaintiff") was wrongfully terminated from her position as Director of Finance for the City of Crescent City (hereinafter "City") on September 25, 2007. (Complaint ¶ 5). Plaintiff was hired by City on April 4, 2007 by a one year contract. (Complaint ¶ 7).

Defendant Dennis Burns (hereinafter "Burns") is the Mayor of City; Defendant Eli Naffah (hereinafter "Naffah") is the City Manager, and Defendant Mike Scavuzzo (hereinafter "Scavuzzo") is an elected City Council member. (Complaint ¶¶ 8-10).

On or about June 6 and again on June 15, 2007 Plaintiff, acting as a private citizen, filed a complaint with the Internal Revenue Service regarding the City allegedly not paying employment taxes and not reporting income on monies paid to members of the City's city council. (Complaint ¶¶ 16-17). Plaintiff made a complaint against Defendant City and against Defendant Scavuzzo.

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(b)(1),(6)], Case No. CV 08-01395 MEJ

1  (Complaint ¶¶ 16-17).

2  On or about September 26, 2007 Plaintiff spoke out at a public workshop regarding illegal sewer rate increases made by the City in 2006. (Complaint ¶ 18).

From May 2007 through October 2007, Plaintiff, acting as a private citizen, disclosed critical information and materials to the local newspaper relating to illegal annuities the City had granted to the City's council members, improper tax reporting of income to Defendants Scavuzzo and Naffah, the recovery of monies from current and former city council members, and the illegal increase in sewer rates. (Complaint ¶ 19).

On September 25, 2007 Defendants Burns and Naffah confronted Plaintiff and wrongfully terminated her, without notice or hearing. (Complaint ¶¶ 20-21). Plaintiff's termination was approved and ratified by the city council, but said approval and ratification failed to comply with Government Code Section 54957. (Complaint ¶¶ 22-23).

Plaintiff, while employed by City, on her own behalf and on behalf of others, in furtherance of an action to be filed under 31 U.S.C. Section 3730, investigated the following claims by the City that potentially violated 31 U.S.C. Section 3729: illegal monies, unreported income, unreported and unpaid federal and state employment taxes, and other benefits and allowances for the members of the City's city council, classification and implementation of enterprise funds, the operations and expenses of federal H.U.D. housing in the City and Del Norte County, and the construction and engineering of a new $42.5 million city waste water treatment plant. (Complaint ¶ 28).

Plaintiff's public disclosures as a private citizen were known to all of the Defendants and were a substantial cause in her termination. (Complaint ¶ 24). Defendants have continued to harass and retaliate against Plaintiff since her termination by: attempting to deprive Plaintiff the right to file a ballot initiative on or about December 2007; denying Plaintiff the right to file for sewer rate overcharges on November 25, 2007; making a false claim for reimbursement and indemnification from Plaintiff for a city vehicle collision in August 2007 for which Plaintiff had no fault; and defaming Plaintiff to City employees and to the public as being unprofessional and committing illegal acts. (Complaint ¶ 25).

- 2 -

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

## III. ARGUMENT

### A. The Legal Standards for Motions to Dismiss

A motion to dismiss tests the legal sufficiency of the claim or claims stated in the complaint. FRCP 12(b)(6). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first. This prevents a court without jurisdiction from prematurely dismissing a case with prejudice. Plaintiff always bears the burden of establishing subject matter jurisdiction; the Court presumes lack of jurisdiction until plaintiff proves otherwise. *Kokkoken v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S. Ct. 1673, 1675 (1994).

In reviewing a motion to dismiss the court construes the complaint in the light most favorable to the plaintiff *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980), and the court must accept as true all material allegations in the complaint, as well as any reasonable inferences drawn from the facts alleged. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986); *Rosales v. Citibank* (N.D. CA 2001) 133 F.Supp.2d 1177, 1180. A matter that is subject to judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

The court need not, however, accept as true allegations that: 1) contradict matters that are properly subject to judicial notice *Mullins v. U.S. Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir. 1987); 2) are merely legal conclusions; or 3) are unwarranted deductions of fact or reasonable inferences. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). The motion is granted when it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. FRCP 12(b)(6); *Conely v. Gibson,* 355 U.S. 41 (1957) (overruled on other grounds).

