1  Abraham N. Goldman/Cal. State Bar #102080
   David Springfield/Cal. State Bar #226630
2  ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
   Post Office Box 120
3  12896 Rices Crossing Road
   Oregon House, CA 95962-0120
4  Tel.:  (530) 692-2267
   Fax:  (530) 692-2543
5  E-mail:   agoldman@succeed.net    davids@succeed.net

6  Attorneys for Plaintiff
   JOEI LYN SANCHES
7

8              **UNITED STATES DISTRICT COURT**
9             **NORTHERN DISTRICT OF CALIFORNIA**
10

11 JOEI LYN SANCHES,                    )  Case  No. CV 08 1395 MEJ
                                        )
12             Plaintiff,               )  **NOTICE OF INTENT**
                                        )  **TO FILE AMENDED**
13 v.                                   )  **COMPLAINT**
                                        )
14                                      )
                                        )
15 CITY OF CRESCENT CITY, et al.        )
                Defendants.             )
16 _____  )
17

18      1.  This Notice is intended to inform the Court and all parties that pursuant

19 to F.R.C.P. Rule 15(a), plaintiff intends to file an Amended Complaint on or before

20 May 14, 2008, which will moot defendants' pending Motion to Dismiss currently

21 set for May 29, 2008 at 8:30 a.m.

22      2.  The Amended Complaint will address certain issues raised in defendants'

23 Motion to Dismiss.

24      3.  The Amended Complaint will also add a number of pendant State law

25 claims which were not ripe at the time this action was originally filed and could not

26 have been made part of the original Complaint because of the pendency of the

27 government claim notice duly served upon the City of Crescent City on February

28 27, 2008, a copy of which is attached to the Declaration of Abraham N. Goldman,

NOTICE OF INTENT TO FILE AMENDED COMPLAINT          1

1 | attached hereto.

2 |     4. The Amended Complaint could not have been filed sooner because the

3 | City of Crescent City, to this date, has not responded or acknowledged the

4 | government claim notice. Accordingly, by operation of law, the claims are deemed

5 | denied, and it is now timely to add them to this action via an Amended Complaint.

6 |     5. In addition, since the filing of the original Complaint, one of the Doe

7 | defendants has been identified, and additional substantive allegations will be made

8 | regarding that new defendant and related issues previously alleged.

9 |     6. The Amended Complaint will be filed pursuant to F.R.C.P. Rule 15 (a),

10 | which gives plaintiff an absolute right to file an amended complaint before

11 | defendants have served an Answer.

12 |     7. Additional factors relating to the timing of the filing and service of this

13 | notice are set forth in the attached Declaration of Abraham N. Goldman.

14 | Respectfully submitted,

15 |                                           ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

16 | Dated: May 13, 2008       **/S/ Abraham N. Goldman**

17 | 

18 |                                       Abraham N. Goldman, Attorney for Plaintiff<br>David Springfield, Attorney for Plaintiff

19 | 

20 | 

21 | 

22 | 

23 | 

24 | 

25 | 

26 | 

27 | 

28 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF INTENT TO FILE AMENDED COMPLAINT**

3

<u>DECLARATION OF ABRAHAM N. GOLDMAN</u>

1.  I am plaintiff's attorney in this action.  The statements set forth below are all based upon my personal knowledge.

2.  Since this matter was filed on March 11, 2008, it was my intention to file an Amended Complaint when the time was appropriate.

3.  After defendants filed their Motion to Dismiss on or about April 21, 2008, I had intended to inform the Court and the parties of my intention to file an amended complaint pursuant to the provisions of F.R.C.P. Rule 15(a) giving plaintiff an absolute right to file an Amended Complaint before an Answer is filed, prior to the time for filing plaintiff's Reply to defendants' Motion to Dismiss.

4.  On April 22, 2008, I had surgery at St. Vincent's Hospital in Los Angeles, California for a second cochlear implant.  I have been recuperating since then.  The recuperation period has been extended and is more complex than anticipated, given that this is my second implant and essentially both my left and right inner ears have been replaced by bionic devices.

