Abraham N. Goldman/Cal. State Bar #102080
David Springfield/Cal. State Bar #226630
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
Post Office Box 120 / 12896 Rices Crossing Road
Oregon House, CA 95962-0120
Tel.: (530) 692-2267
Fax: (530) 692-2543
E-mail: agoldman@succeed.net   davids@succeed.net

Attorneys for Plaintiff
JOEI LYN SANCHES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOEI LYN SANCHES,** | ) Case No. **CV 08 1395 MEJ** |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| v. | ) **FOR VIOLATION OF CIVIL** |
| | ) **RIGHTS [42 U.S.C. §1983];** |
| **CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH; MIKE SCAVUZZO; DOUGLAS PLACK,** (Formerly DOE No. 1) AND DOES 2 through 100 AND EACH OF THEM, INCLUSIVE, | ) **FALSE CLAIMS ACTS DISCRIMINATION/ RETALIATION [18 U.S.C.§3730] AND SUPPLEMENTAL STATE LAW CLAIMS [18 U.S.C. §1367]** |
| | ) JURY TRIAL DEMANDED |
| **Defendants.** | ) Judge Maria-Elena James |

Plaintiff, JOEI LYN SANCHES ("JOEI"), complains and alleges as follows:

**JURISDICTION**

1. This Court has subject-matter jurisdiction over this federal question action under 28 U.S.C. §1331 and §1343 because it seeks, inter alia, damages under Title 42 U.S.C. §1983 and 1988 for violations of plaintiff's civil rights. This Court also has jurisdiction over plaintiff's False Claims Act claims for retaliation under 28 U.S.C. §1331 and 18 U.S.C. §3730 (h). This Court also has supplemental jurisdiction over plaintiff's State Law Claims under 18 U.S.C. §1367(a). Further, plaintiff has exhausted her State Law remedies, by filing and serving a Notice

**FIRST AMENDED COMPLAINT**

1

of Government Claim with the CITY on February 27, 2008, which was denied by operation of law when it was not responded to after forty-five (45) days.

## VENUE

2. This Court is a proper venue for this action under 28 U.S.C. §1391(b)(2) because the claims alleged herein arose in the County of Del Norte, California, within this District.

## FACTUAL ALLEGATIONS

3. This is a civil rights and False Claims Act complaint with related State Law claims arising from the efforts of plaintiff, JOEI LYN SANCHES, ("JOEI") to investigate, disclose, take action against, and complain about public corruption in the City of Crescent City ("CITY"), between April 2007, and September 2007.

## THE PARTIES

4. During all times mentioned in this Complaint, JOEI, was and is, a United States citizen, residing in Crescent City, California.

5. Between April 4, 2007 and her retaliatory, willful, intentional and wrongful termination on September 25, 2007, JOEI was serving as the Director of Finance of the CITY, pursuant to a written contract which was approved by the CITY and CITY's City Counsel.

6. Defendant CITY OF CRESCENT CITY ("CITY") is a California municipal entity located in this District in Del Norte County.

7. The CITY hired JOEI to be its new Director of Finance by a one-year contract dated April 4, 2007, which was renewable for two two-year periods.

8. Defendant DENNIS BURNS ("BURNS") was the Mayor of the City of Crescent City at all times relevant, and was a resident of Crescent City and Del Norte County.

9. Defendant ELI NAFFAH ("NAFFAH") was the City Manager of the CITY at all times relevant and was a resident of Crescent City and Del Norte County.

10. Defendant MIKE SCAVUZZO ("SCAVUZZO") was an elected member of the CITY's City Council at all times relevant, and was a resident of the CITY and Del Norte County.

11. Defendant DOUGLAS PLACK ("PLACK") (formerly DOE No. 1) was, at all times relevant, the CITY's Chief of Police, and was a resident of the CITY and Del Norte County.

