1  Richard C. Bolanos, Bar No. 111343
   rbolanos@lcwlegal.com
2  Morin I. Jacob, Bar No. 204598
   mjacob@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  153 Townsend Street, Suite 520
   San Francisco, CA  94107
5
   Telephone:      (415) 512-3000
6  Facsimile:      (415) 856-0306
7  Attorneys for Defendants
   CITY OF CRESCENT CITY;
8  DENNIS BURNS, ELI NAFFAH;
   MIKE SCAVUZZO
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  JOEI LYN SANCHES,                  Case No.  CV 08-01395 MEJ

15                Plaintiff,           **DEFENDANTS' REPLY BRIEF IN
                                       SUPPORT OF MOTION TO DISMISS FOR
16  v.                                 NOTICE OF MOTION AND MOTION TO
                                       DISMISS FOR LACK OF JURISDICTION
17  CITY OF CRESCENT CITY; DENNIS      AND FAILURE TO STATE A CLAIM
    BURNS; ELI NAFFAH; MIKE            UPON WHICH RELIEF CAN BE
18  SCAVUZZO; AND DOES 1 through 100,  GRANTED [FRCP 12(b)(1,(6)]**
    AND EACH OF THEM, INCLUSIVE,,
19                                     Date:       May 29, 2008
                  Defendants.          Time:       10:00 a.m.
20                                     Dept:       Courtroom B, 15th Floor
                                       Judge:      Maria-Elena James
21
                                       (*Exempt from filing fees pursuant to
22                                     Government Code, Section 6103*)

23

24        **REPLY MEMEMORANDUM OF POINTS AND AUTHORITIES**

25              **I.      INTRODUCTION**

26        Plaintiff's opposition to the motion to dismiss for Notice of Motion and Motion to

27  Dismiss for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted

28  [FRCP 12(b)(1,(6)] was due to be served and filed on May 8, 2008.  Plaintiff failed to file an

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1    opposition.  Defendants served and filed a Notice of Failure to File a Timely Opposition on May

2    12, 2008.  A copy of said Notice is attached hereto as Exhibit A.

3         On May 13, 2008 Plaintiff faxed a Notice of Intent to File an Amended Complaint

4    pursuant to *F.R.C.P. Section 15(a)* to Defendants.  A copy is attached hereto as Exhibit B.

5    However, no first amended complaint was included.  On May 14, 2008 Plaintiff faxed a First

6    Amended Complaint to Defendants.  A copy is attached hereto as Exhibit C.

7         The motion to dismiss is on calendar for hearing on May 29, 2008 at 10 a.m. in

8    Courtroom B.  Plaintiff incorrectly argues that the motion to dismiss is "moot."  This is incorrect

9    because plaintiff lost the ability to amend her complaint as a matter of course.  Plaintiff, to date,

10   has failed to file an opposition to Defendants' motion to dismiss.

## II.    ARGUMENT

12        The Federal Rules of Civil Procedure allow a plaintiff to amend a complaint once as a

13   matter of course.  *F.R.C.P. Section 15(a) (1).*  However, this ability to amend a complaint is not

14   unlimited.  The Rule expressly provides that a plaintiff can only amend a complaint if: no

15   responsive pleading has been filed and served, or if within 20 days after serving the pleading if a

16   responsive pleading is not allowed and the action is not yet on the trial calendar.  In all other

17   cases, a party may amend its pleading "only with the opposing party's written consent or the

18   court's leave." *F.R.C.P. Section 15(a) (1), (2).*

19        Here, Defendants served their responsive pleading (a motion to dismiss) on April 21,

20   2008.  Hence, plaintiff lost the ability to file an amended complaint without seeking leave of court

21   or permission from Defendants when the motion to dismiss was filed and served.  Plaintiff should

22   have filed a motion for leave to amend the complaint.  Plaintiff cannot, as a matter of course, file

23   one at this time because Defendants served and filed a responsive pleading.

24        Thus, Defendants request that their motion to dismiss be granted for all of the reasons set

25   forth in the moving papers.

26   ///

27   ///

28   ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1

### III.    CONCLUSION

2    Defendants respectfully request that its motion to dismiss be granted, without leave to

3    amend, for all of the reasons set forth in the moving papers.

4    Dated: May ___, 2008                          LIEBERT CASSIDY WHITMORE

5

6                                              By: _____

7                                                  Richard C. Bolanos
                                                   Morin I. Jacob
8                                                  Attorneys for Defendants
                                                   CITY OF CRESCENT CITY; DENNIS
                                                   BURNS, ELI NAFFAH; MIKE
9                                                  SCAVUZZO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

**EXHIBIT A**

1 | Richard C. Bolanos, Bar No. 111343
rbolanos@lcwlegal.com
2 | Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
3 | LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
4 | 153 Townsend Street, Suite 520
San Francisco, CA 94107
5 |
6 | Telephone:   (415) 512-3000
Facsimile:    (415) 856-0306
7 | Attorneys for Defendants
CITY OF CRESCENT CITY, DENNIS BURNS,
8 | ELI NAFFAH, MIKE SCAVUZZO

9 |
10 |                UNITED STATES DISTRICT COURT
11 |                NORTHERN DISTRICT OF CALIFORNIA
12 |                   SAN FRANCISCO DIVISION

13 |
14 | JOEl LYN SANCHES,                     Case No.  CV 08-01395 MEJ
15 |              Plaintiff,               **DEFENDANTS' NOTICE OF FAILURE TO
                                          TIMELY SERVE AND FILE OPPOSITION
16 |      v.                              TO MOTION TO DISMISS FOR LACK OF
                                          JURISDICTION AND FAILURE TO STATE
17 | CITY OF CRESCENT; DENNIS BURNS;      A CLAIM UPON WHICH RELIEF CAN BE
ELI NAFFAH; MIKE SCAVUZZO; AND           GRANTED [FRCP 12(b)(1,(6)]**
18 | DOES 1 through 100, AND EACH OF
THEM, INCLUSIVE,
19 |                                       **Date:**    May 29, 2008
              Defendants.                 **Time:**    10:00 a.m.
20 |                                       **Place:**   Courtroom B

**BY FAX**

21 | TO PLAINTIFF, HER COUNSEL OF RECORD, AND THE ABOVE HONORABLE COURT:
22 |      NOTICE IS HEREBY GIVEN THAT Plaintiff Joei-Lynn Sanchus has failed to timely
23 | serve and file an Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction and
24 | Failure to State A Claim Upon Which Relief Can Be Granted [FRCP 12(b)(1,(6)] in accordance
25 | with Local Rules of
26 | ///
27 | ///
28 | ///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

05/12/2008  15:22    41585603    LCW                                        PAGE  03/04

1    the United States District Court for the Northern District of California.

2    Dated: May 12, 2008                        Liebert Cassidy Whitmore

3

4                                               By:

5                                                    Morin I. Jacob

6                                                    Attorneys for Defendants
                                                     CITY OF CRESCENT CITY,
7                                                    DENNIS BURNS, ELI NAFFAH,
                                                     MIKE SCAVUZZO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

NOTICE OF FAILURE TO TIMELY SERVE
AND FILE OPPOSITION TO MOTION                - 2 -                CASE NO. CV 08-01395 MEJ
TO DISMISS

10359050.tif - 5/12/2008 2:26:38 PM

05/12/2008  15:22    4158560587                    LCW                                    PAGE  04/04

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in County of San Francisco, State of California.  I am over the age of

eighteen years and not a party to the within action. My business address is 153 Townsend Street,

Suite 520, San Francisco, California  94107.

