Richard C. Bolanos, Bar No. 111343
rbolanos@lcwlegal.com
Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

Telephone: (415) 512-3000
Facsimile: (415) 856-0306

Attorneys for Defendants
CITY OF CRESCENT CITY; DENNIS BURNS;
ELI NAFFAH, MIKE SCAVUZZO; DOUGLAS
PLACK (Formerly DOE No. 1)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEI LYN SANCHES,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH, MIKE SCAVUZZO; DOUGLAS PLACK, (Formerly DOE No. 1) and DOES 2 through 100 and each of them inclusive.,<br><br>           Defendants. | Case No. CV-08-1395 MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date: June 19, 2008<br>Time: 10:00 A.M.<br>Dept.: Courtroom B, 15th Floor<br>Judge: Maria-Elena James |

The parties to the above-entitled action submit this Joint Case Management Statement and Proposed Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

**JOINT CASE MANAGEMENT STATEMENT**

1. A brief description of the events underlying the action:

   Plaintiff was the Finance Director for Crescent City. Plaintiff alleges she blew the whistle

---

63366.1 CR015-004

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] CASE MANAGEMENT
ORDER CV-08-1395 MEJ

on various activities that the City was engaged in. Plaintiff alleges she was terminated as an act of retaliation, without any alleged due process rights, her contract was breached, and she was defamed.

2. The principal factual issues which the parties dispute:

Defendants: Defendants deny all of the allegations in plaintiff's complaint.

Plaintiff: Was Plaintiff's termination retaliatory, was plaintiff's contract breached, was plaintiff defamed, the amount of plaintiff's damages. Further factual issues as may be raised in Defendants' answers and affirmative defenses, when filed.

3. The principal legal issues which the parties dispute:

Defendants: Defendants have raised the legal issues in dispute in their motion to dismiss as to all causes of action. Further legal issues will be addressed on summary judgment as to all causes of action.

Plaintiff: On the breach of contract claim in the amended complaint, is plaintiff exempt from the City's six month probation rule, and is the contract plain on its face, or ambiguous. On retaliation claims: was plaintiff's protected activity a legal cause of her termination? Further legal issues which may result from the answer and affirmative defense, when filed.

4. Other issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and the parties' proposed resolution:

Defendants: Defendants maintain that Plaintiff has improperly served and filed a first amended complaint after a responsive pleading had been filed. Neither leave of Court nor permission from Defendants was obtained per the F.R.C.P.

Plaintiff: Plaintiff contends the first amended complaint is proper under F.R.C.P. 15 (a)(1)(A), as being filed and served before an answer was filed.

5. The parties who have not been served and the reasons for said lack of service:

None.

6. The additional parties whom the below-specified parties intend to join and the intended time frame for such joinder.

Plaintiff: Plaintiff has named as Doe No. 1, in the amended complaint, Crescent City

Police Chief Douglas Plack. The parties have stipulated service can be made upon defendants' counsel. A Summons and Waiver will be served on or before June 12, 2008.

 Plaintiff may join additional parties and identify Doe defendants as a result of discovery and initial disclosures. Leave is requested to complete this by July 30, 2008.

B. Consent to Magistrate Judge for Trial:

1. The parties consent to assignment of this case to a United States Magistrate Judge for Trial: __X__ Yes _____ No

The consent/request for reassignment form is attached to the back of this sample joint case management statement and order. The consent/request for reassignment form was received by Defendant with service of process of the complaint. <u>Each party shall file the signed form consenting to Magistrate Judge James' Jurisdiction or requesting reassignment to a district court judge no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.</u>

C. Alternative Dispute Resolution:

 The parties have discussed and request the following court ADR process: Nonbinding Arbitration, Early Neutral Evaluation, Mediation, or Early Settlement *[If Nonbinding Arbitration, Early Neutral Evaluation or Mediation, state the expected or scheduled date for the ADR session]*:

 Parties have stipulated to mediation under the Northern District Rules.

D. Jury Trial

 Plaintiff requests trial by jury.

**[PROPOSED] CASE MANAGEMENT ORDER**

[Counsel shall fill in the stipulated dates for the matters below]

Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management conference on _____ and ORDERS as follows:

A. <u>ADR Program:</u>

1. The parties are hereby referred to <u>Northern District Mediation Program</u>. *[ADR selection above]*

2.    The parties shall file their ADR certification by the date assigned by the initial case management schedule received from the Clerk of the Court, pursuant to Civil L.R. 16-8.

