Abraham N. Goldman/Cal. State Bar #102080
David Springfield/Cal. State Bar #226630
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
Post Office Box 120
12896 Rices Crossing Road
Oregon House, CA 95962-0120
Tel.: (530) 692-2267
Fax: (530) 692-2543
E-mail: agoldman@succeed.net   davids@succeed.net

Attorneys for Plaintiff
JOEI LYN SANCHES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEI LYN SANCHES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF CRESCENT CITY, et al.<br>　　　　Defendants. | Case No. CV 08 1395 MEJ<br><br>**DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>CMC Date: June 19, 2008<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom B, 15th Floor<br>Judge:　　Maria-Elena James |

Pursuant to F.R.C.P. Rule 26(f), during conferences on May 24, 27, 29, and June 11, 2008, between counsel for plaintiff JOEI LYN SANCHES and counsel for all defendants CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH; MIKE SCAVUZZO; and DOUGLAS PLACK; counsel for the parties discussed and agreed to the following Discovery Plan:

　　　1. The parties shall exchange the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) no later than June 27, 2008.

　　　2. Discovery will be needed by all parties on all issues raised by or related to the claims, denials, and defenses in the pleadings

3. Plaintiff intends to take the depositions of 1) the named defendants, 2) other current employees or agents of Crescent City, including Rule 30(b)(6) depositions 3) past employees and agents of Crescent City; the current and two former Crescent City City Attorneys; the Del Norte Sheriff's Department; Crescent City's insurer relating to the automobile incident alleged in the pleadings; other percipient witnesses to the incidents and occurrences alleged in the pleadings, including defamation, which will include other City employees, members of the Crescent City Police Department, several Crescent City residents, and the local newspaper, the "Daily Triplicate." Plaintiff currently estimates these party and non-party depositions, including Rule 30(b)(6) depositions, are to be approximately 25, subject to additional depositions as a result of disclosures and discovery, not including document only depositions.

4. Defendants plan to take the following depositions: Plaintiff. Defendants reserve the right to notice the depositions of other witnesses as they are identified during the course of discovery.

5. The parties will exchange their experts' reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), no later than ninety (90) days before trial. The reports shall set forth the facts on which the expert relies and the process of reasoning by which the expert' s conclusions are reached .

6. The parties may serve any expert's rebuttal report pursuant to Federal Rule of Civil Procedure 26(a)(2), no later than thirty (30) days after the other party's disclosure.

7. Depositions of the experts shall commence no later than forty-five (45) days before trial.

8. All discovery shall be completed thirty (30) days before trial; all expert discovery fifteen (15) days before trial.

9. The parties reserve the right to seek or to schedule additional discovery

Discovery Plan Pursuant to F.R.C.P. 26(f)

2

as may become necessary, so long as it is completed thirty (30) days before trial.

10. Each party may serve upon each other party, in addition to the interrogatories allowed under F.R.C.P. Rule 33, one set of California Judicial Council Employment Law Form Interrogatories. The provisions of F.R.C.P. Rule 26(e) shall apply to such form interrogatories.

11. The procedures of California Code of Civil Procedure Sections 1985.3(I) and 1985.1(h) shall apply to requests for production and subpoenas where relevant.

12. Whenever a potential issue of privilege appears from the service of any discovery requests, the parties shall meet and confer at the earliest opportunity, and take all reasonable steps to resolve any potential issues, or present the issue to the Court for resolution, in advance of any deposition or noticed production.

13. Final lists of witnesses and exhibits under Rule 26(a)(3) are due to be thirty (30) days before trial.

14. The parties have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

Respectfully submitted,

ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

Dated: June 11, 2008

*/s/ Abraham N. Goldman*
Abraham N. Goldman, Attorney for Plaintiff
David Springfield, Attorney for Plaintiff


LIEBERT CASSIDY WHITMORE

Dated: June 11, 2008

*/s/*
Morin I. Jacob, Attorney for Defendants

Discovery Plan Pursuant to F.R.C.P. 26(f)

3

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 153 Townsend Street, Suite 520, San Francisco, California 94107. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 12, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

in a sealed envelope, postage fully paid, addressed as follows:

Abraham N. Goldman
ABRAHAM N. GOLDMAN & ASSOCIATES
12896 Rices Crossing Road
Oregon House, California 95962-0120
Telephone: 530.692.2267
Facsimile: 530. 692.2543

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 12, 2008, at San Francisco, California.

*Ervietta McCullough*
Ervietta McCullough

63447.1 CR015-004

DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)