Richard C. Bolanos, Bar No. 111343
rbolanos@lcwlegal.com
Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107
Telephone:    (415) 512-3000
Facsimile:    (415) 856-0306

Attorneys for Defendants
CITY OF CRESCENT CITY;
DENNIS BURNS, ELI NAFFAH;
MIKE SCAVUZZO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEI LYN SANCHES,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH; MIKE SCAVUZZO; AND DOES 1 through 100, AND EACH OF THEM, INCLUSIVE,,<br><br>            Defendants. | Case No.  CV 08-01395 MEJ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAR TELEPHONICALLY**<br><br>Date:     July 10, 2008<br>Time:    10:00 a.m.<br>Dept:    Courtroom B, 15th Floor<br>Judge:  Maria-Elena James |

Defendants do not oppose Plaintiff's request to appear by telephone on July 10, 2008.

However, Plaintiff improperly raises an argument in her Request for Telephonic Appearance addressed to this Court.  Defendants oppose this and request that this Court disregard any argument on the merits of Defendants' motion to dismiss, as the time for filing an Opposition to the Motion to Dismiss has passed.  Plaintiff's opposition to the motion to dismiss was due to be served and filed on May 8, 2008.  Plaintiff filed no opposition.

In addition, Defendants' Reply Brief filed regarding the motion to dismiss clearly argues that the Federal Rules of Civil Procedure allow a plaintiff to amend a complaint once as a matter

- 1 -

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAR TELEPHONICALLY
CASE NO. CV 08-01395 MEJ
64714.2 CR015-004

of course. *F.R.C.P. Section 15(a) (1).* However, this ability to amend a complaint is not unlimited. The Rule expressly provides that a plaintiff can only amend a complaint if: no responsive pleading has been filed and served, or if within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. In all other cases, a party may amend its pleading "only with the opposing party's written consent or the court's leave." *F.R.C.P. Section 15(a) (1), (2).*

Here, Defendants served their responsive pleading (a motion to dismiss) on April 21, 2008. Hence, plaintiff lost the ability to file an amended complaint without seeking leave of court or permission from Defendants when the motion to dismiss was filed and served. Plaintiff should have filed a motion for leave to amend the complaint. Plaintiff cannot, as a matter of course, file one at this time because Defendants served and filed a responsive pleading.

Thus, Defendants request that their motion to dismiss be granted for all of the reasons set forth in the moving papers. The motion is not moot.

Dated:  June 26, 2008                                LIEBERT CASSIDY WHITMORE


By:_____/s/_____
Morin I. Jacob,
Attorneys for Defendants
City of Crescent City;
Dennis Burns, Eli Naffah;
Mike Scavuzzo

- 2 -

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAR TELEPHONICALLY
CASE NO. CV 08-01395 MEJ
64714.2 CR015-004