### B. Three Governmental Immunities Bar Both of Plaintiff's Claims

Public agencies and their employees have governmental immunities that bar liability for conduct related to misrepresentations, discretionary decisions, and initiating or prosecuting administrative proceedings. These immunities preclude Plaintiff from recovering any damages from individual Defendants Burns, Naffah and Scavuzzo or from the City on the First and Second

claims for relief.

First, public agencies are *absolutely* immune from liability for misrepresentations that their employees make, "whether or not such misrepresentations be negligent or intentional." Gov. Code § 818.8; *Masters v. San Bernardino Employees Retirement Assn*, 32 Cal.App.4th 30, 37 Cal.Rptr.2d 860 (1995). This immunity shields a public agency from not only affirmative misrepresentations, but from fraudulent concealment as well. *Chevlin v. LA Comm. College Dist.*, 212 Cal.App.3d 382, 260 Cal.Rptr. 628 (1989).

Second, public sector administrators are immune from tort liability resulting from discretionary decisions that involve a balancing of risks and advantages—such as decisions to terminate employment—"whether or not such discretion be abused." Gov. Code § 820.2; *Caldwell v. Montoya*, 10 Cal.4th 972, 42 Cal.Rptr.2d 842 (1995) (immunity for decision not to renew school superintendent's employment contract); *Kemmerer v. Fresno County*, 200 Cal.App.3d 1426, 1437-39, 246 Cal.Rptr.2d 609, 616-17 (1988) (immunity for decision to discharge civil service employee); *see also Shoemaker v. Myers*, 2 Cal.App.4th 1407, 1423, 4 Cal.Rptr.2d 202, 212 (immunity for decision to initiate discipline).

Third, a governmental entity is generally immune when its employees or independent contractors are immune. Gov. Code § 815.2(b); *Caldwell*, 10 Cal.4th at 980, 42 Cal.Rptr.2d at 846.

Here, the Complaint alleges that City and the individual Defendants terminated Plaintiff with no notice after she complained of alleged illegal conduct by City and/or the individual Defendants. Plaintiff's two claims for relief allege damages resulting from Plaintiff's alleged wrongful termination and/or from the City's and individual Defendants' discretionary decisions to terminate Plaintiff. As such, the three governmental immunities discussed above absolutely bar Plaintiff from recovering damages on these claims, regardless of whether City or the individual Defendants abused their discretion in terminating Plaintiff or made misrepresentations to Plaintiff.

C. **<u>Plaintiff's First Claim for Violation of Section 1983 Fails to State Facts Sufficient to State a Claim</u>**

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend XIV. To state a claim under Section 1983 for a violation of due process, Plaintiff must first prove that she was deprived of a constitutionally protected life, liberty, or property interest, and then identify an official action that caused the constitutional deprivation. *Johnson v. Houston Indep. Sch. Dist.*, 930 F.Supp. 276(S.D.Tex.1996), 285 (S.D.Tex.1996) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir.1995)). "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Here, Plaintiff's Section 1983 claim fails to state facts which, even if true, would establish a violation of Plaintiff's constitutional rights. Moreover, Plaintiff fails to state facts alleging that the individual Defendants were acting under color of state law.

1. **Plaintiff Fails to State Sufficient Facts to Plead a Section 1983 Claim Against the City.**

Plaintiff's Complaint does not contain sufficient facts that a City policy, custom, or practice deprived her of her constitutional rights. (Complaint ¶¶ 15-26).

For the City to be liable under Section 1983, Plaintiff must allege that a City policy, custom, or practice caused her injury. *Monell v. Department of Social Services* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell* the United States Supreme Court held that a municipality can only be liable under Section 1983 when the plaintiff's injury was caused by a policy or custom of the public entity. *Id.* at 694, 985 S.Ct. 2018, 56 L.Ed.2d 611. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Ibid*; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1444 (9th Cir. 1991).