5.  Since the time of initial filing, plaintiff's state law claims have now become ripe.  The City of Crescent City has never acknowledged or replied to the attached Notice of government claim.  Sufficient time has elapsed that the claims are now deemed denied.

6.  In addition, since the time of filing, additional investigation has uncovered adequate cause to add as a named defendant, City of Crescent City Chief of Police Plack, and additional allegations to supplement the original Complaint involving Chief Plack's activity and co-conspiratorial conduct with the other defendants in the retaliation against plaintiff previously alleged, and other violations of her constitutional and state law rights.

7.  These facts were not known until on or about the time of my surgery of April 22, 2008, and could not have been added to the Amended Complaint until now.

8.  Attached to this Declaration is a true and exact copy of the notice of claim which was filed with the City of Crescent City on February 27, 2008.  To my knowledge, the City of Crescent City has never responded or even acknowledged this claim, and by the passage of time it is now deemed denied.

***Declaration of Abraham N. Goldman***
Attachment to *Notice of Intent to File Amended Complaint*
<u>*Sanches v. City of Crescent City, et al.*</u> USCAND Case No. cv-08-1395-MEJ
- 1 -

I certify under PENALTY OF PERJURY under the laws of the United States of America that the foregoing is based upon my personal knowledge, and all statements above are true and correct.

Dated:  May 13, 2008                    By:    /S/ Abraham N. Goldman
                                               ABRAHAM N. GOLDMAN

*Declaration of Abraham N. Goldman*
Attachment to *Notice of Intent to File Amended Complaint*
*Sanches v. City of Crescent City, et al.* USCAND Case No. cv-08-1395-MEJ
- 2 -

<table>
<tr><td>

File With<br>
Office of City Clerk<br>
City of Crescent City<br>
377 J Street<br>
Crescent City, CA 95531

</td><td>

**CLAIM FOR MONEY OR DAMAGES<br>
AGAINST<br>
*THE CITY OF CRESCENT CITY***

</td><td>

RESERVE FOR FILING STAMP — RECEIVED<br>
CLAIM NO. _____<br>
FEB 27 2008<br>
CITY OF CRESCENT CITY

</td></tr>
</table>

A claim must be presented to a public agency, as required by the Government Code of the State of California, Section 910.
Before completing this form, please read the attached instructions. You must complete each section of this form or your claim
may be returned to you as insufficient.

If additional space is needed to provide your information, please attach sheets, identifying the paragraph(s) being answered.

1. **Name and address of the claimant:**

Name of Claimant:       Joei Lyn Sanches                    Date of Birth: 09-23-1976
Address: PO Box 1575
Crescent City, CA 95531

2. **Address to which the person presenting the claim desires notice to be sent:**

Name of Addressee:       Abraham N. Goldman          Telephone:  (530) 692-2267
Address:   P.O. Box 120, 12896 Rices Crossing Road, Oregon House, CA 95962
FAX: (530) 692-2543; e-mail: agoldman@succeed.net

3. **The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted:**

Date of Occurrence:  Multiple Claims.  See attachment 1 for explanation.          Time of Occurrence:
Location:
Circumstances giving rise to this claim:

4. **General description of the indebtedness, obligation, injury, damage or loss incurred so far it may be known at the time of the
presentation of the claim. What specific damage or injury are you claiming?**

Multiple Claims.  See attachment 1 for explanation.



EXHIBIT
1

**5. The name or names of the public employee or employees causing the injury, damage or loss, if known.**

Multiple Claims. See attachment 1 for explanation.

**6. Was the Police Department or other law enforcement agency contacted? If yes, please provide a police report number and name of agency.**

| [x] Yes | [ ] No | 2007080726 | | City of Crescent City |
|---------|--------|------------|--|----------------------|
| Yes | No | **Police Report No.** | | **Name of Agency** |

**7. Names and addresses of all witnesses, hospitals, doctors, or other individuals having knowledge relevant to the claim:**

See Appendix.