**FIRST AMENDED COMPLAINT**

12. The true names and identities of Defendants DOES 2 through 100 are presently unknown to plaintiff. Plaintiff alleges, upon information and belief, that each of the named defendants and/or defendants DOES 2-100 were employees or agents or independent contractors and/or aiders and/or abettors in the activities described herein of the named defendants during the time of this matter. Plaintiff alleges upon information and belief that each named defendant and/or defendant DOES 2-100, and each of them, (1) acted in conspiracy or with the intent to injure JOEI as alleged in this action; (2) failed to protect; (3) violated JOEI's civil rights, statutory rights, and common law rights; (4) were willful, malicious, reckless and/or negligent and treated JOEI in violation of her civil rights, statutory rights, and common law right, as described herein.

13. Plaintiff further alleges on information and belief that each of the named defendants and/or defendants DOES 2-100 were responsible for the training, supervision and/or conduct of DOES 2-100 and any other co defendants involved in this matter. Plaintiff alleges that defendant DOES 2-100, and each of them, are accordingly responsible in some manner for the acts and injuries alleged herein.

14. Plaintiff further alleges on information and belief that each of the named defendants and/or defendant DOES 2-100 were and are responsible for the promulgation of policies and procedures utilized by the CITY, and the other individual defendants pursuant to which the acts and injuries alleged herein occurred.

15. Plaintiff will seek to amend this complaint as soon as the true names and identities of defendant DOES 2-100 have been ascertained.

16. Defendants, and DOES 2-100, to the extent they engaged in any acts or omissions alleged herein, and unless otherwise indicated by this complaint, at all times, engaged in such acts and/or omissions under color of state law.

17. Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this amended complaint, the named defendants and each of them, and DOES 2-100, were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the other defendants named in this amended complaint and that at all times each of the defendants was

**FIRST AMENDED COMPLAINT**

acting within the course and scope of said relationship with defendants.

18. As a result of each defendant's conduct alleged herein, singly or in combination, JOEI has suffered personal injury, emotional distress and mental anguish, special damages, wrongful termination, economic loss, pecuniary and non-pecuniary damages, and loss of reputation.

### FIRST CLAIM  42 U.S.C. §1983
### VIOLATION OF AND FIRST
### AND FOURTEENTH AMENDMENTS
### AGAINST ALL NAMED DEFENDANTS AND DOES 2-100

19. Plaintiff incorporates paragraphs 1-18 above and alleges as follows for her first claim against all named defendants and/or DOES 2-100, inclusive.

20. On or about June 6, 2007, JOEI, acting as a private citizen and not as part of her job as CITY Director of Finance, filed a complaint with the United States Internal Revenue Service ("IRS") relating to the CITY not paying employment taxes and not reporting income on monies paid to members of the CITY's City Council.

21. On or about June 15, 2007, JOEI, acting as a public citizen and not as part of her job as CITY's Director of Finance, again reported the CITY and also CITY's City Council member defendant SCAVUZZO to the IRS for not reporting income and not paying taxes.

22. On or about September 26, 2007, at a public workshop regarding CITY sewer rate increases, JOEI spoke out as a public citizen that the recent sewer rate increases were illegal because the CITY had not followed the requirements of California Proposition 218 when sewer rates were increased in 2006.

23. During the period of approximately May 2007 through October 2007, JOEI, acting as a private citizen, disclosed significant information and materials to the local press of Crescent City, the "Daily Triplicate," relating to illegal annuities the CITY had granted to CITY's City Council members, improper tax reporting of income to CITY's City Council Member SCAVUZZO and CITY's City Manager NAFFAH, the recovery of monies from current and former CITY's City Council members, and the illegal increase in the sewer rates alleged above.

24. On September 25, 2007, defendant BURNS, and defendant NAFFAH confronted plaintiff and wrongfully terminated her, without notice or hearing; and upon information and

**FIRST AMENDED COMPLAINT**
4

belief, without compliance or attempt to comply with the Brown Act.

25. Plaintiff's unilateral termination, with no notice or hearing, failed to follow the required procedures of the CITY's Municipal Code, Appendix A, Section 8-220, then in effect, which was incorporated into the contract between JOEI and the CITY, and other State law provisions with the purpose to protect public employees such as JOEI.