On the date set forth below, I served the within:

**DEFENDANTS' NOTICE OF FAILURE TO TIMELY SERVE AND FILE OPPOSITION
TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1,(6)]**

on the following interested party(s) in this action:

Abraham N. Goldman
ABRAHAM N. GOLDMAN & ASSOCIATES
P.O. Box 120
12896 Rices Crossing Road
Oregon House, CA  95962-0120
Telephone: (530) 692-2267
Facsimile:  (530) 692-2543

☒  **VIA MAIL – CCP §1013(a):**
By placing a true copy thereof in a sealed envelope(s), addressed as above, with postage thereon fully prepaid,
and placing it for collection and mailing on date set forth below, following ordinary business practices.  I am
readily familiar with my firm's business practice of collection and processing of correspondence for mailing
with the United States Postal Service; correspondence placed for collection and mailing is deposited with the
United States Postal Service at
San Francisco, California, that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on May 12, 2008.

_Sarah Stewart_
Sarah Stewart
Secretary to Morin I. Jacob

59126.1 CR015-004                            - 1 -

PROOF OF SERVICE

10359050.tif - 5/12/2008 2:26:38 PM

# EXHIBIT  B

1  Abraham N. Goldman/Cal. State Bar #102080
   David Springfield/Cal. State Bar #226630
2  ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
   Post Office Box 120
3  12896 Rices Crossing Road
   Oregon House, CA 95962-0120
4  Tel.: (530) 692-2267
   Fax: (530) 692-2543
5  E-mail: agoldman@succeed.net    davids@succeed.net

6  Attorneys for Plaintiff
   JOEI LYN SANCHES
7

8
                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10

11
   JOEI LYN SANCHES,                    )  Case  No. CV 08 1395 MEJ
12                                       )
              Plaintiff,                 )  **NOTICE OF INTENT**
13                                       )  **TO FILE AMENDED**
   v.                                    )  **COMPLAINT**
14                                       )
                                         )
15  CITY OF CRESCENT CITY, et al.        )
              Defendants.                )
16                                       )
   ——————————————————————————  )
17

18        1. This Notice is intended to inform the Court and all parties that pursuant

19  to F.R.C.P. Rule 15(a), plaintiff intends to file an Amended Complaint on or

20  before May 14, 2008, which will moot defendants' pending Motion to Dismiss

    currently set for May 29, 2008 at 8:30 a.m.
21
          2. The Amended Complaint will address certain issues raised in defendants'
22
    Motion to Dismiss.
23
          3. The Amended Complaint will also add a number of pendant State law
24
    claims which were not ripe at the time this action was originally filed and could not
25
    have been made part of the original Complaint because of the pendency of the
26
    government claim notice duly served upon the City of Crescent City on February
27
    27, 2008, a copy of which is attached to the Declaration of Abraham N. Goldman,
28

NOTICE OF INTENT TO FILE AMENDED COMPLAINT        1

1  attached hereto.

2      4. The Amended Complaint could not have been filed sooner because the
3  City of Crescent City, to this date, has not responded or acknowledged the
4  government claim notice. Accordingly, by operation of law, the claims are deemed
5  denied, and it is now timely to add them to this action via an Amended Complaint.

6      5. In addition, since the filing of the original Complaint, one of the Doe
7  defendants has been identified, and additional substantive allegations will be made
8  regarding that new defendant and related issues previously alleged.

9      6. The Amended Complaint will be filed pursuant to F.R.C.P. Rule 15 (a),
10  which gives plaintiff an absolute right to file an amended complaint before
11  defendants have served an Answer.

12      7. Additional factors relating to the timing of the filing and service of this
13  notice are set forth in the attached Declaration of Abraham N. Goldman.
14  Respectfully submitted,

15                          ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

16  Dated:  May 13, 2008

17                          _____
18                          Abraham N. Goldman, Attorney for Plaintiff
                            David Springfield, Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ABRAHAM N. GOLDMAN

1. I am plaintiff's attorney in this action. The statements set forth below are all based upon my personal knowledge.

2. Since this matter was filed on March 11, 2008, it was my intention to file an Amended Complaint when the time was appropriate.

3. After defendants filed their Motion to Dismiss on or about April 21, 2008, I had intended to inform the Court and the parties of my intention to file an amended complaint pursuant to the provisions of F.R.C.P. Rule 15(a) giving plaintiff an absolute right to file an Amended Complaint before an Answer is filed, prior to the time for filing plaintiff's Reply to defendants' Motion to Dismiss.

4. On April 22, 2008, I had surgery at St. Vincent's Hospital in Los Angeles, California for a second cochlear implant. I have been recuperating since then. The recuperation period has been extended and is more complex than anticipated, given that this is my second implant and essentially both my left and right inner ears have been replaced by bionic devices.

5. Since the time of initial filing, plaintiff's state law claims have now become ripe. The City of Crescent City has never acknowledged or replied to the attached Notice of government claim. Sufficient time has elapsed that the claims are now deemed denied.

6. In addition, since the time of filing, additional investigation has uncovered adequate cause to add as a named defendant, City of Crescent City Chief of Police Plack, and additional allegations to supplement the original Complaint involving Chief Plack's activity and co-conspiratorial conduct with the other defendants in the retaliation against plaintiff previously alleged, and other violations of her constitutional and state law rights.

7. These facts were not known until on or about the time of my surgery of April 22, 2008, and could not have been added to the Amended Complaint until now.

8. Attached to this Declaration is a true and exact copy of the notice of claim which was filed with the City of Crescent City on February 27, 2008. To my knowledge, the City of Crescent City has never responded or even acknowledged this claim, and by the passage of time it is now deemed denied.

*Declaration of Abraham N. Goldman*
Attachment to *Notice of Intent to File Amended Complaint*
*Sanches v. City of Crescent City, et al.* USCAND Case No. cv-08-1395-MEJ

- 1 -

1    I certify under PENALTY OF PERJURY under the laws of the United States of America

2   that the foregoing is based upon my personal knowledge, and all statements above are true and

3   correct.

4   Dated: May 13, 2008              By: _____

                                          ABRAHAM N. GOLDMAN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Declaration of Abraham N. Goldman*
Attachment to *Notice of Intent to File Amended Complaint*
*Sanches v. City of Crescent City, et al.* USCAND Case No. cv-08-1395-MEJ

- 2 -

| File With<br>Office of City Clerk<br>City of Crescent City<br>377 J Street<br>Crescent City, CA 95531 | CLAIM FOR MONEY OR DAMAGES<br>AGAINST<br>THE CITY OF CRESCENT CITY | RESERVE FOR FILING STAMP<br>CLAIM NO. _____<br>RECEIVED<br>FEB 27 2008<br>CITY OF CRESCENT CITY |

A claim must be presented to a public agency, as required by the Government Code of the State of California, Section 910. Before completing this form, please read the attached instructions. You must complete each section of this form or your claim may be returned to you as insufficient.

If additional space is needed to provide your information, please attach sheets, identifying the paragraph(s) being answered.

1. **Name and address of the claimant:**

Name of Claimant:        Joei Lyn Sanches            Date of Birth:  09-23-1976

Address: PO Box 1575

Crescent City, CA 95531

2. **Address to which the person presenting the claim desires notice to be sent:**

Name of Addressee:        Abraham N. Goldman            Telephone:  (530) 692-2267

Address:   P.O. Box 120, 12896 Rices Crossing Road, Oregon House, CA 95962

FAX: (530) 692-2543; e-mail: agoldman@succeed.net

3. **The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted:**

Date of Occurrence:  Multiple Claims.  See attachment 1 for explanation.            Time of Occurrence:

Location:

Circumstances giving rise to this claim:

4. **General description of the indebtedness, obligation, injury, damage or loss incurred so far it may be known at the time of the presentation of the claim.  What specific damage or injury are you claiming?**

Multiple Claims.  See attachment 1 for explanation.

---

**EXHIBIT**

**1**

5. The name or names of the public employee or employees causing the injury, damage or loss, if known.

Multiple Claims.  See attachment 1 for explanation.

6. Was the Police Department or other law enforcement agency contacted?  If yes, please provide a police report number and name of agency.

| [X] | [ ] | 2007080726 | | City of Crescent City |
|---|---|---|---|---|
| Yes | No | **Police Report No.** | | **Name of Agency** |

7.  Names and addresses of all witnesses, hospitals, doctors, or other individuals having knowledge relevant to the claim:

See Appendix.