B.    <u>Jury or Court Trial:</u>

1.    The parties shall designate in **both their pleadings and joint case management statement** whether the trail requested is a jury trial or court trial *[designate one below]*:

| | |
|---|---|
| Plaintiff requests a jury trial | X |
| Defendant requests a jury trial | ___ |
| Plaintiff requests a court trial | ___ |
| Defendant requests a court trial | ___ |

C.    <u>Pretrial Motions:</u>

1.    All pretrial motions shall be filed in accordance with Civil >R. 7. A motion shall be noticed pursuant to Civil L.R. 7-2 without calling the Court. Civil law and motion is heard on Thursday mornings at 10:00 a.m.

D.    <u>Discovery</u>:

1.    The parties shall abide by Judge James' standing order regarding discovery and dispute procedures.

E.    <u>Disclosure of Expert Witnesses:</u>

1.    Any party wishing to present expert witness testimony with respect to a claim or defense shall serve on all other parties the name, address, qualifications, resume, and a written report which complies with Federal Rule of Civil Procedure 26(a)(2)(B) on or before _____ (210 days before trial).

///
///
///
///
///
///

2. This disclosure must be made with respect to a person who is either (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3. <u>A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).</u>

F. <u>Rebuttal Expert Witnesses</u>:

1. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than _____ (200 days before the trial).

G. <u>Limitation on Testimony by Expert Witnesses</u>:

1. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.

2. Unless application is made prior to the close of expert discovery, each party is limited to calling only one expert witness in each discipline involved in the case.

3. Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony no later than the deadline set in this order for filing motions *in limine*.

H. <u>Close of Discovery</u>:

1. All discovery, including depositions of expert witnesses, must be completed by _____ (185 days before trial).

2. Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or

1  stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable
2  except by order of the Court and upon a showing of good cause.
3  3.  Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the
4  discovery cut-off date.

6  I.  <u>Dispositive Motions</u>:
7  1.  Pursuant to Civil L.R. 7-2, all dispositive motions shall be filed, served and noticed by
8  _____ (155 days prior to trial). The parties shall file a joint statement of undisputed facts
9  pursuant to Civil L.R. 56-2(b) when filing a motion for summary judgment or summary adjudication.
10  2.  The Court shall hear dispositive motions on _____ (120 prior days to trial, during the
11  Court's Thursday law and motion calendar) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal
12  Building, located at 450 Golden Gate Avenue, San Francisco, California.

14  J.  <u>Exchange and filing of Trial Papers</u>:
15  1.  By _____ (60 days before trial) lead counsel who will try the case shall meet and confer
16  with respect to the preparation and content of the joint pretrial conference statement and shall
17  exchange (but not file or lodge) the papers described in paragraph 2 below.
18  2.  By _____ (45 days before trial) counsel shall file the papers described in Federal Rule
19  of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:
20  (A) Substance of the Action: A brief description of the substance of claims and defenses which remain
21  to be decided.
22  (B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of
23  damages claimed as well as witnesses, documents or other evidentiary material to be presented
24  concerning the amount of damages.
25  (C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as
26  well as which facts parties will stipulate for incorporation into the trial record without the necessity of
27  supporting testimony or exhibits.
28  (D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain

to be decided.

(E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates and an estimate of the time required for direct and cross examination of each prospective witness.

(H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list shall list each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial.

(I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.

(J) Settlement: A statement summarizing the status of the parties' settlement negotiations.

<u>No party shall be permitted to offer any witness or exhibit in its case in chief that is not disclosed in its witness or exhibit list without leave of the Court for good cause shown.</u>

3. Motions *in limine*: <u>Counsel are directed to meet and confer to resolve any evidentiary disputes prior to filing motions *in limine*.</u> Any motions *in limine* shall be filed _____ (45 days prior to trial). Any Opposition to motions *in limine* shall be filed _____ (38 days prior to trial). These matters will be deemed submitted on the papers without oral argument, unless the Court orders otherwise.

4. Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, all significant disputed issues of law, including foreseeable procedural and evidentiary issues by _____ (30 days prior to trial).

5. Joint Proposed Voir Dire (Jury Trial Only): Counsel should submit a **joint** set of requested voir dire to be posed by the Court by _____ (30 days prior to trial). Any voir dire questions on which counsel cannot agree shall be submitted separately by _____ (30 days prior to trial). Counsel will be allowed brief follow-up voir dire after the Court's questioning.