In *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d

- 5 -

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

452,(1986),the Court clarified the "official policy" requirement of *Monell* by explaining that it "was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Id.* at 479, 106 S.Ct. 1292, 89 L.Ed.2d 452, emphasis in original.

It is also well-settled that "[t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop v. Wood*, 426 U.S. 341, 349, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *accord, Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

Here, Plaintiff alleges that the City violated her rights by not conforming to the City's Municipal Code. (Complaint ¶¶ 20-21). Failure to follow a valid law is not enough to establish liability against the City under Section 1983. Plaintiff has failed to allege that the City is actually responsible for the acts of its employees. Further, the federal court is not the proper forum in which to review the multitude of personnel decisions that are made by public agencies. Plaintiff is alleging that she was terminated for making complaints. However, Plaintiff's Complaint wholly fails to allege any facts that attach Section 1983 liability to it.

Because Plaintiff has not alleged sufficient facts to establish *Monell* liability against the City, her Section 1983 claims against the City must be dismissed without leave to amend.

2. **Plaintiff Fails to State Sufficient Facts to Plead a Section 1983 Claim Against the Individual Defendants As Well.**

   a. **Plaintiff Cannot Maintain Section 1983 Claims Against the Individual Defendants in Their Official Capacities.**

Plaintiff seeks Section 1983 relief against all individual Defendants in their official capacities: Defendant Burns as Mayor, Defendant Naffah as the City Manager, and Defendant Scavuzzo as a city council member. (Complaint, ¶¶, 8-10, 15).

Section 1983 provides, in pertinent part, that "[e]very *person* who, under color of any statute, ... of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable...."

In *Will v. Michigan Department of State Police* 491 U.S. 58 (1989), 71, 109 S.Ct. 2304,

- 6 -

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

2312, 105 L.Ed.2d 45, 58, the United States Supreme Court held that officials acting in their official capacities are "persons" within the meaning of section 1983. The Court reasoned that although state officials are people, a suit against a state official in his official capacity constitutes a suit against the official's office and not against the person. *Id.*

Here, the Complaint alleges that Defendant Burns is Mayor of Crescent City at all times relevant, Defendant Naffah is the City Manager of Crescent City at all times relevant, and Defendant Scavuzzo is a city council member of Crescent City at all times relevant. (Complaint, ¶¶, 8-10, 15). It is clear from the face of the Complaint that Plaintiff is suing these individuals in their official capacities. Accordingly, the Court must dismiss the cause of action against the individual Defendants because individual Defendants acting in their official capacities cannot be held liable for Section 1983 violations because they are not "person: within the meaning of the statute.

Thus, Plaintiff's claim for Section 1983 against the individual Defendants must be dismissed without leave to amend.

      **b.** **Plaintiff's Section 1983 Claims Against the Individual Defendants Fail Because Plaintiff Fails to Allege That the Individual Defendants Violated Her Constitutional Rights.**

Plaintiff's Complaint contains absolutely no factual allegation that any of the named individual defendants violated her constitutional rights. (Complaint ¶¶ 15-26). Plaintiff's allegation that she was terminated is not sufficient; she does not even allege facts showing that the termination was wrongful. Further, she has not alleged any facts that this termination deprived her of her constitutional rights. (Complaint ¶ 20).

Thus, Plaintiff's claim for Section 1983 against the individual Defendants must be dismissed without leave to amend.

      **c.** **Plaintiff's Section 1983 Claims Against the Individual Defendants Fail Because the Individual Defendants Are Entitled to Qualified Immunity.**

The defense of qualified immunity protects "governmental officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald* 457

- 7 -

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Thus, when the rules are not sufficiently established so as to put government officials on notice, courts have not hesitated to extend the protection of qualified immunity from suit. *Anderson v. Creighton*, 483 U.S. 635, 639-640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

Moreover, since qualified immunity is "an *immunity from suit* rather than a mere defense to liability," immunity issues should be resolved as soon as possible. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *see also Harlow, supra* at 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396; *Hunter v. Bryant* 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) ["immunity ordinarily should be decided by the court long before trial."].).

In suits against public officials, the plaintiff shoulders the burden of proving that the rights she claims are *clearly established*. *Brewster v. Board of Education,* 149 F.3d 971, 977 (9th Cir. 1998) [quoting from *Davis v. Scherer* 468 U.S. 183, 197, 104 S.Ct. 3012 (1984), emphasis added.].) In describing the meaning of a "clearly established" right, the Supreme Court has said:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing laws the unlawfulness must be apparent. *Anderson, supra*, at 640, 107 S.Ct. 3034 (1987).

As noted above, the only individual defendants who are specifically identified as committing an act are Defendants Burns and Naffah (who allegedly terminated Plaintiff). (Complaint ¶ 20.) However, Defendants Burns and Naffah are entitled to qualified immunity for this decision since they could reasonably believe that there were legitimate reasons to terminate Plaintiff's employment. As the Ninth Circuit explained in *Sloman v. Tadlock*, 21 F.3d 1462) (9th Cir. 1994),

> First, *officials should be shielded from liability for reasonable exercises of judgment in the execution of their duties, even when their conduct is ultimately shown to have been unconstitutional.* [citation] Second, shielding officials from personal liability for reasonable exercises of discretion will help prevent the "deterrence of able people from public service." *Id.* at 1468, Emphasis added [citing *Harlow, supra,* at 814, 102 S.Ct. 2727, 73 L.Ed.2d 396].

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

Further, when a right guaranteed by the First Amendment is alleged to have been violated, the law regarding public-employees' free speech claims will "*rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity under Harlow and its progeny.*" *Marlow v. Washington,* 147 F.3d 839, 847 (9th Cir.1998), [emphasis added].

Thus, since defendants Burns and Naffah's termination of Plaintiff pertains to their reasonable exercise of discretion, they are entitled to qualified immunity and Plaintiff's claim against the individual Defendants must be dismissed.

### 3.  Plaintiff Fails to State Any Facts to Establish Claims for Violation of the First and Fourth Amendments Against All Defendants.

Plaintiff's first claim also cites violation of the First and Fourth Amendments. (Complaint, pg. 4:9-11).

However, Plaintiff fails to allege any facts whatsoever to establish that her right to free speech was in some way impeded by the Defendants. (Complaint, ¶¶ 15-26). Plaintiff also fails to allege any facts whatsoever to establish a claim that she was subjected to an unreasonable search or seizure. (Complaint, ¶¶ 15-26). The Court should not accept Plaintiff's mere conclusory allegations in the caption of her first claim that the acts complained of in paragraphs 15-26 of the Complaint rise to the level of stating claims for violation of the First and Fourth Amendments.

Thus, Plaintiff's claim against City and the individual Defendants for violation of the First and Fourth Amendments must be dismissed for failure to state facts alleging a sufficient claim.

## D.  This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim for Violation of the False Claims Act

### 1.  Plaintiff's Failure to Follow Qui Tam Procedures Mandates That This Claim Be Dismissed.

According to Section 3730 of the False Claims Act ("FCA"), a "qui tam" claim must contain the following procedural requirements: (1) the action must be brought in the name of the government; (2) the complaint must be filed *in camera* and under seal; (3) the plaintiff must serve a copy of the complaint and a written disclosure of all material evidence on the government; and (4) the complaint shall not be served on the defendant until the court so orders. 31 U.S.C. § 3730.

(See *White v. Apollo Group*, 241 F.Supp.2d 710, 714 (2003), where court held that plaintiff's action had to be dismissed because plaintiff failed to follow the basic procedural requirements for filing a qui tam action).

Here, Plaintiff has failed to plead that she procedurally complied with the strict requirements of Section 3730. Plaintiff has not pled that she brought her action in the name of the government, Plaintiff has not pled that she filed her complaint *in camera* and under seal, Plaintiff has not pled that she served a copy of the complaint and a written disclosure of all material evidence on the government, and Plaintiff has not pled that she waited for an Order from this Court to serve the Complaint.

Accordingly, this claim must be dismissed because this court lacks subject matter jurisdiction since Plaintiff has failed to comply with the rigid requirements of qui tam claims under the False Claims Act.

2. **Plaintiff Has Not Properly Alleged That She Made a Public Disclosure.**

A public disclosure occurs when information has been disseminated through "a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media." 31 U.S.C. § 3730(e)(4)(A).

Where no "public disclosure" has been made, there is no jurisdiction. *United States* ex rel. *Fine v. Advanced Sciences, Inc.,* 99 F.3d 1000, 1004 (10th Cir.1996); *United States* ex rel. *Springfield Terminal Ry. v. Quinn,* 14 F.3d 645, 651 (D.C.Cir.1994); *Cooper v. Blue Cross and Blue Shield,* 19 F.3d 562, 565 n. 4 (11th Cir.1994). Although the FCA was designed to encourage corporate whistleblowers, a "relator must be a true whistleblower." *United States* ex rel. *Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1035 (6th Cir.1994). A party is unable to pursue the suit and collect a percentage of the recovery if the case is based upon information that has previously been made public or if the claim has already been filed by another. *Id.*

Here, Plaintiff fails to plead sufficient facts establishing that a proper public disclosure was made prior to initiating this suit. Thus, Plaintiff's claim must be dismissed because this court

- 10 -   NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

lacks subject matter jurisdiction.

### 3. Plaintiff Has Not Properly Alleged That She Was the Original Source of Any Disclosures Made.

In construing the term "original source," some courts have "impose[d] a conjunctive requirement-direct and independent-on qui tam plaintiffs." *United States* ex rel. *Springfield Terminal Ry. v. Quinn*, 14 F.3d 645, 656 (D.C.Cir.1994); *United States* ex rel. *Stinson v. Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir.1991); *United States* ex rel. *Dick v. Long Island Lighting Co.*, 912 F.2d 13, 16 (2d Cir.1990); *Houck v. Folding Carton Admin. Comm.*, 881 F.2d 494, 505 (7th Cir.1989), *cert. denied*, 494 U.S. 1027, 110 S.Ct. 1471, 108 L.Ed.2d 609 (1990).

The 9th Circuit adopted a similar construction in *Wang v. FMC Corp.*, 975 F.2d 1412, 1418 (9th Cir.1992). In *Wang,* the court concluded that the relator had direct and independent knowledge of the alleged fraud, but because someone else publicly disclosed the alleged fraud first, the relator was barred from bringing suit. *Id.* at 1417-18. "To bring a qui tam suit, one must have had a hand in the public disclosure of allegations that are a part of one's suit." *Id.* at 1418. Under this interpretation, one who discloses an allegation directly or indirectly by reporting it to the government or the media is an original source. *Id.* at 1419. The court reasoned:

> If, however, someone republishes an allegation that already has been publicly disclosed, he cannot bring a qui tam suit even if he has "direct and independent knowledge" of the fraud. He is no "whistleblower." A "whistleblower" sounds the alarm; he does not echo it. The Act rewards those brave enough to speak in the face of a "conspiracy of silence" and not their mimics.
> *Id.* (citing S. Rep. NO. 345, 99th Cong., 2d Sess. at 6, *reprinted in* 1986 U.S.C.C.A.N. 5271).

Here, Plaintiff fails to plead sufficient facts establishing that she is the original source of the information disclosed. Thus, Plaintiff's claim must be dismissed because this court lacks subject matter jurisdiction.

### E. Plaintiff Fails to State Sufficient Facts to Constitute a Claim for False Claims Act.

#### 1. The Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim Because Liability Does Not Attach to Them As Individuals or in Their Official Capacities.

Plaintiff's claims against Defendants as individuals must be dismissed as Defendants do

- 11 -

NOTICE OF MOTION AND MOTION TO DISMISS
[FRCP 12(B)(1),(6)], CASE NO. CV 08-01395 MEJ

not fall within the definition of "employer," as required by the statute, while acting in their individual capacities. *See Wilkins* ex rel. *United States v. Ohio,* 885 F.Supp. 1055 (S.D.Ohio 1995)); *United States* ex rel. *Lamar v. Burke,* 894 F.Supp. 1345 (E.D.Mo.1995); *Clemes v. Del Norte County United School Dist.,* No. C-93-1912, 1996 WL 331096, at *7, n. 6, (N.D.Cal. May 28, 1996). Additionally, the claims for monetary relief against Defendants in their official capacities must be dismissed as the 11th Amendment bars such claims. *See Hudson v. City of New Orleans,* 174 F.3d 677, 680 (5th Cir.1999) (for purposes of 11th Amendment immunity to suit in federal court, courts do not distinguish between suits brought against a state entity and suits brought against that entity's officers except when a plaintiff seeks prospective relief against an officer in his official capacity); *see also United States* ex rel. *Foulds v. Texas Tech University,* 171 F.3d 279 (5th Cir.1999) (11th Amendment protections apply to claims brought under the False Claims Act).

Plaintiff is only allowed to seek injunctive relief against the individual Defendants in their official capacities, but Plaintiff fails to do so.

Thus, Plaintiff's claim for False Claims Act against the individual Defendants must be dismissed because liability does not attach to them as individuals, and monetary relief cannot be sought against them in their official capacities.

### 2. The City and Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim.

A claim for illegal retaliation under Section 3730(h) requires a plaintiff to show "(1) the employee engaged in conduct protected under the FCA; (2) the employer knew that the employee was engaged in such conduct; and (3) the employer discharged, discriminated against or otherwise retaliated against the employee because of the protected conduct." *United States* ex rel. *Smith v. Yale Univ.,* 415 F.Supp.2d 58, 102 (D.Conn.2006). The inquiry as to whether an employee engaged in protected conduct involves determining whether an employee's actions sufficiently furthered an action filed or to be filed under the FCA, and, thus, equated to "protected conduct." *Hutchins v. Wilentz,* 253 F.3d 176, 187 (3d Cir.2001) (quoting *McKenzie v. BellSouth Telecomm., Inc.,* 219 F.3d 508, 515 (6th Cir.2000)).

Here, Plaintiff fails to plead that the Defendants had any knowledge whatsoever that Plaintiff was engaged in conduct protected under the False Claims Act. In addition, Plaintiff fails to plead that she was terminated and/or retaliated against for engaging in said alleged protected conduct (making complaints to the IRS). Plaintiff merely makes a conclusory statement that she was wrongfully terminated without developing a causal link between her activities and her termination. (Complaint, ¶ 20). Such conclusions are not sufficient to sustain claims against the Defendants.

Thus, Plaintiff's claim for False Claims Act must be dismissed for failure to state a claim against the Defendants

### IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that their motion to dismiss for lack of jurisdiction and failure to state a claim be granted in its entirety without leave to amend.

Dated: April 21, 2008                     LIEBERT CASSIDY WHITMORE

By: _____
Morin I. Jacob,
Attorneys for Defendants
CITY OF CRESCENT CITY;
DENNIS BURNS; ELI NAFFAH;
MIKE SCAVUZZO

57845.3 CR015-004

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 153 Townsend Street, Suite 520, San Francisco, California 94107.

On the date set forth below, I served the within:

**NOTICE OF MOTION AND MOTION TO DISMISS [FRCP 12(B)(1), (6)]**

on the following interested party(s) in this action:

Abraham N. Goldman
ABRAHAM N. GOLDMAN & ASSOCIATES
P.O. Box 120
12896 Rices Crossing Road
Oregon House, CA 95962-0120
Phone: (530) 692-2267

☒  **VIA OVERNIGHT MAIL/COURIER – CCP §1013(c):**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare under penalty of perjury that the foregoing is true and correct and of my personal knowledge.

Executed at San Francisco, California on April 21, 2008.

_____
[Ann Katz]

59126.1 CR015-004                                - 1 -

NOTICE OF MOTION AND MOTION TO DISMISS [FRCP 12(B)(1), (6)]