**8. In auto accident, please complete the following:**

Not Applicable

Claimant's Vehicle License No.                    Year/Make/Model

City's Vehicle License No.                         Year/Make/Model

**9. If amount claimed totals less than $10,000:** The amount claimed, if less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis computation of the amount claimed.

Amount Claimed and basis for computation: Not Applicable

**If amount claimed exceeds $10,000:** The amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case. A limited civil case is one where the recovery sought, exclusive of attorney fees, interest and court costs does not exceed $25,000. A unlimited civil case is

| [ ] Limited Civil Case | [x] Unlimited Civil Case |
|------------------------|---------------------------|

**Warning:** Presentation of a false claim is a felony (Penal Code section 72). Pursuant to CCP section 1028, the City/Agency may seek to recover all costs of defense in the event an action is filed which is later determined not to have been brought in good faith and with reasonable cause. I declare under penalty or perjury that the foregoing is true and correct. Please sign bellow.

_Signature_                                        2/27/2008

**Signature**                                      **Date**

**ATTACHMENT 1**
**TO CLAIM BY JOEI LYN SANCHES AGAINST**
**THE CITY OF CRESCENT CITY**
**AND CERTAIN EMPLOYEES AND DOES 1-100**

**Response to Items 3, 4, 5**

As currently known, Claimant has various claims against the City, several known employees, and DOES 1-100, based upon several sets of facts, legal theories and injuries/ damages. These facts are at times separate, and at times overlap. Plaintiff believes that many facts and the identity of many actors in these matters have been hidden from her, are currently unknown, and could not be discovered by this time through the use of reasonable diligence, and reserves the right to amend this Complaint. This may be especially true of currently unknown details of defamations. Claimant also believes and asserts that one or more participants in each of these known and unknown acts and omissions were conspirators with each other, and or DOES 1-100.

**FIRST CLAIM**
**BREACH OF CONTRACT**

Date of Occurrence:  On or about September 25, 2007

Location:  Crescent City, City Hall, and possibly other unknown occasions.

1.    Circumstances Giving Rise to This Claim:

Claimant was induced to work for Crescent City as Crescent City Director of Finance by being offered a written contract of employment, Attachment 2. This contract was breached on or about September 25, 2007 when Crescent City terminated Claimant, prior to the term of the Services Period and/or without following the provisions set forth in Crescent City's Municipal Code, Appendix A, Section 8-220, as in effect at that time. The termination was arbitrary, unilateral, without cause, and did not follow Section 8-220, and was in bad faith and breached the covenant of good faith and fair dealing.

2.    General Description of Injury and Specific Damage

Claimant's contract (Attachment 2) was for one year, from April 4, 2007 to April 4, 2008, with two-year renewals. Claimant claims she is due her salary and benefits from

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

September 25, 2007 to April 4, 2008, and also for one two-year extension, from April 4, 2008 to April 4, 2010.

3.    Names of City Employees Causing Damage, as Known

As currently known and believed:

a)  Mayor Dennis Burns;
b)  City Manager Eli Naffah
c)  City Council Member Scavuzzo
d)  City Council, some or all members
e)  DOES 1-100

**SECOND CLAIM**
**INDUCING EMPLOYEE TO MOVE**
**LABOR CODE SECTION 970**

Date of Occurrence:  On or about April 4, 2007

Location:  Crescent City, California

1.    Circumstances Giving Rise to Claim:

The City of Crescent City, in verbal negotiations before April 4, 2007, in the April 4, 2007 Employment Agreement (Attachment 2), and in Claimant's Job Description, made representations as to Claimant's authority, autonomy and job security, as an inducement for her to move her entire family to Crescent City.  The representations by the City and others, known and as yet unknown, were false, as to the nature of Claimant's job, authority and autonomy; the length of time of the job, and the existence of labor disputes affecting Claimant's work or disputes between the City of Crescent City and persons previously engaged in the work for which Claimant was being sought, including but not limited to, the subjects of illegal housing allowances, unreported income, and purported pensions for the City Manager and City Council members.

2.    General Description of Injury and Specific Damages

All costs and expenses of moving, general damages and emotional distress, special damages as set forth in the First Claim, loss of opportunity damages, loss of reputation, and double damages pursuant to Labor Code Section 972, all against any person or agent as

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

- 2 -

defined by Labor Code Section 972, plus punitive damages, as allowed, against responsible individuals.

3.    The Names of Public Employees Causing Injury, As Currently Known

    a) Mayor Dennis Burns;
    b) City Manager Eli Naffah
    c) City Council Member Scavuzzo
    d) City Council, some or all members
    e) DOES 1-100

**THIRD CLAIM**
**WRONGFUL TERMINATION – ALL CALIFORNIA STATUTORY**
**AND COMMON LAW THEORIES**

Date of Occurrence:  On or about September 25, 2007

Location:  Crescent City, City Hall

1.    Circumstances Giving Rise to Claim:

    1.    Between April 4, 2007 and September 25, 2007, the City, and its agents and employees gave directions to Claimant to act in an unlawful fashion on multiple occasions regarding matters of City finances and other public business, or which would result in violations of State or Federal statutes, regulations and/or rules.

    2.    Claimant reported to her superiors and other managing agents of Crescent City, including the Mayor, City Manager, City Attorney and the City Council, during this time period, numerous violations or non-compliance with State and Federal laws, regulations, and rules, what was needed to be in compliance, and Claimant took all measures to be in compliance that Claimant could or was allowed to accomplish or perform;

    3.    Crescent City made and enforced rules preventing Claimant from attempting to report these violations or non-compliances with State and/or Federal law.

    4.    Crescent City and the persons set forth below retaliated against Claimant by terminating her, and by acts of defamation, fraud, harassment, and invasion of privacy, described in the Fourth Claim.

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

5. The acts and omissions of Crescent City and known and unknown agents and employees, set forth above, and in the Fourth Claim, violated Labor Code Section 1102.5 – 1105, the California Constitution, Article I, Labor Code Section 2856, Labor Code Section 98.6, and the Crescent City Municipal Code, among other laws, regulations and rules, and the common law of tortuous termination in violation of public policy.

2.   General Description of Injury and Specific Damages

General damages and emotional distress, special damages as set forth in the First Claim, loss of reputation, punitive damages, as allowed, against any person or agent, and all damages and relief available under Labor Code Section 98.6.

3.   The Names of Public Employees Causing Injury, As Currently Known

    a)   Mayor Dennis Burns;
    b)   City Manager Eli Naffah
    c)   City Council Member Scavuzzo
    d)   City Council, some or all members
    e)   City Attorney Robert Black
    f)   DOES 1-100

**FOURTH CLAIM**
**FALSE ARREST, DEFAMATION, INVASION OF PRIVACY,**
**HARASSMENT, FALSE LIGHT, INTENTIONAL**
**AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Date of Occurrence:   Continuing violations and acts and omissions furthering conspiracy between June, 2007, to date.

Location:  Crescent City, California

1.   Circumstances Giving Rise to Claim, as Currently Known:

Upon information and belief, when Claimant refused to undertake the illegal actions described above, and other actions not detailed here, when Claimant insisted on compliance, took compliance actions, and reported to government agencies, first as a private citizen and also separately, as a public employee, the City and its agents and employees and the

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

- 4 -

individuals named below, and/or DOES 1-100, began a scheme and campaign of retaliation, defamation, harassment, and intentional and negligent infliction of emotional distress against plaintiff, which includes, but is not limited to, as currently known:

1.    On or about July 16, 2007, City Councilor Mike Scavuzzo harassed Claimant for purchasing furniture to comply with ADA and FEHA requirements for accommodating Claimant's disability:

2.    On or about August 29, 2007, plaintiff was involved in a motor vehicle accident, which upon information and belief was used by Crescent City to harass Claimant:

    a)    At the direction of the Crescent City Chief of Police, by creating false police reports;

    b)    Obtaining false witness statements, falsely accusing Claimant as being at fault;

    c)    Sending Claimant a false and unfounded demand to reimburse Crescent City for damages to a City vehicle.

3.    On or about September 18, 2007, harassing Claimant and causing Claimant to be arrested as a result of her disability, and attempted to influence the Del Norte County District Attorney to press charges;

4.    Injuring Claimant's reputation by false and malicious and/or reckless statements about Claimant's job performance and professional abilities to the Crescent City newspaper, The Daily Triplicate, and false reasons for Claimant's termination, which were published, which falsely stated or implied that Claimant was terminated because she did not perform her job and did not meet the standards of Claimant's position.

5.    On or about November 20, 2007 the City, through its acting City Attorney Robert Black, falsely, maliciously and/or recklessly accused and defamed Claimant with charges of self-dealing, conflict of interest, malfeasance, and unprofessional and, upon information and belief, illegal conduct.

6.    On or about October, 2007, upon information and belief, City employees were ordered to shun Claimant and not speak to plaintiff as a private citizen, depriving her of access to the rights and privileges of a citizen of Crescent City.

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

7.     On or about December, 2007, the City falsely and intentionally and/or willfully and/or recklessly impersonated plaintiff and falsely and fraudulently used her name in an attempt to withdraw funds from a financial institution.

8.     At various times, unknown to Claimant, from approximately September, 2007 to the current time, the false and malicious and/or intentional and/or willful and/or reckless and/or negligent misrepresentations as to Claimant's job performance, professional abilities and/or involvement in criminal activity were widely republished, publicly and privately, throughout Crescent City and Del Norte County.

2.     <u>General Description of Injury and Specific Damages</u>

General damages and emotional distress, special damages as set forth in the First Claim, loss of reputation, presumed damages for defamation, and punitive damages, as allowed, against any person or agent.

3.     <u>The Names of Public Employees Causing Injury, As Currently Known</u>

a)  Mayor Dennis Burns;
b)  City Manager Eli Naffah
c)  City Council Member Scavuzzo
d)  City Council, some or all members
e)  City Attorney Robert Black
f)  DOES 1-100

//
//
//
//
//
//
//
//
//

**ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES**

### *APPENDIX*
### TO CLAIM BY JOEI LYN SANCHES AGAINST
### CITY OF CRESCENT CITY
### AND CERTAIN EMPLOYEES AND DOES 1-100

### NAMES AND ADDRESSES OF RELEVANT WITNESSES

1.    Each member of the City Council of Crescent City from January 1, 2007 to date:

    a)   Mike Scavuzzo

    1127 Pebble Beach Drive, Crescent City, CA 95531

    b)   Irene Tynes

    377 J Street, Crescent City CA 95531

    c)   Kelly Schellong

    377 J Street, Crescent City, CA 95531

    d)   Dennis Burns

    238 4th Street, Crescent City, CA 95531

    e)   Richard Enea

    377 J Street, Crescent City, CA 95531

    f)   Michael O' Conner, CPA

    1000 Fourth Street, Suite 40O, San Rafael, CA 94901

    g)   Carol Leuthold, CPA

    159 CLUB DR CRESCENT CITY 95531

2.    Mayor Dennis Burns

    377 J Street, Crescent City, CA 95531

3.    City Manager Eli Naffah

    377 J Street, Crescent City, CA 95531

4.    Acting City Attorney Robert Black

    831 5th Street, Crescent City, CA 95531

5.    City Housing Director Susie Mendez

    235 H Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEI L. SANCHES**

- 1 -

6.　　Brigit Lacey

　　　　777 G Street, Crescent City  CA 95531 or 377 J Street, Crescent City, CA 95531

7.　　Edward Erickson

　　　　Unknown

8.　　U.S. Internal Revenue Service

　　　　1111 Constitution Ave. NW IR-6406, Washington, DC 20224

9.　　Law Firm of Richards, Watson and Gershon

　　　　44 Montgromery Street, Suite 3800, San Francisco CA 94104

10.　　Laura Haban

　　　　377 J Street, Crescent City, CA 95531

11.　　John Cochrane

　　　　377 J Street, Crescent City, CA 95531

12.　　Fritz Ludemann

　　　　377 J Street, Crescent City, CA 95531

13.　　Matthew Hillebrant

　　　　377 J Street, Crescent City, CA 95531

14.　　City Attorney, Thomas French

　　　　1607 Freeman Street, Crescent City, CA 95531

15.　　Deborah Snodgrass

　　　　2265 Holben Road, Crescent City CA 95531

16.　　California Attorney General

　　　　Public Inquiry Unit, PO Box 944255, Sacramento, CA 94244-2550

17.　　Del Norte County District Attorney,

　　　　Michael Riese

　　　　450 H Street, Crescent City, CA 95531

18.　　James Barnts

　　　　377 J Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEI L. SANCHES**

19.    County of Del Norte

Mr. Perry, County Engineer

981 H Street, Suite 110, Crescent City, CA 95531

20.    THE DAILY TRIPLICATE

312 H Street, Crescent City, CA 95531

21.    Cameron Dewey

100 E. Cypress Ave # 100, Redding CA 96002

22.    Crescent City Chief of Police Doug Plake

686 G Street, Crescent City, CA 95531

23.    Officer Eric Capon

Officer Eric Apperson

Officers 1- 10 Does:

686 G Street, Crescent City CA 95531

24.    Dianne Nickerson, City Clerk

377 J Street, Crescent City, CA 95531

25.    Eileen Cooper

1093 Hwy 101 N #18, Crescent City, CA 95531

26.    Steve Sanches

1229 Jaccard Street, Crescent City, CA 95531

27.    Dohn Henion

981 H Street, Suite 110, Crescent City, CA 95531

28.    Susan White

344 Pebble Beach Drive, Crescent City, CA 95531

29.    Protective Life Insurance

2801 Highway 280 South, Birmingham, AL  35223

30.    Cheryl, Edward Jones

Mike Sullivan, Edward Jones

836 3rd Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEL L. SANCHES**

- 3 -

31. Deborah Snodgrass, Payroll Administrator

   377 J Street, Crescent City, CA 95531

32. Elaine, Former City contract Employee

   1201 Dove Street, Suite 680 Newport Beach, CA 92660

33. Nick Grube

   THE DAILY TRIPLICATE

   312 H Street, Crescent City, CA 95531

34. Business District Committee (B.I.D.) Does 1 – 10

   Meeting location: 836 3rd Street, Crescent City, CA 95531

35. Will Capinger, City Planner

   377 J Street, Crescent City, CA 95531

RECEIVED

FEB 27 2008

CITY OF CRESCENT CITY

**ATTACHMENT 2.**

**SANCHES V. CITY OF CRESCENT CITY**

**FILED ON 2-27-2008**

## CITY OF CRESCENT CITY

## EMPLOYMENT AGREEMENT

THIS AGREEMENT, made and entered into this 4th day of April 2007, by and between the City of Crescent City, County of Del Norte, State of California, a municipal corporation, hereinafter called "CITY," and Joei Sanches, hereinafter called Director of Finance, with reference to the following reasons:

1.   To provide inducement for Joei Sanches to be appointed to serve as the Director of Finance.

2.   To make possible full work productivity by assuring morale and peace of mind with respect to future security.

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

1.   DUTIES

CITY agrees to employ Joei Sanches as Director of Finance of said City to perform the various functions and duties specified in the job description attached hereto as Exhibit "A" and fully incorporated here by reference, and to perform other legally-permissible and proper duties and functions as the CITY shall from time to time assign.

2.   TERM

(A.) The term of this Agreement shall initially be for ONE (1) year commencing on April 4, 2007, and terminating on April 4, 2008,

("Services Period"), or as extended ("Continuing Services Period"). The Director of Finance agrees to fulfill a one-year term of employment with CITY prior to any voluntary resignation on her part.

(B.) Nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of CITY to terminate the services of employee at any time prior to the expiration of the Services Period, subject only to the provisions set forth in CITY'S Municipal Code, Appendix A, Section 8-220, as amended from time to time.

(C.)    Nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of the Director of Finance to resign at any time from this position with CITY after the one year term of employment referred to in subparagraph (A.) above, subject to the provisions of this Agreement.

(D.)    In the event the Director of Finance voluntarily resigns this position with CITY, the Director of Finance shall give CITY a minimum of THIRTY (30) days written notice, unless the parties agree otherwise.

(E.)  Said Agreement shall continue thereafter for consecutive TWO (2) year periods ("Continuing Services Period"), unless either party hereto gives at least THIRTY (30) days written notice to the other party, prior to the expiration of the applicable Services Period then in effect, that the party does not wish to extend this Agreement for an additional TWO (2) year term.  If CITY elects to terminate the Agreement, CITY will pay the Director of Finance a severance pay equaling TWO (2) months of base salary.

## 3.  SALARY

CITY agrees to pay the Director of Finance for services rendered a base annual salary of Fifty Seven Thousand and no/100 Dollars ($57,000.00), payable in installments at the same pay periods as other employees of CITY are paid.

## 4.  BENEFITS

The Director of Finance shall receive the employee base benefits specified in that certain Memorandum of Understanding between the City of Crescent City Management Employees' Association, as amended, at Section VIII (Benefits), Paragraph A through Paragraph G, inclusive.  Any increase in these benefits subsequently accorded the Director of Finance in the future shall be subject to the performance evaluation criteria set forth in Paragraph 5 below.

The CITY agrees that the Director of Finance shall receive FORTY (40) hours of administrative leave for each fiscal year as reimbursement for attending evening and weekend meetings, and other events requiring City's representation.  Such administrative leave shall not carry forward from year to year or be compensated for in any manner.  Upon the termination of the Director of Finance such leave shall not be compensated for in any manner.

The CITY also agrees that the Director of Finance shall receive, up to but not to exceed, FORTY (40) hours of paid leave as relocation assistance to provide

sufficient time to relocate to Crescent City.    The relocation leave is a one-time occurrence only.

5.  PERFORMANCE EVALUATION

(A.)  Annually, the CITY and the Director of Finance shall define such goals and performance objectives as they may determine necessary for the proper operation of the Department in the attainment of the City Council's policy objectives; and the City Manager and the Director of Finance shall further establish a relative priority among those various goals and objectives.    This evaluation shall be obtainable generally within the time limits as specified in the operating and capital budgets and appropriations provided.

(B.)    The Director of Finance shall annually prepare a comprehensive report on the activities of the Finance Department to be presented to the City Manager by April 1st.    This report will include such items as activity, accomplishments and concerns of the Department, organizational review and any specific recommendations to increase the efficiency or quality of service of the Department.    Any recommendations requiring additional financial expenditures shall include justification and proposed revenue sources to support the proposal.

(C.)  CITY MANAGER shall review and evaluate the performance of the Director of Finance at six months from the date of this Agreement.

(D.)  CITY MANAGER shall review and evaluate the performance of the Director of Finance at least once annually.

(E.)    In recognition of accomplishments and objectives, and excellent performance, a merit increase may, in CITY's sole discretion, be granted the Director of Finance.

## 6.  HOURS OF WORK

The Director of Finance shall devote her full work time to the duties and responsibilities of the position, and any additional work time reasonably required to discharge the duties and functions as assigned, at the direction of the City Manager, and the City's job description (Exhibit "A"). The Director of Finance may not be engaged in other employment without the specific written authorization of the City during the Services Period.

## 7.  PROFESSIONAL DEVELOPMENT

(A)    CITY agrees to pay for professional fees, dues, and subscriptions on behalf of the Director of Finance which are reasonably necessary to her continuation and participation in organizations necessary and desirable for her continued professional growth and advancement, including the California Municipal Treasurers Association, for the good of CITY, and at the discretion of the City.

(B.)  CITY agrees to budget and pay the travel and subsistence expenses of the Director of Finance for official travel, meetings, and occasions reasonably adequate to continue the professional development of employee, and to

reasonably pursue necessary official or other functions for the CITY at the sole, absolute, and arbitrary discretion of the City Manager.

(C.)    CITY agrees to pay for continuing education and training to keep the Director of Finance CGFM (Certified Government Finance Manager), CPFO (Certified Public Finance Officer), and CMT (California Municipal Treasurers) certifications in current status.

8.    LIABILITY

CITY agrees to indemnify, hold harmless, and defend at its expense the Director of Finance from any and all claims, actions, losses, damages, charges, expenses, or attorney's fees to which the Director of Finance may be subject to, arising out of, or resulting from, the performance of her duties hereunder, excepting therefrom criminal acts or gross negligence.    Notwithstanding the foregoing, CITY'S obligation under this section shall not apply to any punitive or exemplary damages which may be awarded by a court against the Director of Finance.

9.    BONDING

CITY shall bear the full cost of any fidelity or other bond required of the Director of Finance under any law or ordinance.

10.   OTHER TERMS AND CONDITIONS

(A.)   CITY may from time to time fix other terms and conditions relating to the performance of the Director of Finance hereunder, provided such terms and conditions are not inconsistent or in conflict with the provisions of this Agreement.

(B.)   The Director of Finance shall perform duties in accordance with all the laws, ordinances, rules and regulations applicable to the position.

(C.)   The entire agreement between the parties with respect to the subject matter hereunder is contained in this Agreement.   Except as herein expressly provided to the contrary, the provisions of this Agreement are for the benefit of the parties solely and not for the benefit of any other person, persons, or legal entities.

(D.)   This Agreement may be amended at any time by mutual agreement of the parties, but any such amendment must be in writing, dated, and signed by the parties and attached hereto.

(E.)   Any failure of a party to insist upon strict compliance with any term, undertaking, or condition of this Agreement shall not be deemed to be a waiver of such term, undertaking, or condition.   To be effective, a waiver must be in writing, signed and dated by the parties.

(F.)   This Agreement shall be governed by and construed in accordance with the laws of the State of California.   The parties agree that venue for any dispute shall be in Del Norte County, California.

(G.)    The Director of Finance acknowledges that she has not been induced to enter into this Agreement by any representation or statements, oral or written, not expressly contained herein or expressly incorporated by reference. CITY makes no representations, warranties or guarantees, expressed or implied, other than expressed representations, warranties, and guarantees contained in this Agreement.

(H.)    All communications regarding this Agreement shall be sent to the CITY at 377 "J" Street, Crescent City, California, 95531, unless the Director of Finance is notified to the contrary in writing.  The Director of Finance shall advise CITY, in writing, of her residence address for the forwarding of any communications regarding this Agreement.  Any written notice hereunder shall become effective as of the date of mailing by registered or certified mail, and shall be deemed sufficiently given if sent to the addresses as stated in this Agreement, or at such other addresses as may hereafter be specified by notice in writing.  In lieu of mailing, written notice shall become effective as of the date it is personally delivered to the addressee.

(I.)    If any provision or portion of this Agreement is held to be unconstitutional, invalid, or unenforceable, the remainder of this Agreement shall be deemed severable, and shall not be affected and shall remain in full force and effect.

Employment Agreement
Director of Finance
April 16, 2007

Dated: _4-17-07_                    **CITY OF CRESCENT CITY**

                                    By: _____
                                        Eli A. Naffah, City Manager

Dated: _4-9-2007_                   **DIRECTOR OF FINANCE**

                                    _____
                                    Joei Sanches

Attest:

_____
L. Dianne Nickerson, City Clerk

9