26. Upon information and belief, JOEI's unilateral termination on September 25, 2007 by BURNS, and NAFFAH was previously approved and/or later ratified by the entire CITY's City Council, in violation of State law and/or the CITY'S ordinances, which by approving and/or ratifying JOEI's termination, caused the termination to be approved and/or executed and/or ratified by the highest executive and legislative bodies of the CITY.

27. In addition, JOEI's termination, upon information and belief, was approved and/or ratified by the CITY and one or more of the individual defendants, except defendant PLACK, in violation of the procedures required by California Government Code Section 54957 by failing to follow any of the procedures required by Section 54957.

28. JOEI's public disclosures as a private citizen set forth in paragraphs 19 to 23 above were, at all times relevant, known to all defendants and were a substantial cause in her unlawful termination in retaliation for exercise of her rights under the First Amendment, and further, were a substantial cause of retaliation and harassment, including, but not limited, to acts and omissions set forth below.

29. Following September 25, 2007, and to the current time, defendants have continued to harass and retaliate against JOEI, including, but not limited to:

**a.** by all defendants, except defendant PLACK:

  i. Attempting to deprive JOEI of free speech, assembly and political rights and equal protection rights, as a citizen of Crescent City, by prohibiting her from filing a ballot initiative on or about December 2007;

  ii. Unilaterally and falsely denying JOEI the right, as a citizen of Crescent City, to file for a refund of sewer rate overcharges on or about November 25, 2007, on the false and malicious assertion that JOEI was, in some part, wrongfully responsible for the overcharges,

**FIRST AMENDED COMPLAINT**
5

which she had, in fact, protested and disclosed; and,

    **b**.    By all defendants, including PLACK,

        i. On or about September to November 2007, directing and causing a sworn Crescent City Police Officer to create a false police report, finding JOEI at fault for an automobile accident prior to her termination, which the same Crescent City Police Officer had, at the time of the incident, reported as the other party's fault, and;

        ii. In or about October or November 2007, making a false claim and demand for reimbursement and indemnification for this falsified vehicle collision to pay for the damages to the CITY vehicle that JOEI was driving at the time of this falsified collision;

        iii. Further, the claim set forth in paragraph 29(b)(ii) was contrary to established CITY policy and/or practice of not making a claim against CITY employees for such events, and/or treated JOEI differently from other CITY employees;

        iv. Defaming JOEI to CITY employees and the general public as being unprofessional and committing illegal acts;

        v. By the acts and omissions causing injury to JOEI as set forth in paragraphs 31-51, below.

30. As a legal result of the above, defendants have violated 42 U.S.C. §1983, and the First and Fourteenth Amendments, including JOEI's due process and liberty rights, and caused injury to JOEI as set forth above.

**SECOND CLAIM
BY JOEI AGAINST THE CITY
FOR VIOLATION OF FALSE CLAIMS ACT
31 U.S.C. §3730(h)**

31. Plaintiff realleges and incorporates paragraphs 1-30 above against defendant CITY.

32. While employed by defendant CITY, JOEI, on her own behalf and on behalf of others, including the United States of America, in furtherance of an action to be filed under 31 U.S.C. §3730, investigated claims made and/or presented by the CITY, and other acts and omissions by CITY in violation of and/or potentially in violation of, 31 U.S.C. §3729(a)(1-7), including but not limited to the acts and omissions alleged above; illegal monies, unreported income, unreported and unpaid Federal and State employment taxes, and other benefits and

**FIRST AMENDED COMPLAINT**

6

allowances for the members of the CITY's City Council; improper administration and implementation of "enterprise" funds; the operations and expenses of federal H.U.D. housing in the CITY and adjacent Del Norte County; and improper acts and omissions involving the construction and engineering of a new $42.5 million CITY waste water treatment plant.

33. The CITY's retaliation against JOEI's lawful acts alleged above was a substantial cause of the actions taken against her and the injuries she suffered as alleged above.

34. The acts and/or omissions of the CITY violate 31 U.S.C. §3730(h), and plaintiff is entitled to all relief provided under 31 U.S.C. §3730(h).

### THIRD CLAIM
### BREACH OF CONTRACT
### BY JOEI AGAINST THE CITY

35. Plaintiff realleges paragraphs 1-18 against defendant CITY.

36. JOEI was induced to work for CITY as Crescent City Director of Finance by being offered a written contract of employment. This contract was breached on or about September 25, 2007 when CITY terminated JOEI, prior to the term of the Services Period and/or without following the provisions set forth in CITY's Municipal Code, Appendix A, Section 8-220, as in effect at that time. The termination was arbitrary, unilateral, without cause, and did not follow Section 8-220, and was in bad faith and breached the covenant of good faith and fair dealing.

37. The contract was for one year, from April 4, 2007 to April 4, 2008, with two-year renewals. Plaintiff claims she is due her salary and benefits from September 25, 2007 to April 4, 2008, and also for one two-year extension, from April 4, 2008 to April 4, 2010.

### FOURTH CLAIM
### WRONGFUL TERMINATION – CALIFORNIA STATUTORY
### AND COMMON LAW
### BY JOEI AGAINST CITY

38. Plaintiff realleges paragraphs 1-34 against defendant CITY.

39. Between April 4, 2007 and September 25, 2007, the CITY, and its agents and employees gave directions to JOEI to act in an unlawful fashion on multiple occasions

**FIRST AMENDED COMPLAINT**
7

regarding matters of CITY finances and other public business, or which would result in violations of State or Federal statutes, regulations and/or rules.

40. JOEI reported to her superiors and other managing agents of CITY, including the Mayor, City Manager, City Attorney and the City Council, during this time period, numerous violations or noncompliance with State and Federal laws, regulations, and rules, what was needed to be in compliance, and JOEI took such measures to be in compliance that JOEI could or was allowed to accomplish or perform by defendants;

41. The CITY made and enforced rules preventing JOEI from attempting to report these violations or noncompliance with State and/or Federal law.

42. The CITY and the persons set forth below retaliated against JOEI by terminating her, and by acts of defamation, harassment, and invasion of privacy, described above, and also in the Fifth Claim.

43. The acts and omissions of CITY and known and unknown agents and employees, were a legal cause of injury to JOEI, violated Labor Code Section 1102.5 – 1105, the California Constitution, Article I, the United States Constitution, First and Fourteenth Amendments, Labor Code Section 2856, Labor Code Section 98.6, and the CITY Municipal Code, among other laws, regulations and rules, and the California common law of tortuous termination in violation of public policy.

44. JOEI requests an award for general damages and emotional distress, special damages as set forth above, loss of reputation, and punitive damages, as allowed, against CITY, NAFFAH and DOES 2-100, and all damages and relief available under Labor Code Section 98.6.

**FIFTH CLAIM**
**STATE LAW DEFAMATION, INVASION OF PRIVACY**
**FALSE LIGHT, INTENTIONAL AND NEGLIGENT**
**INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANTS**

45. Plaintiff realleges paragraphs 1-34 against defendant CITY.

46. Upon information and belief, when JOEI refused to undertake the illegal actions described above, and other similar actions not detailed here, when JOEI insisted on

compliance, took compliance actions, and reported to the public and/or government agencies, first as a private citizen and also separately, as a public employee, the named defendants and/or DOES 2-100, began a malicious, intentional, willful, reckless and/or negligent scheme and campaign of retaliation, defamation, harassment, and intentional and negligent infliction of emotional distress against plaintiff, which include, but is not limited to, as currently known, as a whole, or in the alternative:

    **a.** The acts and omissions alleged above;

    **b.** On or about July 16, 2007, CITY's City Councilor, defendant MIKE SCAVUZZO ("SCAVUZZO") harassed JOEI for purchasing furniture to comply with ADA and FEHA requirements for accommodating JOEI's disability;

    **c.** On or about September 18, 2007, harassing JOEI and causing JOEI to be arrested as a result of her disability, and attempted to influence the Del Norte County District Attorney to press charges;

    **d.** Injuring JOEI's reputation by false and malicious and/or reckless statements about JOEI's job performance and professional abilities to the Crescent City newspaper, *The Daily Triplicate*, and false reasons for JOEI's termination, which were published, which falsely stated or implied that JOEI was terminated because she did not perform her job and did not meet the standards of JOEI's position.

    **e**. On or about November 20, 2007, through CITY's acting City Attorney Robert Black, the CITY falsely, maliciously and/or recklessly accused and defamed JOEI with charges of self-dealing, conflict of interest, malfeasance, and unprofessional and, upon information and belief, illegal conduct.

    **f**. On or about October 2007, upon information and belief, CITY employees were ordered to shun JOEI and not speak to JOEI as a private citizen, depriving her of access to the rights and privileges of a citizen of Crescent City.

    **g**. On or about December 2007, the CITY falsely and intentionally and/or willfully and/or recklessly impersonated JOEI and falsely and fraudulently used JOEI's name in an attempt to withdraw funds from a financial institution.

    **h**. At various times, currently unknown to JOEI, from approximately September 2007 to the current time, the false and malicious and/or intentional and/or willful and/or

**FIRST AMENDED COMPLAINT**

reckless and/or negligent misrepresentations as to JOEI's job performance, professional abilities and/or involvement in criminal activity were widely republished, publicly and privately, throughout Crescent City and Del Norte Count, by persons currently unknown.

51.  JOEI has suffered injury and damages as a legal result of these acts and omissions of defamation, invasion of privacy, false light, and intentional and negligent infliction of emotional distress, and JOEI requests an award of general damages and emotional distress damage, special damages as set forth above, loss of reputation, presumed damages for defamation, and punitive damages, (except punitive damage as to CITY.)

**PRAYER**

Plaintiff prays for Judgment in her favor against defendants as follows:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial, in an amount in excess of $1,000,000.00;
2. For punitive and exemplary damages against each individual defendant, but not the CITY or any other governmental agency, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by 42 U.S.C. §§ 1983, 1988;
3. For costs and reasonable attorneys' fees as provided by law, including but not limited to 42 U.S.C. §1988;
4. For all relief available under 31 U.S.C. §3730 (h), including, but not limited to, reinstatement and/or front pay, two times the amount of back pay, interest on the back pay, litigation costs and attorneys' fees.
5. For all relief allowed under Labor Code §98.6.
6. For any other relief as may be just and proper, including injunctive and/or declaratory relief.

JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

Respectfully submitted,        ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

Dated:  May 14, 2008           **/S/ Abraham N. Goldman**
                               _____
                               Abraham N. Goldman, Attorney for Plaintiff
                               David Springfield, Attorney for Plaintiff

FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I am over the age of 18 years, not a party, and am employed at Yuba County, California. Pursuant to common business practice, I served the attached:

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE CLAIMS ACTS DISCRIMINATION/RETALIATION AND SUPPLEMENTAL STATE LAW CLAIMS**

on the following party and attorneys in this action by causing a true and correct copy thereof to be delivered addressed as shown below, by facsimile and first class U.S. Mail on *May 14, 2008,* to:

| | |
|---|---|
| Richard C. Bolanos, Esq.<br>Morin I. Jacob, Esq.<br>LIEBERT CASSIDY WHITMORE<br>153 Townsend Street, Suite 520<br>San Francisco, CA  94107<br>Fax:  (415) 856-0306 | Attorneys for defendants CITY OF CRESCENT CITY**,** DENNIS BURNS, ELI NAFFAH, and MIKE SCAVUZZO |

I am familiar with common business practice regarding collection and processing of documents for mailing with the U.S. Postal Service.  Such documents were sealed prepaid and placed for collection on the date stated below.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed *May 14, 2008,* at Yuba County, California.

**/S/ Katherine W. Lendech**
_____
Katherine W. Lendech

**FIRST AMENDED COMPLAINT**
11