8.  In auto accident, please complete the following:

Not Applicable
Claimant's Vehicle License No.                    Year/Make/Model

City's Vehicle License No.                         Year/Make/Model

9. If amount claimed totals less than $10,000: The amount claimed, if less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis computation of the amount claimed.

Amount Claimed and basis for computation:  Not Applicable

If amount claimed exceeds $10,000: The amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim.  However, it shall indicate whether the claim would be a limited civil case.  A limited civil case is one where the recovery sought, exclusive of attorney fees, interest and court costs does not exceed $25,000.  A unlimited civil case is

[ ]  Limited Civil Case      [x]  Unlimited Civil Case

**Warning:** Presentation of a false claim is a felony (Penal Code section 72).  Pursuant to CCP section 1028, the City/Agency may seek to recover all costs of defense in the event an action is filed which is later determined not to have been brought in good faith and with reasonable cause.  I declare under penalty or perjury that the foregoing is true and correct.  Please sign bellow.

_____                    2/27/2008
Signature                                           Date

**ATTACHMENT 1**
**TO CLAIM BY JOEI LYN SANCHES AGAINST**
**THE CITY OF CRESCENT CITY**
**AND CERTAIN EMPLOYEES AND DOES 1-100**

**Response to Items 3, 4, 5**

As currently known, Claimant has various claims against the City, several known employees, and DOES 1-100, based upon several sets of facts, legal theories and injuries/ damages. These facts are at times separate, and at times overlap. Plaintiff believes that many facts and the identity of many actors in these matters have been hidden from her, are currently unknown, and could not be discovered by this time through the use of reasonable diligence, and reserves the right to amend this Complaint. This may be especially true of currently unknown details of defamations. Claimant also believes and asserts that one or more participants in each of these known and unknown acts and omissions were conspirators with each other, and or DOES 1-100.

**FIRST CLAIM**
**BREACH OF CONTRACT**

Date of Occurrence:  On or about September 25, 2007

Location:  Crescent City, City Hall, and possibly other unknown occasions.

1.     Circumstances Giving Rise to This Claim:

Claimant was induced to work for Crescent City as Crescent City Director of Finance by being offered a written contract of employment, Attachment 2. This contract was breached on or about September 25, 2007 when Crescent City terminated Claimant, prior to the term of the Services Period and/or without following the provisions set forth in Crescent City's Municipal Code, Appendix A, Section 8-220, as in effect at that time. The termination was arbitrary, unilateral, without cause, and did not follow Section 8-220, and was in bad faith and breached the covenant of good faith and fair dealing.

2.     General Description of Injury and Specific Damage

Claimant's contract (Attachment 2) was for one year, from April 4, 2007 to April 4, 2008, with two-year renewals. Claimant claims she is due her salary and benefits from

September 25, 2007 to April 4, 2008, and also for one two-year extension, from April 4, 2008 to April 4, 2010.

3.    Names of City Employees Causing Damage, as Known

As currently known and believed:

a)   Mayor Dennis Burns;
b)   City Manager Eli Naffah
c)   City Council Member Scavuzzo
d)   City Council, some or all members
e)   DOES 1-100

## SECOND CLAIM
## INDUCING EMPLOYEE TO MOVE
## LABOR CODE SECTION 970

Date of Occurrence:  On or about April 4, 2007

Location:  Crescent City, California

1.    Circumstances Giving Rise to Claim:

The City of Crescent City, in verbal negotiations before April 4, 2007, in the April 4, 2007 Employment Agreement (Attachment 2), and in Claimant's Job Description, made representations as to Claimant's authority, autonomy and job security, as an inducement for her to move her entire family to Crescent City.  The representations by the City and others, known and as yet unknown, were false, as to the nature of Claimant's job, authority and autonomy; the length of time of the job, and the existence of labor disputes affecting Claimant's work or disputes between the City of Crescent City and persons previously engaged in the work for which Claimant was being sought, including but not limited to, the subjects of illegal housing allowances, unreported income, and purported pensions for the City Manager and City Council members.

2.    General Description of Injury and Specific Damages

All costs and expenses of moving, general damages and emotional distress, special damages as set forth in the First Claim, loss of opportunity damages, loss of reputation, and double damages pursuant to Labor Code Section 972, all against any person or agent as

ATTACHMENT 1 TO CLAIM BY JOEL L. SANCHES

defined by Labor Code Section 972, plus punitive damages, as allowed, against responsible individuals.

3.   The Names of Public Employees Causing Injury, As Currently Known

    a)  Mayor Dennis Burns;
    b)  City Manager Eli Naffah
    c)  City Council Member Scavuzzo
    d)  City Council, some or all members
    e)  DOES 1-100


### THIRD CLAIM
### WRONGFUL TERMINATION – ALL CALIFORNIA STATUTORY AND COMMON LAW THEORIES

Date of Occurrence:  On or about September 25, 2007

Location:  Crescent City, City Hall

1.   Circumstances Giving Rise to Claim:

    1.   Between April 4, 2007 and September 25, 2007, the City, and its agents and employees gave directions to Claimant to act in an unlawful fashion on multiple occasions regarding matters of City finances and other public business, or which would result in violations of State or Federal statutes, regulations and/or rules.

    2.   Claimant reported to her superiors and other managing agents of Crescent City, including the Mayor, City Manager, City Attorney and the City Council, during this time period, numerous violations or non-compliance with State and Federal laws, regulations, and rules, what was needed to be in compliance, and Claimant took all measures to be in compliance that Claimant could or was allowed to accomplish or perform;

    3.   Crescent City made and enforced rules preventing Claimant from attempting to report these violations or non-compliances with State and/or Federal law.

    4.   Crescent City and the persons set forth below retaliated against Claimant by terminating her, and by acts of defamation, fraud, harassment, and invasion of privacy, described in the Fourth Claim.

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

5.    The acts and omissions of Crescent City and known and unknown agents and employees, set forth above, and in the Fourth Claim, violated Labor Code Section 1102.5 – 1105, the California Constitution, Article I, Labor Code Section 2856, Labor Code Section 98.6, and the Crescent City Municipal Code, among other laws, regulations and rules, and the common law of tortuous termination in violation of public policy.

2.    <u>General Description of Injury and Specific Damages</u>

General damages and emotional distress, special damages as set forth in the First Claim, loss of reputation, punitive damages, as allowed, against any person or agent, and all damages and relief available under Labor Code Section 98.6.

3.    <u>The Names of Public Employees Causing Injury, As Currently Known</u>

    a)  Mayor Dennis Burns;
    b)  City Manager Eli Naffah
    c)  City Council Member Scavuzzo
    d)  City Council, some or all members
    e)  City Attorney Robert Black
    f)  DOES 1-100

**FOURTH CLAIM**
**FALSE ARREST, DEFAMATION, INVASION OF PRIVACY,**
**HARASSMENT, FALSE LIGHT, INTENTIONAL**
**AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

<u>Date of Occurrence</u>:   Continuing violations and acts and omissions furthering conspiracy between June, 2007, to date.

<u>Location</u>:  Crescent City, California

1.    <u>Circumstances Giving Rise to Claim, as Currently Known</u>:

Upon information and belief, when Claimant refused to undertake the illegal actions described above, and other actions not detailed here, when Claimant insisted on compliance, took compliance actions, and reported to government agencies, first as a private citizen and also separately, as a public employee, the City and its agents and employees and the

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

- 4 -

individuals named below, and/or DOES 1-100, began a scheme and campaign of retaliation, defamation, harassment, and intentional and negligent infliction of emotional distress against plaintiff, which includes, but is not limited to, as currently known:

1.    On or about July 16, 2007, City Councilor Mike Scavuzzo harassed Claimant for purchasing furniture to comply with ADA and FEHA requirements for accommodating Claimant's disability:

2.    On or about August 29, 2007, plaintiff was involved in a motor vehicle accident, which upon information and belief was used by Crescent City to harass Claimant:

    a)    At the direction of the Crescent City Chief of Police, by creating false police reports;

    b)    Obtaining false witness statements, falsely accusing Claimant as being at fault;

    c)    Sending Claimant a false and unfounded demand to reimburse Crescent City for damages to a City vehicle.

3.    On or about September 18, 2007, harassing Claimant and causing Claimant to be arrested as a result of her disability, and attempted to influence the Del Norte County District Attorney to press charges;

4.    Injuring Claimant's reputation by false and malicious and/or reckless statements about Claimant's job performance and professional abilities to the Crescent City newspaper, The Daily Triplicate, and false reasons for Claimant's termination, which were published, which falsely stated or implied that Claimant was terminated because she did not perform her job and did not meet the standards of Claimant's position.

5.    On or about November 20, 2007 the City, through its acting City Attorney Robert Black, falsely, maliciously and/or recklessly accused and defamed Claimant with charges of self-dealing, conflict of interest, malfeasance, and unprofessional and, upon information and belief, illegal conduct.

6.    On or about October, 2007, upon information and belief, City employees were ordered to shun Claimant and not speak to plaintiff as a private citizen, depriving her of access to the rights and privileges of a citizen of Crescent City.

ATTACHMENT 1 TO CLAIM BY JOEL L. SANCHES

7.    On or about December, 2007, the City falsely and intentionally and/or willfully and/or recklessly impersonated plaintiff and falsely and fraudulently used her name in an attempt to withdraw funds from a financial institution.

8.    At various times, unknown to Claimant, from approximately September, 2007 to the current time, the false and malicious and/or intentional and/or willful and/or reckless and/or negligent misrepresentations as to Claimant's job performance, professional abilities and/or involvement in criminal activity were widely republished, publicly and privately, throughout Crescent City and Del Norte County.

2.    <u>General Description of Injury and Specific Damages</u>

General damages and emotional distress, special damages as set forth in the First Claim, loss of reputation, presumed damages for defamation, and punitive damages, as allowed, against any person or agent.

3.    <u>The Names of Public Employees Causing Injury, As Currently Known</u>

    a)    Mayor Dennis Burns;
    b)    City Manager Eli Naffah
    c)    City Council Member Scavuzzo
    d)    City Council, some or all members
    e)    City Attorney Robert Black
    f)    DOES 1-100

//
//
//
//
//
//
//
//
//

ATTACHMENT 1 TO CLAIM BY JOEI L. SANCHES

*APPENDIX*
**TO CLAIM BY JOEI LYN SANCHES AGAINST**
**CITY OF CRESCENT CITY**
**AND CERTAIN EMPLOYEES AND DOES 1-100**


**NAMES AND ADDRESSES OF RELEVANT WITNESSES**

1.     Each member of the City Council of Crescent City from January 1, 2007 to date:

a)   Mike Scavuzzo

1127 Pebble Beach Drive, Crescent City, CA 95531

b)   Irene Tynes

377 J Street, Crescent City CA 95531

c)   Kelly Schellong

377 J Street, Crescent City, CA 95531

d)   Dennis Burns

238 4th Street, Crescent City, CA 95531

e)   Richard Enea

377 J Street, Crescent City, CA 95531

f)   Michael O' Conner, CPA

1000 Fourth Street, Suite 40O, San Rafael, CA 94901

g)   Carol Leuthold, CPA

159 CLUB DR CRESCENT CITY 95531

2.   Mayor Dennis Burns

377 J Street, Crescent City, CA 95531

3.   City Manager Eli Naffah

377 J Street, Crescent City, CA 95531

4.   Acting City Attorney Robert Black

831 5th Street, Crescent City, CA 95531

5.   City Housing Director Susie Mendez

235 H Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEI L. SANCHES**

6.  Brigit Lacey

    777 G Street, Crescent City  CA 95531 or 377 J Street, Crescent City, CA 95531

7.  Edward Erickson

    Unknown

8.  U.S. Internal Revenue Service

    1111 Constitution Ave. NW IR-6406, Washington, DC 20224

9.  Law Firm of Richards, Watson and Gershon

    44 Montgromery Street, Suite 3800, San Francisco CA 94104

10. Laura Haban

    377 J Street, Crescent City, CA 95531

11. John Cochrane

    377 J Street, Crescent City, CA 95531

12. Fritz Ludemann

    377 J Street, Crescent City, CA 95531

13. Matthew Hillebrant

    377 J Street, Crescent City, CA 95531

14. City Attorney, Thomas French

    1607 Freeman Street, Crescent City, CA 95531

15. Deborah Snodgrass

    2265 Holben Road, Crescent City CA 95531

16. California Attorney General

    Public Inquiry Unit, PO Box 944255, Sacramento, CA 94244-2550

17. Del Norte County District Attorney,

    Michael Riese

    450 H Street, Crescent City, CA 95531

18. James Barnts

    377 J Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEI L. SANCHES**

- 2 -

19.   County of Del Norte

      Mr. Perry, County Engineer

      981 H Street, Suite 110, Crescent City, CA 95531

20.   THE DAILY TRIPLICATE

      312 H Street, Crescent City, CA 95531

21.   Cameron Dewey

      100 E. Cypress Ave # 100, Redding CA 96002

22.   Crescent City Chief of Police Doug Plake

      686 G Street, Crescent City, CA 95531

23.   Officer Eric Capon

      Officer Eric Apperson

      Officers 1- 10 Does:

      686 G Street, Crescent City CA 95531

24.   Dianne Nickerson, City Clerk

      377 J Street, Crescent City, CA 95531

25.   Eileen Cooper

      1093 Hwy 101 N #18, Crescent City, CA 95531

26.   Steve Sanches

      1229 Jaccard Street, Crescent City, CA 95531

27.   Dohn Henion

      981 H Street, Suite 110, Crescent City, CA 95531

28.   Susan White

      344 Pebble Beach Drive, Crescent City, CA 95531

29.   Protective Life Insurance

      2801 Highway 280 South, Birmingham, AL  35223

30.   Cheryl, Edward Jones

      Mike Sullivan, Edward Jones

      836 3rd Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEI L. SANCHES**

31.   Deborah Snodgrass, Payroll Administrator

      377 J Street, Crescent City, CA 95531

32.   Elaine, Former City contract Employee

      1201 Dove Street, Suite 680 Newport Beach, CA 92660

33.   Nick Grube

      THE DAILY TRIPLICATE

      312 H Street, Crescent City, CA 95531

34.   Business District Committee (B.I.D.) Does 1 – 10

      Meeting location: 836 3rd Street, Crescent City, CA 95531

35.   Will Capinger, City Planner

      377 J Street, Crescent City, CA 95531

**APPENDIX TO CLAIM BY JOEL L. SANCHES**
                              - 4 -

RECEIVED

FEB 27 2008

CITY OF CRESCENT CITY

**ATTACHMENT 2.**

**SANCHES V. CITY OF CRESCENT CITY**

**FILED ON 2-27-2008**

# CITY OF CRESCENT CITY

## EMPLOYMENT AGREEMENT

**THIS AGREEMENT**, made and entered into this 4th day of April 2007, by and between the City of Crescent City, County of Del Norte, State of California, a municipal corporation, hereinafter called "CITY," and Joei Sanches, hereinafter called Director of Finance, with reference to the following reasons:

1. To provide inducement for Joei Sanches to be appointed to serve as the Director of Finance.

2. To make possible full work productivity by assuring morale and peace of mind with respect to future security.

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

## 1.  DUTIES

CITY agrees to employ Joei Sanches as Director of Finance of said City to perform the various functions and duties specified in the job description attached hereto as Exhibit "A" and fully incorporated here by reference, and to perform other legally-permissible and proper duties and functions as the CITY shall from time to time assign.

## 2.  TERM

(A.) The term of this Agreement shall initially be for ONE (1) year commencing on April 4, 2007, and terminating on April 4, 2008,

1

("Services Period"), or as extended ("Continuing Services Period"). The Director of Finance agrees to fulfill a one-year term of employment with CITY prior to any voluntary resignation on her part.

(B.) Nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of CITY to terminate the services of employee at any time prior to the expiration of the Services Period, subject only to the provisions set forth in CITY'S Municipal Code, Appendix A, Section 8-220, as amended from time to time.

(C.) Nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of the Director of Finance to resign at any time from this position with CITY after the one year term of employment referred to in subparagraph (A.) above, subject to the provisions of this Agreement.

(D.) In the event the Director of Finance voluntarily resigns this position with CITY, the Director of Finance shall give CITY a minimum of THIRTY (30) days written notice, unless the parties agree otherwise.

(E.) Said Agreement shall continue thereafter for consecutive TWO (2) year periods ("Continuing Services Period"), unless either party hereto gives at least THIRTY (30) days written notice to the other party, prior to the expiration of the applicable Services Period then in effect, that the party does not wish to extend this Agreement for an additional TWO (2) year term. If CITY elects to terminate the Agreement, CITY will pay the Director of Finance a severance pay equaling TWO (2) months of base salary.

2

3.  SALARY

CITY agrees to pay the Director of Finance for services rendered a base annual salary of Fifty Seven Thousand and no/100 Dollars ($57,000.00), payable in installments at the same pay periods as other employees of CITY are paid.

4.  BENEFITS

The Director of Finance shall receive the employee base benefits specified in that certain Memorandum of Understanding between the City of Crescent City Management Employees' Association, as amended, at Section VIII (Benefits), Paragraph A through Paragraph G, inclusive.  Any increase in these benefits subsequently accorded the Director of Finance in the future shall be subject to the performance evaluation criteria set forth in Paragraph 5 below.

The CITY agrees that the Director of Finance shall receive FORTY (40) hours of administrative leave for each fiscal year as reimbursement for attending evening and weekend meetings, and other events requiring City's representation.  Such administrative leave shall not carry forward from year to year or be compensated for in any manner.  Upon the termination of the Director of Finance such leave shall not be compensated for in any manner.

The CITY also agrees that the Director of Finance shall receive, up to but not to exceed, FORTY (40) hours of paid leave as relocation assistance to provide

sufficient time to relocate to Crescent City.    The relocation leave is a one-time occurrence only.

## 5.  PERFORMANCE EVALUATION

(A.)  Annually, the CITY and the Director of Finance shall define such goals and performance objectives as they may determine necessary for the proper operation of the Department in the attainment of the City Council's policy objectives; and the City Manager and the Director of Finance shall further establish a relative priority among those various goals and objectives.    This evaluation shall be obtainable generally within the time limits as specified in the operating and capital budgets and appropriations provided.

(B.)    The Director of Finance shall annually prepare a comprehensive report on the activities of the Finance Department to be presented to the City Manager by April 1st.    This report will include such items as activity, accomplishments and concerns of the Department, organizational review and any specific recommendations to increase the efficiency or quality of service of the Department.    Any recommendations requiring additional financial expenditures shall include justification and proposed revenue sources to support the proposal.

(C.)  CITY MANAGER shall review and evaluate the performance of the Director of Finance at six months from the date of this Agreement.

(D.)  CITY MANAGER shall review and evaluate the performance of the Director of Finance at least once annually.

(E.)    In recognition of accomplishments and objectives, and excellent performance, a merit increase may, in CITY's sole discretion, be granted the Director of Finance.

## 6.  HOURS OF WORK

The Director of Finance shall devote her full work time to the duties and responsibilities of the position, and any additional work time reasonably required to discharge the duties and functions as assigned, at the direction of the City Manager, and the City's job description (Exhibit "A"). The Director of Finance may not be engaged in other employment without the specific written authorization of the City during the Services Period.

## 7.  PROFESSIONAL DEVELOPMENT

(A)    CITY agrees to pay for professional fees, dues, and subscriptions on behalf of the Director of Finance which are reasonably necessary to her continuation and participation in organizations necessary and desirable for her continued professional growth and advancement, including the California Municipal Treasurers Association, for the good of CITY, and at the discretion of the City.

(B.)  CITY agrees to budget and pay the travel and subsistence expenses of the Director of Finance for official travel, meetings, and occasions reasonably adequate to continue the professional development of employee, and to



reasonably pursue necessary official or other functions for the CITY at the sole, absolute, and arbitrary discretion of the City Manager.

(C.)    CITY agrees to pay for continuing education and training to keep the Director of Finance CGFM (Certified Government Finance Manager), CPFO (Certified Public Finance Officer), and CMT (California Municipal Treasurers) certifications in current status.

## 8.   LIABILITY

CITY agrees to indemnify, hold harmless, and defend at its expense the Director of Finance from any and all claims, actions, losses, damages, charges, expenses, or attorney's fees to which the Director of Finance may be subject to, arising out of, or resulting from, the performance of her duties hereunder, excepting therefrom criminal acts or gross negligence.   Notwithstanding the foregoing, CITY'S obligation under this section shall not apply to any punitive or exemplary damages which may be awarded by a court against the Director of Finance.

## 9.   BONDING

CITY shall bear the full cost of any fidelity or other bond required of the Director of Finance under any law or ordinance.

10.  OTHER TERMS AND CONDITIONS

(A.)  CITY may from time to time fix other terms and conditions relating to the performance of the Director of Finance hereunder, provided such terms and conditions are not inconsistent or in conflict with the provisions of this Agreement.

(B.)  The Director of Finance shall perform duties in accordance with all the laws, ordinances, rules and regulations applicable to the position.

(C.)  The entire agreement between the parties with respect to the subject matter hereunder is contained in this Agreement.  Except as herein expressly provided to the contrary, the provisions of this Agreement are for the benefit of the parties solely and not for the benefit of any other person, persons, or legal entities.

(D.)  This Agreement may be amended at any time by mutual agreement of the parties, but any such amendment must be in writing, dated, and signed by the parties and attached hereto.

(E.)  Any failure of a party to insist upon strict compliance with any term, undertaking, or condition of this Agreement shall not be deemed to be a waiver of such term, undertaking, or condition.  To be effective, a waiver must be in writing, signed and dated by the parties.

(F.)  This Agreement shall be governed by and construed in accordance with the laws of the State of California.  The parties agree that venue for any dispute shall be in Del Norte County, California.

(G.)   The Director of Finance acknowledges that she has not been induced to enter into this Agreement by any representation or statements, oral or written, not expressly contained herein or expressly incorporated by reference. CITY makes no representations, warranties or guarantees, expressed or implied, other than expressed representations, warranties, and guarantees contained in this Agreement.

(H.)   All communications regarding this Agreement shall be sent to the CITY at 377 "J" Street, Crescent City, California, 95531, unless the Director of Finance is notified to the contrary in writing. The Director of Finance shall advise CITY, in writing, of her residence address for the forwarding of any communications regarding this Agreement.   Any written notice hereunder shall become effective as of the date of mailing by registered or certified mail, and shall be deemed sufficiently given if sent to the addresses as stated in this Agreement, or at such other addresses as may hereafter be specified by notice in writing.  In lieu of mailing, written notice shall become effective as of the date it is personally delivered to the addressee.

(I.)   If any provision or portion of this Agreement is held to be unconstitutional, invalid, or unenforceable, the remainder of this Agreement shall be deemed severable, and shall not be affected and shall remain in full force and effect.

Employment Agreement
Director of Finance
April 16, 2007

Dated: ___4-17-07___          **CITY OF CRESCENT CITY**

                              By: _____
                                  Eli A. Naffah, City Manager

Dated: ___4-9-2007___         **DIRECTOR OF FINANCE**

                              _____
                              Joei Sanches

Attest:

_____
L. Dianne Nickerson, City Clerk

9

**PROOF OF SERVICE**

I am over the age of 18 years, not a party, and am employed at Yuba County, California.

Pursuant to common business practice, I served the attached:

**NOTICE OF INTENT TO FILE AMENDED COMPLAINT with Attachment**

**DECLARATION OF ABRAHAM N. GOLDMAN with Exhibit 1 attached**

on the following party and attorneys in this action by causing a true and correct copy thereof to

be delivered addressed as shown below, by *fax and 1st Class U.S. Mail on May 13, 2008,* to:

Richard C. Bolanos, Esq.                          Attorneys for Defendants
Morin I. Jacob, Esq.                              City of Crescent City, Dennis Burns,
LIEBERT CASSIDY WHITMORE                          Eli Naffah, and Mike Scavuzzo
153 Townsend Street, Suite 520
San Francisco, CA 94107
Facsimile: (415) 856-0306

I am familiar with common business practice regarding collection and processing of

documents for mailing with the U.S. Postal Service. Such documents were sealed prepaid and

placed for collection on the date stated below.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct and that this declaration was executed *May 13, 2008,* at Yuba

County, California.

Katherine W. Lendech
Secretary to Abraham N. Goldman

PROOF OF SERVICE                    - 1 -                    Case No. CV 08-01395 MEJ

**EXHIBIT  C**

1  Abraham N. Goldman/Cal. State Bar #102080
   David Springfield/Cal. State Bar #226630
2  ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
   Post Office Box 120 /  12896 Rices Crossing Road
3  Oregon House, CA 95962-0120
   Tel.:  (530) 692-2267
4  Fax:  (530) 692-2543
   E-mail:  agoldman@succeed.net    davids@succeed.net
5
   Attorneys for Plaintiff
6  JOEI LYN SANCHES

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  **JOEI LYN SANCHES,**                  ) Case  No. **CV 08 1395 MEJ**
                                           )
13              Plaintiff,                  ) **FIRST AMENDED COMPLAINT**
                                           ) **FOR VIOLATION OF CIVIL**
14  v.                                      ) **RIGHTS [42 U.S.C. §1983];**
                                           ) **FALSE CLAIMS ACTS**
15  **CITY OF CRESCENT CITY; DENNIS**       ) **DISCRIMINATION/**
16  **BURNS; ELI NAFFAH; MIKE**             ) **RETALIATION [18 U.S.C.§3730]**
    **SCAVUZZO; DOUGLAS PLACK,**            ) **AND SUPPLEMENTAL STATE**
17  **(Formerly DOE No. 1) AND DOES 2**     ) **LAW CLAIMS  [18 U.S.C. §1367]**
    **through 100 AND EACH OF THEM,**       )
18  **INCLUSIVE,**                          )
                                           ) JURY TRIAL DEMANDED
19            **Defendants.**               )
                                           ) Judge Maria-Elena James
20  _____)

21        Plaintiff, JOEI LYN SANCHES ("JOEI"), complains and alleges as follows:

22                              **JURISDICTION**

23        1.  This Court has subject-matter jurisdiction over this federal question action under 28

24  U.S.C. §1331 and §1343 because it seeks, inter alia, damages under Title 42 U.S.C. §1983 and

25  1988 for violations of plaintiff's civil rights.  This Court also has  jurisdiction over plaintiff's

26  False Claims Act claims for retaliation under 28 U.S.C. §1331 and 18 U.S.C. §3730 (h).  This

27  Court also has supplemental jurisdiction over plaintiff's State Law Claims under 18 U.S.C.

28  §1367(a). Further, plaintiff has exhausted her State Law remedies, by filing and serving a Notice

1  of Government Claim with the CITY on February 27, 2008, which was denied by operation of law

2  when it was not responded to after forty-five (45) days.

### VENUE

4   2. This Court is a proper venue for this action under 28 U.S.C. §1391(b)(2) because the

5  claims alleged herein arose in the County of Del Norte, California, within this District.

### FACTUAL ALLEGATIONS

7   3. This is a civil rights and False Claims Act complaint with related State Law claims

8  arising from the efforts of plaintiff, JOEI LYN SANCHES, ("JOEI") to investigate, disclose,

9  take action against, and complain about public corruption in the City of Crescent City ("CITY"),

10  between April 2007, and September 2007.

### THE PARTIES

12   4. During all times mentioned in this Complaint, JOEI, was and is, a United States citizen,

13  residing in Crescent City, California.

14   5. Between April 4, 2007 and her retaliatory, willful, intentional and wrongful termination

15  on September 25, 2007, JOEI was serving as the Director of Finance of the CITY, pursuant to a

16  written contract which was approved by the CITY and CITY's City Counsel.

17   6. Defendant CITY OF CRESCENT CITY ("CITY") is a California municipal entity

18  located in this District in Del Norte County.

19   7. The CITY hired JOEI to be its new Director of Finance by a one-year contract dated

20  April 4, 2007, which was renewable for two two-year periods.

21   8. Defendant DENNIS BURNS ("BURNS") was the Mayor of the City of Crescent City

22  at all times relevant, and was a resident of Crescent City and Del Norte County.

23   9. Defendant ELI NAFFAH ("NAFFAH") was the City Manager of the CITY at all times

24  relevant and was a resident of Crescent City and Del Norte County.

25   10. Defendant MIKE SCAVUZZO ("SCAVUZZO") was an elected member of the

26  CITY's City Council at all times relevant, and was a resident of the CITY and Del Norte County.

27   11. Defendant DOUGLAS PLACK ("PLACK") (formerly DOE No. 1) was, at all times

28  relevant, the CITY's Chief of Police, and was a resident of the CITY and Del Norte County.

**FIRST AMENDED COMPLAINT**

2

12. The true names and identities of Defendants DOES 2 through 100 are presently unknown to plaintiff. Plaintiff alleges, upon information and belief, that each of the named defendants and/or defendants DOES 2-100 were employees or agents or independent contractors and/or aiders and/or abettors in the activities described herein of the named defendants during the time of this matter. Plaintiff alleges upon information and belief that each named defendant and/or defendant DOES 2-100, and each of them, (1) acted in conspiracy or with the intent to injure JOEI as alleged in this action; (2) failed to protect; (3) violated JOEI's civil rights, statutory rights, and common law rights; (4) were willful, malicious, reckless and/or negligent and treated JOEI in violation of her civil rights, statutory rights, and common law right, as described herein.

13. Plaintiff further alleges on information and belief that each of the named defendants and/or defendants DOES 2-100 were responsible for the training, supervision and/or conduct of DOES 2-100 and any other co defendants involved in this matter. Plaintiff alleges that defendant DOES 2-100, and each of them, are accordingly responsible in some manner for the acts and injuries alleged herein.

14. Plaintiff further alleges on information and belief that each of the named defendants and/or defendant DOES 2-100 were and are responsible for the promulgation of policies and procedures utilized by the CITY, and the other individual defendants pursuant to which the acts and injuries alleged herein occurred.

15. Plaintiff will seek to amend this complaint as soon as the true names and identities of defendant DOES 2-100 have been ascertained.

16. Defendants, and DOES 2-100, to the extent they engaged in any acts or omissions alleged herein, and unless otherwise indicated by this complaint, at all times, engaged in such acts and/or omissions under color of state law.

17. Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this amended complaint, the named defendants and each of them, and DOES 2-100, were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the other defendants named in this amended complaint and that at all times each of the defendants was

FIRST AMENDED COMPLAINT

3

1   acting within the course and scope of said relationship with defendants.

2       18.  As a result of each defendant's conduct alleged herein, singly or in combination, JOEI

3   has suffered personal injury, emotional distress and mental anguish, special damages, wrongful

4   termination, economic loss, pecuniary and non-pecuniary damages, and loss of reputation.

5                          **FIRST CLAIM  42 U.S.C. §1983**
                           **VIOLATION OF AND FIRST**
6                  **AND FOURTEENTH AMENDMENTS**
            **AGAINST ALL NAMED DEFENDANTS AND DOES 2-100**
7
        19.  Plaintiff incorporates paragraphs 1-18 above and alleges as follows for her first claim
8
    against all named defendants and/or DOES 2-100, inclusive.
9
        20.  On or about June 6, 2007, JOEI, acting as a private citizen and not as part of her job
10
    as CITY Director of Finance, filed a complaint with the United States Internal Revenue Service
11
    ("IRS") relating to the CITY not paying employment taxes and not reporting income on monies
12
    paid to members of the CITY's City Council.
13
        21.  On or about June 15, 2007, JOEI, acting as a public citizen and not as part of her job
14
    as CITY's Director of Finance, again reported the CITY and also CITY's City Council member
15
    defendant SCAVUZZO to the IRS for not reporting income and not paying taxes.
16
        22.  On or about September 26, 2007, at a public workshop regarding CITY sewer rate
17
    increases, JOEI spoke out as a public citizen that the recent sewer rate increases were illegal
18
    because the CITY had not followed the requirements of California Proposition 218 when sewer
19
    rates were increased in 2006.
20
        23.  During the period of approximately May 2007 through October 2007, JOEI, acting
21
    as a private citizen, disclosed significant information and materials to the local press of Crescent
22
    City, the "Daily Triplicate," relating to illegal annuities the CITY had granted to CITY's  City
23
    Council members, improper tax reporting of income to CITY's City Council Member
24
    SCAVUZZO and CITY's City Manager NAFFAH, the recovery of monies from current and
25
    former CITY's City Council members, and the illegal increase in the sewer rates alleged above.
26
        24.  On September 25, 2007, defendant BURNS, and defendant NAFFAH confronted
27
    plaintiff and wrongfully terminated her, without  notice or hearing; and upon information and
28
**FIRST AMENDED COMPLAINT**                    4

1  belief, without compliance or attempt to comply with the Brown Act.

2      25.  Plaintiff's unilateral termination, with no notice or hearing, failed to follow the

3  required procedures of the CITY's Municipal Code, Appendix A, Section 8-220, then in effect,

4  which was incorporated into the contract  between JOEI and the CITY, and other State law

5  provisions with the purpose to protect public employees such as JOEI.

6      26.  Upon information and belief, JOEI's unilateral termination on September 25, 2007

7  by BURNS, and NAFFAH  was previously approved and/or later ratified by the entire CITY's

8  City Council, in violation of State law and/or the CITY'S ordinances, which by approving and/or

9  ratifying JOEI's termination, caused the termination to be approved and/or executed and/or

10  ratified by the highest executive and legislative bodies of the CITY.

11      27.  In addition, JOEI's termination, upon information and belief, was approved and/or

12  ratified by the CITY and one or more of  the individual defendants, except defendant PLACK,

13  in violation of the procedures required by California Government Code Section 54957 by failing

14  to follow any of the procedures required by Section 54957.

15      28.  JOEI's public disclosures as a private citizen set forth in paragraphs 19  to 23 above

16  were, at all times relevant, known to all defendants and were a substantial cause in her unlawful

17  termination in retaliation for exercise of her rights under the First Amendment, and further, were

18  a substantial cause of retaliation and harassment, including, but not limited, to acts and omissions

19  set forth below.

20      29.  Following September 25, 2007, and to the current time, defendants have continued

21  to harass and retaliate against JOEI, including, but not limited to:

22      **a.**  by all defendants, except defendant PLACK:

23          i.  Attempting to deprive JOEI of free speech, assembly and political rights and

24  equal protection rights, as a citizen of Crescent City, by prohibiting her from filing a ballot

25  initiative on or about December 2007;

26          ii.  Unilaterally and falsely denying JOEI the right, as a citizen of Crescent City,

27  to file for a refund of sewer rate overcharges on or about November 25, 2007, on the false and

28  malicious assertion that JOEI was, in some part, wrongfully responsible for the overcharges,

FIRST AMENDED COMPLAINT

5

1   which she had, in fact, protested and disclosed; and,

2           **b.**      By all defendants, including PLACK,

3                   i. On or about September to November 2007, directing and causing a sworn

4   Crescent City Police Officer to create a false police report, finding JOEI at fault for an automobile

5   accident prior to her termination, which the same Crescent City Police Officer had, at the time

6   of the incident, reported as the other party's fault, and;

7                   ii. In or about October or November 2007, making a false claim and demand for

8   reimbursement and indemnification for this falsified vehicle collision to pay for the damages to

9   the CITY vehicle that JOEI was driving at the time of this falsified collision;

10                  iii. Further, the claim set forth in paragraph 29(b)(ii) was contrary to established

11  CITY policy and/or practice of not making a claim against CITY employees for such events,

12  and/or treated JOEI differently from other CITY employees;

13                  iv.   Defaming JOEI to CITY employees and the general public as being

14  unprofessional and committing illegal acts;

15                  v.   By the acts and omissions causing injury to JOEI as set forth in paragraphs

16  31-51, below.

17          30. As a legal result of the above, defendants have violated 42 U.S.C. §1983, and the First

18  and Fourteenth Amendments, including JOEI's due process and liberty rights, and caused injury

19  to JOEI as set forth above.

20                          **SECOND CLAIM**
                     **BY JOEI AGAINST THE CITY**
21              **FOR VIOLATION OF FALSE CLAIMS ACT**
                          **31 U.S.C. §3730(h)**
22          31. Plaintiff realleges and incorporates paragraphs 1-30 above against defendant CITY.

23          32. While employed by defendant CITY,  JOEI, on her own behalf and on behalf of

24  others, including the United States of America, in furtherance of an action to be filed under 31

25  U.S.C. §3730, investigated claims made and/or presented by the CITY, and other acts and

26  omissions by CITY in violation of and/or potentially in violation of, 31 U.S.C. §3729(a)(1-7),

27  including but not limited to the acts and omissions alleged above; illegal monies, unreported

28  income, unreported and unpaid Federal and State employment taxes, and other benefits and

**FIRST AMENDED COMPLAINT**
                                    6

1  allowances for the members of the CITY's City Council; improper administration and

2  implementation of "enterprise" funds; the operations and expenses of federal H.U.D. housing in

3  the CITY and adjacent Del Norte County; and improper acts and omissions involving the

4  construction and engineering of a new $42.5 million CITY waste water treatment plant.

5      33. The CITY's retaliation against JOEI's lawful acts alleged above was a substantial

6  cause of the actions taken against her and the injuries she suffered as alleged above.

7      34. The acts and/or omissions of the CITY violate 31 U.S.C. §3730(h), and plaintiff is

8  entitled to all relief provided under 31 U.S.C. §3730(h).

9                              **THIRD CLAIM**
                        **BREACH OF CONTRACT**
10                     **BY JOEI AGAINST THE CITY**

11      35. Plaintiff realleges paragraphs 1-18 against defendant CITY.

12      36. JOEI was induced to work for CITY as Crescent City Director of Finance by being

13  offered a written contract of employment. This contract was breached on or about September

14  25, 2007 when CITY terminated JOEI, prior to the term of the Services Period and/or

15  without following the provisions set forth in CITY's Municipal Code, Appendix A, Section

16  8-220, as in effect at that time. The termination was arbitrary, unilateral, without cause, and

    did not follow Section 8-220, and was in bad faith and breached the covenant of good faith
17
    and fair dealing.
18
        37. The contract was for one year, from April 4, 2007 to April 4, 2008, with two-year
19
    renewals. Plaintiff claims she is due her salary and benefits from September 25, 2007 to
20
    April 4, 2008, and also for one two-year extension, from April 4, 2008 to April 4, 2010.
21

22                          **FOURTH CLAIM**
              **WRONGFUL TERMINATION – CALIFORNIA STATUTORY**
23                        **AND COMMON LAW**
                        **BY JOEI AGAINST CITY**
24
        38. Plaintiff realleges paragraphs 1-34 against defendant CITY.
25
        39. Between April 4, 2007 and September 25, 2007, the CITY, and its agents and
26
    employees gave directions to JOEI to act in an unlawful fashion on multiple occasions
27

28  FIRST AMENDED COMPLAINT                    7

regarding matters of CITY finances and other public business, or which would result in

violations of State or Federal statutes, regulations and/or rules.

40.  JOEI reported to her superiors and other managing agents of CITY, including the

Mayor, City Manager, City Attorney and the City Council, during this time period, numerous

violations or noncompliance with State and Federal laws, regulations, and rules, what was

needed to be in compliance, and JOEI took such measures to be in compliance that JOEI

could or was allowed to accomplish or perform by defendants;

41.  The CITY made and enforced rules preventing JOEI from attempting to report

these violations or noncompliance with State and/or Federal law.

42.  The CITY and the persons set forth below retaliated against JOEI by terminating

her, and by acts of defamation, harassment, and invasion of privacy, described above, and also

in the Fifth Claim.

43.  The acts and omissions of CITY and known and unknown agents and

employees, were a legal cause of injury to JOEI, violated Labor Code Section 1102.5 – 1105,

the California Constitution, Article I, the United States Constitution, First and Fourteenth

Amendments, Labor Code Section 2856, Labor Code Section 98.6, and the CITY Municipal

Code, among other laws, regulations and rules, and the California common law of tortuous

termination in violation of public policy.

44.  JOEI requests an award for general damages and emotional distress, special

damages as set forth above, loss of reputation, and punitive damages, as allowed, against

CITY, NAFFAH and DOES 2-100, and all damages and relief available under Labor Code

Section 98.6.

**FIFTH CLAIM**
**STATE LAW DEFAMATION, INVASION OF PRIVACY**
**FALSE LIGHT, INTENTIONAL AND NEGLIGENT**
**INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANTS**

45.  Plaintiff realleges paragraphs 1-34 against defendant CITY.

46.  Upon information and belief, when JOEI refused to undertake the illegal actions

described above, and other similar actions not detailed here, when JOEI insisted on

compliance, took compliance actions, and reported to the public and/or government agencies, first as a private citizen and also separately, as a public employee, the named defendants and/or DOES 2-100, began a malicious, intentional, willful, reckless and/or negligent scheme and campaign of retaliation, defamation, harassment, and intentional and negligent infliction of emotional distress against plaintiff, which include, but is not limited to, as currently known, as a whole, or in the alternative:

**a.** The acts and omissions alleged above;

**b.** On or about July 16, 2007, CITY's City Councilor, defendant MIKE SCAVUZZO ("SCAVUZZO") harassed JOEI for purchasing furniture to comply with ADA and FEHA requirements for accommodating JOEI's disability;

**c.** On or about September 18, 2007, harassing JOEI and causing JOEI to be arrested as a result of her disability, and attempted to influence the Del Norte County District Attorney to press charges;

**d.** Injuring JOEI's reputation by false and malicious and/or reckless statements about JOEI's job performance and professional abilities to the Crescent City newspaper, *The Daily Triplicate*, and false reasons for JOEI's termination, which were published, which falsely stated or implied that JOEI was terminated because she did not perform her job and did not meet the standards of JOEI's position.

**e.** On or about November 20, 2007, through CITY's acting City Attorney Robert Black, the CITY falsely, maliciously and/or recklessly accused and defamed JOEI with charges of self-dealing, conflict of interest, malfeasance, and unprofessional and, upon information and belief, illegal conduct.

**f.** On or about October 2007, upon information and belief, CITY employees were ordered to shun JOEI and not speak to JOEI as a private citizen, depriving her of access to the rights and privileges of a citizen of Crescent City.

**g.** On or about December 2007, the CITY falsely and intentionally and/or willfully and/or recklessly impersonated JOEI and falsely and fraudulently used JOEI's name in an attempt to withdraw funds from a financial institution.

**h.** At various times, currently unknown to JOEI, from approximately September 2007 to the current time, the false and malicious and/or intentional and/or willful and/or

FIRST AMENDED COMPLAINT                                    9

1   reckless and/or negligent misrepresentations as to JOEI's job performance, professional

2   abilities and/or involvement in criminal activity were widely republished, publicly and

    privately, throughout Crescent City and Del Norte Count, by persons currently unknown.

3       51.  JOEI has suffered injury and damages as a legal result of these acts and

4   omissions of defamation, invasion of privacy, false light, and intentional and negligent

5   infliction of emotional distress, and JOEI requests an award of general damages and

6   emotional distress damage, special damages as set forth above, loss of reputation, presumed

7   damages for defamation, and punitive damages, (except punitive damage as to CITY.)

8                                **PRAYER**

9       Plaintiff prays for Judgment in her favor against defendants as follows:

10  1.   For compensatory, general and special damages against each defendant, jointly and

11       severally, in the amount proven at trial, in an amount in excess of $1,000,000.00;

12  2.   For punitive and exemplary damages against each individual defendant, but not the

13       CITY or any other governmental agency, in an amount appropriate to punish

14       defendants and deter others from engaging in similar misconduct, as allowed by 42

15       U.S.C. §§ 1983, 1988;

16  3.   For costs and reasonable attorneys' fees as provided by law, including but not limited

17       to 42 U.S.C. §1988;

18  4.   For all relief available under 31 U.S.C. §3730 (h), including, but not limited to,

19       reinstatement and/or front pay, two times the amount of back  pay, interest on the back

20       pay, litigation costs and attorneys' fees.

    5.   For all relief allowed under Labor Code §98.6.

21  6.   For any other relief as may be just and proper, including injunctive and/or declaratory

22       relief.

23                            JURY TRIAL DEMANDED

24      Plaintiff demands a jury trial.

25  Respectfully submitted,         ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

26  Dated:  May 14, 2008            **/S/ Abraham N. Goldman**

27                                  _____
                                    Abraham N. Goldman, Attorney for Plaintiff
28                                  David Springfield, Attorney for Plaintiff

    **FIRST AMENDED COMPLAINT**                10

## PROOF OF SERVICE

I am over the age of 18 years, not a party, and am employed at Yuba County, California.

Pursuant to common business practice, I served the attached:

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE**

**CLAIMS ACTS DISCRIMINATION/RETALIATION AND SUPPLEMENTAL STATE**

**LAW CLAIMS**

on the following party and attorneys in this action by causing a true and correct copy thereof to

be delivered addressed as shown below, by facsimile and first class U.S. Mail on *May 14, 2008,*

to:

| | |
|---|---|
| Richard C. Bolanos, Esq. | Attorneys for defendants CITY OF CRESCENT |
| Morin I. Jacob, Esq. | CITY, DENNIS BURNS, ELI NAFFAH, and |
| LIEBERT CASSIDY WHITMORE | MIKE SCAVUZZO |
| 153 Townsend Street, Suite 520 | |
| San Francisco, CA 94107 | |
| Fax: (415) 856-0306 | |

I am familiar with common business practice regarding collection and processing of

documents for mailing with the U.S. Postal Service. Such documents were sealed prepaid and

placed for collection on the date stated below.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct and that this declaration was executed *May 14, 2008,* at Yuba

County, California.


/S/ Katherine W. Lendech
_____
Katherine W. Lendech

FIRST AMENDED COMPLAINT

11

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action. My business address is 153 Townsend Street - Suite 520, San Francisco, California  94107.

On the date set forth below, I served the within:

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

on the following interested party(s) in this action:

Abraham N. Goldman
ABRAHAM N. GOLDMAN & ASSOCIATES
12896 Rices Crossing Road
Oregon House, California  95962-0120
Telephone: 530.692.2267
Facsimile:  530. 692.2543

**(X)  BY OVERNIGHT**   I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, Federal Express, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

**(X)  BY FACSIMILE**   I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 415.856.0306 to the above-listed facsimile number(s) prior to 5:00 p.m. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on May 16, 2008.


Sarah Stewart
Secretary to Morin I. Jacob

59126.1 CR015-004                                    - 1 -