6. Joint Proposed Jury Instructions (Jury Trial Only): Jury instructions § 1.01 through § 2.02 and § 3.01 through § 3.15 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1998 Edition) will be given absent objection. Counsel shall submit a **joint** set of additional proposed jury instructions by _____ (30 days prior to trial). . The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction. The Court prefers that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit.

If possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect format. The disk label shall include the name of the parties, the case number and be entitled "Proposed Jury Instructions."

At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

7. Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall submit any **joint** proposed verdict forms and shall submit their separate verdict forms by _____ (30 days prior to trial).

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed verdict forms on a computer disk in WordPerfect. The disk label shall include the name of the parties, the case number and be entitled "Proposed Verdict Forms."

8. Proposed Findings of Fact and Conclusions of Law (Court Trial Only): Counsel shall submit **joint** proposed findings of facts by _____ (30 days prior to trial). Counsel shall submit separately a copy of their disputed findings of fact and conclusions of law by _____ (30 days prior to trial).

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed findings of fact on a computer disk in WordPerfect. The disk label shall include the name of the

parties, the case number and be entitled "Joint Proposed Findings of Facts."

K. **Pretrial Conference:**

1. On _____ (30 days prior to trial, during the Court's Thursday law and motion calendar is held on Thursdays) the Court shall hold a pretrial conference at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case must attend the pretrial conference. The purpose of the pretrial conference is for the Court to rule on any issues raised in the final pretrial conference statement, motions *in limine*, and to discuss the trial of the case.

L. **Final Pretrial Conference:**

1. On _____ (4 days prior to trial, during the Court's Thursday law and motion calendar) the Court shall hold a final pretrial conference to address any outstanding trial issues.

M. **Trial Date:**

1. The trial shall commence [with jury selection taking place] on _____ (Trial schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.). The trial shall last _____ days.

2. For any documents, including the deposition of a witness testifying at trial, which will be shown presented to a witness but will not be admitted into evidence, counsel shall bring the original plus three clean copies of the documents. The original document will be handed to the Court during testimony, and the clean copies of the document will be given to the witness during the examination and to opposing counsel.

3. Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags stapled to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. The Court will only admit premarked exhibits which were listed on the earlier filed exhibit list.

Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically.

The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4. On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked exhibits for opposing counsel and two binders which contain a copy of each side's premarked exhibits for the Court. **The premarked exhibit binders are to be designated with label dividers.** The premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

N. Jury Selection:

1. The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

    Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

    The Court will then take cause challenges, and discuss hardship claims from the individual jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk.

    Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury. All jurors remaining at the close of the case will deliberate. There are no alternates.

O. Sanctions:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

```
 1
 2
 3  P.   Transcripts:
 4         Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court
 5  Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.
 6         If any video or tape recording equipment or demonstrative devices will be used, a signed
 7  order will need to be obtained at least ten days in advance of the trial date for the items to clear
 8  security.
 9
10  Q.   Questions:
11         All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom
12  Deputy Clerk to Judge James, at (415) 522-4708.
13
14  Date: June 11, 2008           Plaintiff's Counsel   /s/ Abraham Goldman
                                                        Signature
15
16                                Plaintiff's Counsel   Abraham Goldman
                                                        Printed Name
17
18  Date: June 11, 2008           Defendant's Counsel   /s/
                                  Signature
19
20                                Defendant's Counsel   Morin Jacob
                                                        Printed Name
21
        IT IS SO ORDERED.
22
23  Date: _____
                                                        _____
24                                                      Maria-Elena James
                                                        United States Magistrate Judge
25
26
27
28
```

-11-

## NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial. In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties. An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition. Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.

IT IS SO ORDERED.

Date: December 13, 2002

_____
Maria-Elena James
United States Magistrate Judge

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 153 Townsend Street, Suite 520, San Francisco, California 94107. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 12, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**

in a sealed envelope, postage fully paid, addressed as follows:

Abraham N. Goldman
ABRAHAM N. GOLDMAN & ASSOCIATES
12896 Rices Crossing Road
Oregon House, California 95962-0120
Telephone: 530.692.2267
Facsimile: 530. 692.2543

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2008, at San Francisco, California.

*Ervietta McCullough*
Ervietta McCullough

63446.1 CR015-004

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER