Richard C. Bolanos, Bar No. 111343
rbolanos@lcwlegal.com
Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

Telephone:     (415) 512-3000
Facsimile:      (415) 856-0306

Attorneys for Defendants
CITY OF CRESCENT CITY; DENNIS BURNS;
ELI NAFFAH; MIKE SCAVUZZO; DOUGLAS
PLACK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEI LYN SANCHES,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH; MIKE SCAVUZZO; DOUGLAS PLACK (Formerly Doe No. 1) AND DOES 2 through 100, AND EACH OF THEM, INCLUSIVE,<br><br>                    Defendants. | Case No.  **CV 08-01395 MEJ**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]**<br><br>**Date:       September 4, 2008**<br>**Time:       10:00 a.m.**<br>**Dept.:      Courtroom B, 15th Floor**<br>**Judge:      Maria-Elena James**<br><br>*(Filed Concurrently with Notice of Motion)*<br><br>**(Exempt from filing fees pursuant to Government Code, Section 6103)** |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................. 1

II.    STATEMENT OF ALLEGATIONS ................................................................ 1

III.   ARGUMENT .................................................................................................. 2

    A.    The Legal Standards for Motions to Dismiss.......................................... 2

    B.    The Governmental Immunities Bar All of Plaintiff's Claims Against All Defendants............................................................................................... 3

    C.    Defendants Scavuzzo and Burns Are Entitled to Legislative Immunity For All of the Claims. .............................................................................. 4

    D.    Plaintiff's First Claim for Violation of Section 1983 Fails to State Facts Sufficient to State a Claim ...................................................................... 5

        1.    Plaintiff Fails to State Sufficient Facts to Plead a § 1983 Claim Against City Because Plaintiff Cannot Allege that a Policy or Custom Deprived Plaintiff of any Constitutional Rights ........................... 5

        2.    Plaintiff Fails to State Sufficient Facts to Plead a § 1983 Claim Against the Individual Defendants ................................................ 6

            a.    Plaintiff Cannot Maintain the § 1983 and First Amendment Claim for Money Damages Against the Individual Defendants in Their Official Capacities......................................... 6

            b.    Plaintiff's § 1983 and First Amendment Claims Against the Individual Defendants in their Individual Capacity Fail Because the Individual Defendants Are Entitled to Qualified Immunity ..................................................................... 7

            c.    Plaintiff's § 1983 Claim and First Amendment Claims Against the Individual Defendants in their Individual Capacities Fails Because There are No Allegations That They Acted Under the Color of Law................................ 9

        3.    Plaintiff Fails to State Sufficient Facts to Establish Claims for Violation of the First Amendments Against All Defendants ...................... 9

    E.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim for Violation of the False Claims Act, and Plaintiff Fails to Allege Sufficient Facts ...................................................................................................... 10

        1.    Plaintiff's Failure to Follow Qui Tam Procedures Mandates That This Claim Be Dismissed.................................................................... 10

        2.    The Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim Because Liability Does Not Attach to Them As Individuals or in Their Official Capacities......................... 11

        3.    The City and Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim ........................................... 12

        4.    Plaintiff Has Not Properly Alleged That She Made a Public Disclosure................................................................................... 12

        5.    Plaintiff Has Not Properly Alleged That She Was the Original Source of Any Disclosures Made............................................ 13

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

**TABLE OF CONTENTS**
**(continued)**

Page

F.   Plaintiff Fails to State Sufficient Facts to Support Her 3rd Claim for Breach of Contract..............................................................................................14

G.   Plaintiff Fails to State Sufficient Facts to Support Her 4th Claim for Wrongful Termination .......................................................................................15

    1.   Plaintiff's Common Law Claim Fails to State Sufficient Facts.................15

    2.   Plaintiff's Statutory Claims Are Redundant and/or Cannot Be Raised as Bases for a Claim.....................................................................16

H.   Plaintiff's 5th Claim Fails to State Facts Sufficient to Constitute a Cause of Action...................................................................................................17

    1.   Plaintiff's Privacy, False Light, IIED and NIED Claims Must All Be Dismissed as Redundant. .................................................................17

    2.   The Defamation and False Light Claims Fail to State Sufficient Facts ............................................................................................................18

        a.   Plaintiff Fails to Identify the Defamatory Statements ..................18

        b.   Any Statements Allegedly Made By the City Attorney Are Privileged ......................................................................................19

        c.   Any Statements Made by Council Member Scavuzzo or Mayor Burns are Privileged .........................................................20

        d.   City Is Absolutely Immune from Liability for any Statements Made by Its Employees .............................................20

        e.   Defamatory Statements Are Protected Under the Common Law "Manager's Privilege.".........................................................21

    3.   The Invasion of Privacy Claim Fails to State Sufficient Facts ................21

    4.   The Intentional and Negligent Infliction of Emotional Distress Claims Must Be Dismissed ....................................................................22

        a.   Plaintiff's Claims Are Barred by the Workers' Compensation Exclusivity Provision ...........................................22

        b.   Defendants' Alleged Conduct Was Not "Extreme" and "Outrageous.".............................................................................22

IV.   CONCLUSION .........................................................................................................23

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

66797.2 CR015-004                                    ii                    CASE NO. C-08-1395 MEJ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Anderson v. Creighton,* 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)...........................8

*Bishop v. Wood*, 426 U.S. 341, 96 S. Ct. 2074, 48 L. Ed. 684 (1976)...........................................6

*Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir.1995)......................................................5

*Brewster v. Board of Education,* 149 F.3d 971 (9th Cir. 1998)..................................................8

*Clegg* v. *Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .................................................3

*Clement v. American Greetings Corp.*, 636 F.Supp. 1326 (S.D.Cal. 1986) ...............................21

*Clemes v. Del Norte County United School Dist.,* No. C-93-1912, 1996 WL 331096, at 7, n. 6, (N.D.Cal. May 28, 1996) .............................................................................................11

*Conely* v. *Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) ...............................................................3

*Connick v. Myers*, 461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983) ............................6

*Cooper v. Blue Cross and Blue Shield,* 19 F.3d 562 (11th Cir.1994)......................................13

*Davis v. Scherer* 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984) ............................8

*Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed 2d 662 (1974)............................7

*Hafer v. Melo*, 502 U.S. 21 (1991)........................................................................................9

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ...................8, 9

*Holmes v. Crosby*, 418 F.3d 1256 (11th Cir. 2005) ..............................................................9

*Houck v. Folding Carton Admin. Comm.,* 881 F.2d 494 (7th Cir.1989), *cert. denied,* 494 U.S. 1027 (1990) .........................................................................................................13

*Hudson v. City of New Orleans,* 174 F.3d 677 (5th Cir.1999).................................................11

*Hunter v. Bryant* 502 U.S. 224, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) ...........................8

*Hutchins v. Wilentz,* 253 F.3d 176 (3d Cir.2001)..................................................................12

*Johnson v. Houston Indep. Sch. Dist.,* 930 F.Supp. 276 (S.D.Tex.1996) ................................5

*Kacludis v. GTE Sprint Communications Corp.*, 806 F.Supp. 866 (N.D.Cal.1992)....................21

*Kapellas v. Kofman*, 1 Cal.3d 20, 81 Cal. Rptr. 360, 459 P. 2d 912 (1969) .........................18

*Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ....................9

*Kokkoken v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S. Ct. 1673 (1994) ..............3

*Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979) ........................................................................................5

*Marlow v. Washington,* 147 F.3d 839 (9th Cir.1998) ............................................................9

*McKenzie v. BellSouth Telecomm., Inc.,* 219 F.3d 508 (6th Cir.2000).....................................12

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) ......................8

*Monell v. Department of Social Services* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ....6

*Mullins* v. *U.S. Bankruptcy Court*, 828 F.2d 1385 (9th Cir. 1987)..........................................3

*Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)..............6

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

# TABLE OF AUTHORITIES
## (continued)

Page

*Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991) .................................................... 6

*Sloman v. Tadlock*, 21 F.3d 1462 (9th Cir. 1994) ........................................................................... 8

*Tenney v. Brandhove*, 341 U.S. 367, 71 S. Ct. 783, 95 L.Ed. 1019 (1951) ................................ 4, 5

*Trujillo v. Board of County Commissioner*, 768 F.2d 1186 (10th Cir. 1985) ............................... 10

*United States* ex rel. *Dick v. Long Island Lighting Co.*, 912 F.2d 13 (2d Cir.1990) ..................... 13

*United States* ex rel. *Fine v. Advanced Sciences, Inc.,* 99 F.3d 1000 (10th Cir.1996) ................. 13

*United States* ex rel. *Foulds v. Texas Tech University,* 171 F.3d 279 (5th Cir.1999) ................... 11

*United States* ex rel. *Lamar v. Burke,* 894 F.Supp. 1345 (E.D.Mo.1995) .................................... 11

*United States* ex rel. *Smith v. Yale Univ.,* 415 F.Supp.2d 58 (D.Conn.2006) .............................. 12

*United States* ex rel. *Springfield Terminal Ry. v. Quinn,* 14 F.3d 645 (D.C.Cir.1994) ............... 13

*United States* ex rel. *Stinson v. Prudential Ins. Co.*, 944 F.2d 1149 (3d Cir.1991) ..................... 13

*United States* ex rel. *Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032 (6th Cir.1994) ............................................................................................................................................................ 13

*Wang v. FMC Corp.,* 975 F.2d 1412 (9th Cir.1992) ........................................................................ 13

*West v. Atkins,* 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) ........................................ 5

*White v. Apollo Group*, 241 F.Supp.2d 710 (2003) ........................................................................ 11

*Wilkins* ex rel. *United States v. Ohio,* 885 F.Supp. 1055 (S.D.Ohio 1995) ................................. 11

*Will v. Michigan Department of State Police* 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ...................................................................................................................................................... 7

## State Cases

*Caldwell v. Montoya*, 10 Cal.4th 972, 42 Cal. Rptr. 2d 842 (1995) ............................................... 4

*Chevlin v. LA Comm. College Dist.*, 212 Cal.App.3d 382, 260 Cal. Rptr. 628 (1989) ................. 3

*Cochran v. Cochran,* 65 Cal.App.4th 488, 76 Cal. Rptr. 2d 540 (1988) ................................. 22, 23

*Couch v. San Juan Unified School Dist.,* 33 Cal.App.4th 1491, 39 Cal. Rptr. 2d 848 (1995) 16, 17

*des Granges v. Crall* , 27 Cal.App. 313 (1915) ............................................................................. 19

*Forbes v. County of San Bernardino,*101 Cal.App.4th 48, 123 Cal. Rptr. 2d 721 (2002)............ 22

*Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 53 Cal. Rptr. 2d 741 (1996) .................. 23

*Kelly v. General Telephone Co.*, 136 Cal.App.3d 278, 186 Cal. Rptr. 184 (1982) ...................... 20

*Kemmerer v. Fresno County*, 200 Cal.App.3d 1426, 246 Cal. Rptr. 609 (1988) ..................... 4, 14

*Long v. Pinto,* 126 Cal.App.3d 946, 179 Cal. Rptr. 182 (App. 4 Dist. 1981)................................ 20

*Lortz v. Connell,* 273 Cal.App.2d 286, 78 Cal. Rptr. 6 (1969) ...................................................... 14

*Masters v. San Bernardino Employees Retirement Assn*, 32 Cal.App.4th 30, 37 Cal. Rptr. 2d 860 (1995) ...................................................................................................................................................... 3

*Miller v. State of California,*18 Cal.3d 808, 135 Cal. Rptr. 386, 557 P. 2d 970 (1977) ............... 14

*Moyer v. Amador Valley J. Union High School Dist.*, 225 Cal.App.3d 720, 275 Cal. Rptr. 494

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

# TABLE OF AUTHORITIES
### (continued)

Page

(1990) ................................................................................................................ 19

*Otworth v. Southern Pac. Transportation Co.*, 66 Cal.App.3d 452, 136 Cal. Rptr. 1 (1985) ....... 14

*Robomatic, Inc. v. Vetco Offshore, et al.,* 225 Cal.App.3d 270, 275 Cal. Rptr. 70 (1990)............ 20

*Rodrigues v. Campbell Industries*, 87 Cal.App.3d 494, 151 Cal. Rptr. 90 (1978) ....................... 18

*Selleck v. Globe International, Inc.*,166 Cal.App.3d 1123, 212 Cal.Rptr. 838 (1985)...... 16, 18, 19

*Shoemaker v. Myers*, 2 Cal.App.4th 1407, 4 Cal. Rptr. 2d 203 (1992) .......................................... 4

*Shoemaker v. Myers*, 52 Cal.3d 1, 276 Cal. Rptr. 303, 801 P. 2d 1054 (1990) ............................ 14

*Shulman v. Group W. Productions*,18 Cal.4th 200, 74 Cal. Rptr. 2d 843, 955 P. 2d 469 (1998) . 21

*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal. Rptr. 839, 610 P. 2d 1330 (1980) ..... 15

*Vogel v. Felice,* 127 Cal.App.4th 1006, 26 Cal. Rptr. 3d 350 (2005)............................................ 19

*Wasser v. San Diego Union*, 191 Cal.App.3d 1455, 236 Cal. Rptr. 772 (1987).......................... 21

*Wise v. Southern Pacific Co.,* 223 Cal.App.2d 50, 35 Cal. Rptr. 652 (1963) .............................. 14

## Federal Statutes

31 U.S.C. § 3730 .......................................................................................................................... 11

31 U.S.C. § 3730(e)(4)(A) ............................................................................................................ 13

31 U.S.C. § 3730(h) ...................................................................................................................... 12

42 U.S.C. § 1983 .................................................................................................................... passim

## State Statutes

Cal. Civ. Code § 47(b) .................................................................................................................. 20

Cal. Civ. Code § 47(c) ...................................................................................................... 19, 20, 21

Gov. Code § 815.2(b) ...................................................................................................................... 4

Gov. Code § 818.8 ...................................................................................................................... 3, 21

Gov. Code § 820.2 ........................................................................................................................... 4

Labor Code § 1102.5 ..................................................................................................................... 17

Labor Code § 1102.6 ..................................................................................................................... 17

Labor Code § 1102.7 ..................................................................................................................... 17

Labor Code § 1102.8 ..................................................................................................................... 17

Labor Code § 1103 ........................................................................................................................ 17

Labor Code § 1104 ........................................................................................................................ 17

Labor Code § 1105 ........................................................................................................................ 17

Labor Code § 2856 ........................................................................................................................ 17

Labor Code § 3602 ........................................................................................................................ 22

Labor Code § 98.6 ......................................................................................................................... 17

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

# TABLE OF AUTHORITIES
## (continued)

Page

**Rules of Evidence and Procedure**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 3

**Constitutions**

U.S. Const. amend. XIV ................................................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

## I.    **INTRODUCTION**

Plaintiff served an amended complaint with the belief that she had cured the defects raised in Defendants' original motion to dismiss.  Plaintiff has still not cured the problems after amending her complaint.  This motion to dismiss must be granted, in its entirety, without leave to amend for the following reasons:

- The governmental and legislative immunities bar Plaintiff from seeking recovery for all of the claims;

- Plaintiff fails to state sufficient facts to support her first claim for violation of section 1983 and the First Amendment;

- This Court has no subject matter jurisdiction over the False Claims Act claim because Plaintiff failed to follow the *qui tam* claim procedures; and Plaintiff fails to state sufficient facts to support a claim for the False Claims Act;

- Plaintiff cannot sue for breach of contract because public employees' employment is held by statute, and Plaintiff has failed to state facts sufficient to state a cause of action;

- Plaintiff cannot maintain her claim for wrongful termination because she fails to state facts sufficient to constitute a cause of action, and her common law and statutory claims for wrongful termination are redundant; and

- Plaintiff's fifth claim containing five separate claims must all be dismissed as redundant, barred by immunities, and for failure to state facts to state a cause of action.

## II.    **STATEMENT OF ALLEGATIONS**

Plaintiff Joei Lyn Sanches ("Plaintiff") was wrongfully terminated from her position as Director of Finance for the City of Crescent City ("City") on September 25, 2007. (FAC ¶ 5). Plaintiff was hired by City on April 4, 2007 by a one year contract.  (FAC ¶ 7).

Defendant Dennis Burns ("Burns") is the Mayor of City; Defendant Eli Naffah ("Naffah") is the City Manager, Defendant Mike Scavuzzo ("Scavuzzo") is an elected City Council member,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

and Defendant Douglas Plack ("Plack") is the Chief of Police.  (FAC ¶¶ 8-11).

On or about June 6, and again on June 15, 2007 Plaintiff, acting as a private citizen, filed a complaint with the IRS regarding City allegedly not paying employment taxes and not reporting income on monies paid to members of the City's city council.  (FAC ¶¶ 20).  Plaintiff made a complaint against City and against Defendant Scavuzzo.  (FAC ¶¶ 21).

On or about September 26, 2007 Plaintiff spoke out at a public workshop regarding illegal sewer rate increases made by the City in 2006.  (FAC ¶ 22).

From May 2007 through October 2007, Plaintiff, acting as a private citizen, disclosed critical information and materials to the local newspaper relating to illegal annuities the City had granted to the City's council members, improper tax reporting of income to Defendants Scavuzzo and Naffah, the recovery of monies from current and former city council members, and the illegal increase in sewer rates.  (FAC ¶ 23).

On September 25, 2007, Defendants Burns and Naffah confronted Plaintiff and wrongfully terminated her, without notice or hearing.  (FAC ¶¶ 24).  Plaintiff's termination was approved and ratified by the city council, but said approval and ratification failed to comply with Government Code § 54957.  (FAC ¶¶ 26-27).

Defendants have continued to harass and retaliate against Plaintiff since her termination by: Defendants, except for Plack, attempted to violate Plaintiff's free speech by prohibiting her from filing a ballot initiative in December 2007; denying Plaintiff the right to file for sewer rate overcharges on November 25, 2007; making a false claim for reimbursement and indemnification from Plaintiff for a city vehicle collision in August 2007 for which Plaintiff had no fault.  All of the Defendants caused a police officer to create a false police report finding Plaintiff at fault for a car accident, and defaming Plaintiff to City employees and to the public as being unprofessional and committing illegal acts.  (FAC ¶ 29).

## III.    ARGUMENT

### A.    The Legal Standards for Motions to Dismiss.

Plaintiff bears the initial burden of presenting a cognizable theory or alleging sufficient facts to establish a viable claim.  A motion to dismiss tests the legal sufficiency of the claim or

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1    claims stated in the complaint. FRCP 12(b)(6). When a Rule 12(b)(1) motion is filed in

2    conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first.

3    This prevents a court without jurisdiction from prematurely dismissing a case with prejudice.

4    Plaintiff always bears the burden of establishing subject matter jurisdiction; the Court presumes

5    lack of jurisdiction until plaintiff proves otherwise. (*Kokkoken v. Guardian Life Ins. Co. of*

6    *America,* 511 U.S. 375, 114 S. Ct. 1673, 1675 (1994)).

7        The court need not accept as true allegations in plaintiff's complaint that: 1) contradict

8    matters that are properly subject to judicial notice; 2) are merely legal conclusions; or 3) are

9    unwarranted deductions of fact or reasonable inferences. (*Mullins* v. *U.S. Bankruptcy Court*, 828

10   F.2d 1385, 1388 (9th Cir. 1987); *Clegg* v. *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

11   1994)). The motion is granted when it appears that the plaintiff cannot prove any set of facts in

12   support of her claim which would entitle her to relief. (FRCP 12(b)(6); *Conely* v. *Gibson*, 355

13   U.S. 41, 78 S. Ct. 99 (1957) (overruled on other grounds)).

14   **B.    The Governmental Immunities Bar All of Plaintiff's Claims Against All Defendants.**

15       Public agencies and their employees have governmental immunities that bar liability for

16   conduct related to misrepresentations, discretionary decisions, and initiating or prosecuting

17   administrative proceedings. These immunities preclude Plaintiff from recovering *any* damages

18   from individual Defendants Burns, Naffah, Scavuzzo, and Plack or from the City.

19       First, public agencies are *absolutely* immune from liability for misrepresentations that

20   their employees make, "whether or not such misrepresentations be negligent or intentional."

21   (Gov. Code § 818.8; *Masters v. San Bernardino Employees Retirement Assn*, 32 Cal.App.4th 30,

22   37 Cal. Rptr. 2d 860 (1995)). This immunity shields a public agency from not only affirmative

23   misrepresentations, but from fraudulent concealment as well. (*Chevlin v. LA Comm. College*

24   *Dist.*, 212 Cal.App.3d 382, 260 Cal. Rptr. 628 (1989)).

25       Second, public employees are immune from tort liability resulting from discretionary

26   decisions that involve a balancing of risks and advantages—such as decisions to terminate

27   employment—"whether or not such discretion be abused." (Gov. Code § 820.2; *Caldwell v.*

28   *Montoya*, 10 Cal.4th 972, 42 Cal. Rptr. 2d 842 (1995) (immunity for decision not to renew school

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

superintendent's employment contract); *Kemmerer v. Fresno County*, 200 Cal.App.3d 1426, 1437-39, 246 Cal. Rptr. 609 (1988) (immunity for decision to discharge civil service employee); *see also Shoemaker v. Myers*, 2 Cal.App.4th 1407, 1423, 4 Cal. Rptr. 2d 203 (1992) (immunity for decision to initiate discipline)).

Third, a governmental entity is generally immune when its employees are immune.  (Gov. Code § 815.2(b); *Caldwell*, 10 Cal.4th at 980).

Here, the Complaint alleges that City and the individual Defendants terminated Plaintiff with no notice after she complained of alleged illegal conduct by City and/or the individual Defendants.  Decisions involving the termination of employment are protected by the three governmental immunities discussed above.  The immunities *absolutely* bar Plaintiff from recovering damages on these claims, regardless of whether City or the individual Defendants abused their discretion in terminating Plaintiff, and regardless of whether misrepresentations were made to Plaintiff.

## C.    Defendants Scavuzzo and Burns Are Entitled to Legislative Immunity For All of the Claims.

Individual Defendants Scavuzzo and Burns, sued in their capacity as a city council member and mayor, are absolutely immune from liability for actions taken in their legislative capacity. (FAC ¶¶ 8, 10).

The immunity of legislators from civil suit for what they do or say as legislators has its roots in the parliamentary struggles of 16th- and 17th-century England; such immunity was consistently recognized in the common law and was taken as a matter of course by our nation's founders.  In *Tenney v. Brandhove*, the U.S. Supreme Court reasoned that Congress, in enacting § 1983 as part of the Civil Rights Act of 1871, could not have intended "to overturn the tradition of legislative freedom achieved in England by Civil War and carefully preserved in the formation of State and National Governments here." (*Tenney*, 341 U.S. 367, 376, 71 S. Ct. 783, 95 L.Ed. 1019 (1951)). It therefore held that state legislators are absolutely immune from suit under § 1983 for actions "in the sphere of legitimate legislative activity."  (*Id.*).

The Supreme Court has held that is reasoning is equally applicable to local city council

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

legislators.  (*Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 405, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979)).  "…to the extent the evidence discloses that these individuals were acting in a capacity comparable to that of members of a…legislature, they are entitled to absolute immunity from federal damages liability."  (*Id.*)

The minimal allegations against Council members Scavuzzo and Burns relate to their conduct as *legislative officers*.  (FAC ¶¶8,10, 24, 46b).  As such, they are absolutely immune from liability for their acts.

**D.    Plaintiff's First Claim for Violation of Section 1983 Fails to State Facts Sufficient to State a Claim.**

The Due Process Clause of the 14th Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." (U.S. Const. amend. XIV). To state a claim under § 1983 for a violation of due process, Plaintiff must allege that she was deprived of a constitutionally protected life, liberty, or property interest, and then identify an official action that caused the constitutional deprivation.  (*Johnson v. Houston Indep. Sch. Dist.,* 930 F.Supp. 276, 285 (S.D.Tex.1996) (citing *Blackburn v. City of Marshall,* 42 F.3d 925, 935 (5th Cir.1995)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  (*West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).  Here, Plaintiff's § 1983 claim fails to state facts which, even if true, would establish a violation of Plaintiff's constitutional rights. Moreover, Plaintiff fails to state facts alleging that the individual Defendants were acting under color of state law.

**1.    Plaintiff Fails to State Sufficient Facts to Plead a § 1983 Claim Against City Because Plaintiff Cannot Allege that a Policy or Custom Deprived Plaintiff of any Constitutional Rights.**

For the City to be liable under § 1983, Plaintiff must allege that a City policy, custom, or practice caused her injury. (*Monell v. Department of Social Services* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  In *Monell* the U.S. Supreme Court held that a city can only be liable under § 1983 when the plaintiff's injury was caused by a policy or custom of the public

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

entity. (*Id*. at 694). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." (*Ibid*; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1444 (9th Cir. 1991)).

In *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986), the high court clarified the "official policy" requirement of *Monell* by explaining that it "was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." (*Id*. at 479, emphasis in original).

It is also well-settled that "[t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." (*Bishop v. Wood*, 426 U.S. 341, 96 S. Ct. 2074, 48 L. Ed. 684 (1976); *Connick v. Myers*, 461 U.S. 138, 147, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983)).

Here, Plaintiff alleges that the Naffah and Burns violated her rights by not conforming to the City's Municipal Code in firing her. (FAC ¶ 25). Failure to follow a valid law is not enough to establish liability against the City under § 1983. Plaintiff has failed to allege that the *City* is actually responsible for the acts of its *employees*. Further, the federal court is not the proper forum in which to review the multitude of personnel decisions that are made by public agencies. Plaintiff is alleging that she was terminated for making complaints. However, Plaintiff's FAC wholly fails to allege any facts that attach § 1983 liability to it.

Because Plaintiff has not alleged sufficient facts to establish *Monell* liability against the City, her § 1983 claims against the City must be dismissed without leave to amend.

**2.    Plaintiff Fails to State Sufficient Facts to Plead a § 1983 Claim Against the Individual Defendants.**

**a.    Plaintiff Cannot Maintain the § 1983 and First Amendment Claim for Money Damages Against the Individual Defendants in Their Official Capacities.**

§ 1983 provides, in pertinent part, that "[e]very *person* who, under color of any statute, ... of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1    deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

2    liable...."

3        In *Will v. Michigan Department of State Police* 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed.

4    2d 45 (1989), the U.S. Supreme Court held that officials acting in their official capacities are not

5    "persons" within the meaning of § 1983.  The Court reasoned that although state officials are

6    people, a suit against a state official in his official capacity constitutes a suit against the official's

7    office and not against the person.  (*Id.*).

8        Further, defendants are clearly entitled to immunity from damages in their official

9    capacities, because retrospective monetary relief against a state is barred by the Eleventh

10   Amendment. (*Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed 2d 662 (1974)).

11       Here, the Complaint alleges that Defendant Burns is Mayor of Crescent City at all times

12   relevant, Defendant Naffah is the City Manager of Crescent City at all times relevant, Defendant

13   Scavuzzo is a city council member of Crescent City at all times relevant, and Defendant Plack is

14   Chief of Police at all times relevant.  (FAC ¶¶ 8-11).   It is clear from the face of the Complaint

15   that Plaintiff is suing these defendants in their official capacities.  Accordingly, this Court must

16   dismiss the cause of action because individual Defendants acting in their official capacities cannot

17   be held liable for § 1983 violations because they are not "persons" under the statute, and the 11th

18   amendment bars recovery of money damages in this context.

19                    **b.    Plaintiff's § 1983 and First Amendment Claims Against the Individual**
                           **Defendants in their Individual Capacity Fail Because the Individual**
20                         **Defendants Are Entitled to Qualified Immunity.**

21       Plaintiff fails to make any allegations that the individuals defendants were not acting

22   within their discretion.  Thus, they are protected by qualified immunity.  The defense of qualified

23   immunity protects "governmental officials . . . from liability for civil damages insofar as their

24   conduct does not violate clearly established statutory or constitutional rights of which a

25   reasonable person would have known. (*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727,

26   73 L. Ed. 2d 396 (1982)).  Thus, when the rules are not sufficiently established so as to put

27   government officials on notice, courts have not hesitated to extend the protection of qualified

28   immunity from suit. (*Anderson v. Creighton,* 483 U.S. 635, 639-640, 107 S. Ct. 3034, 97 L. Ed.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

2d 523 (1987)).

Moreover, since qualified immunity is "an *immunity from suit* rather than a mere defense to liability," immunity issues should be resolved as soon as possible. (*Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985); *Harlow, supra* at 818, *Hunter v. Bryant* 502 U.S. 224, 228, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) ["immunity ordinarily should be decided by the court long before trial."]).

In suits against public officials, the plaintiff shoulders the burden of proving that the rights she claims are *clearly established.* (*Brewster v. Board of Education,* 149 F.3d 971, 977 (9th Cir. 1998) [quoting from *Davis v. Scherer* 468 U.S. 183, 197, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984), emphasis added.].)  In describing the meaning of a "clearly established" right, the Supreme Court has said:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing laws the unlawfulness must be apparent.  (*Anderson, supra*, at 640, 107 S.Ct. 3034 (1987)).

As noted above, the only individual defendants who are specifically identified as committing an act are Defendants Burns and Naffah (who allegedly terminated Plaintiff). (FAC ¶ 24.)  However, Defendants Burns and Naffah are entitled to qualified immunity for this decision since they could reasonably believe that there were legitimate reasons to terminate Plaintiff's employment.  As the 9th Circuit explained in *Sloman v. Tadlock*, 21 F.3d 1462 (9th Cir. 1994),

> First, *officials should be shielded from liability for reasonable exercises of judgment in the execution of their duties, even when their conduct is ultimately shown to have been unconstitutional.* [citation] Second, shielding officials from personal liability for reasonable exercises of discretion will help prevent the "deterrence of able people from public service."  *Id*. at 1468, Emphasis added [*citing Harlow, supra,* at 814, 102 S.Ct. 2727, 73 L.Ed.2d. 396].

Further, when a right guaranteed by the 1st Amendment is alleged to have been violated, the law regarding public-employees' free speech claims will "*rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity under Harlow and its progeny.*" (*Marlow v. Washington,* 147 F.3d 839, 847 (9th Cir.1998), [emphasis added]).

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1  The individual Defendants "may assert personal immunity defenses such as objective

2  reasonable reliance on existing law." (*Hafer v. Melo*, 502 U.S. 21 (1991); *Kentucky v. Graham*,

3  473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).  Here, Defendants Naffah and Burns

4  terminated Plaintiff on the understanding that they could do legally so with no notice since

5  Plaintiff was a probationary employee.   Their reliance on this legal concept was reasonable.

6  Thus, since defendants Burns and Naffah's termination of Plaintiff pertains to their

7  reasonable exercise of discretion, they are entitled to qualified immunity and Plaintiff's claim

8  against the individual Defendants must be dismissed.

9        **c.**    **Plaintiff's § 1983 Claim and First Amendment Claims Against the**
**Individual Defendants in their Individual Capacities Fails Because**

10                 **There are No Allegations That They Acted Under the Color of Law.**

11  Plaintiff has not sued the individual defendants in their individual capacities.  But, in the

12  event Plaintiff attempts to argue that she has done so, her FAC falls short.

13  Section 1983 provides, in pertinent part, that "[e]very *person* who, under color of any

14  statute, ... of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to

15  the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

16  be liable...."

17  Here, Plaintiff fails to allege that any of the individual Defendants were acting under the

18  color of state law.  Thus, as a matter of law, a § 1983 claim cannot be maintained against them.

19  To establish liability in an individual capacity claim under § 1983, plaintiff must allege that an

20  official, acting under color of state law, deprived the plaintiff of a federal constitutional right.

21  (*Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)).  Plaintiff's FAC contains absolutely

22  no factual allegations that any of the individual defendants violated her constitutional rights, or

23  that they acted under the color of state law. (FAC ¶¶ 19-29).

24        **3.**    **Plaintiff Fails to State Sufficient Facts to Establish Claims for Violation of the**

25              **First Amendments Against All Defendants.**

26  Plaintiff's first claim also cites violation of the First Amendment because the Defendants

27  prohibited Plaintiff from filing a ballot initiative in December 2007.  (FAC ¶29a).  Plaintiff had

28  already been terminated by this time, so she must allege facts supporting a traditional 1st

1    amendment violation claim.  Plaintiff fails to do that.

2         Plaintiff fails to allege how the defendants' actions intentionally deprived her of her first

3    amendment rights. "The alleged conduct by the state, however improper or unconstitutional, ...

4    will work an unconstitutional deprivation of the freedom of intimate association only if the

5    conduct was directed at that right." (*Trujillo v. Board of County Commissioner*, 768 F.2d 1186,

6    1190 (10th Cir. 1985)).

7         Here, Plaintiff fails to allege any *actual facts* to establish that her right to free speech was

8    in some way impeded by the Defendants.  For example, there are no facts establishing liability on

9    the parts of any of the individual Defendants.  For example, what did City Manager Naffah do?

10   What did Mayor Burns do?  What did Council Member Scavuzzo do to infringe upon Plaintiff's

11   free speech rights?   What did Chief of Police Plack do?  What did City do?  The Court should not

12   accept Plaintiff's mere conclusory allegations that all of the Defendants violated Plaintiff's First

13   Amendment right to free speech.

14        Thus, Plaintiff's claim against City and the individual Defendants for violation of the First

15   Amendment must be dismissed for failure to state facts alleging a sufficient claim.

16   **E.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim for Violation of
          the False Claims Act, and Plaintiff Fails to Allege Sufficient Facts.**

17

18         **1.    Plaintiff's Failure to Follow *Qui Tam* Procedures Mandates That This Claim
                 Be Dismissed.**

19        According to § 3730 of the False Claims Act ("FCA"), a "qui tam" claim must contain the

20   following procedural requirements: (1) the action must be brought in the name of the government;

21   (2) the complaint must be filed *in camera* and under seal; (3) the plaintiff must serve a copy of the

22   complaint and a written disclosure of all material evidence on the government; and (4) the

23   complaint shall not be served on the defendant until the court so orders. (31 U.S.C. § 3730; *White

24   v. Apollo Group*, 241 F.Supp.2d 710, 714 (2003), where court held that plaintiff's action had to be

25   dismissed because plaintiff failed to follow the basic procedural requirements for filing a qui tam

26   action).

27        Here, Plaintiff has failed to plead that she procedurally complied with the strict

28   requirements of § 3730.  Plaintiff has not pled that she brought her action in the name of the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1   government (i.e., the government is not a party), Plaintiff has not pled that she filed her complaint

2   *in camera* and under seal, Plaintiff has not pled that she served a copy of the complaint and a

3   written disclosure of all material evidence on the government, and Plaintiff has not pled that she

4   waited for an Order from this Court to serve the Complaint.

5       Accordingly, this claim *must* be dismissed because this court lacks subject matter

6   jurisdiction since Plaintiff has failed to comply with the rigid requirements of qui tam claims

7   under the False Claims Act.

8       **2.    The Individual Defendants Must Be Dismissed from Plaintiff's False Claims
            Act Claim Because Liability Does Not Attach to Them As Individuals or in
9           Their Official Capacities.**

10      Plaintiff's claims against Defendants as individuals must be dismissed as Defendants do

11  not fall within the definition of "employer," as required by the statute, while acting in their

12  individual capacities. (*Wilkins* ex rel. *United States v. Ohio,* 885 F.Supp. 1055 (S.D.Ohio 1995));

13  *United States* ex rel. *Lamar v. Burke,* 894 F.Supp. 1345 (E.D.Mo.1995); *Clemes v. Del Norte*

14  *County United School Dist.,* No. C-93-1912, 1996 WL 331096, at 7, n. 6, (N.D.Cal. May 28,

15  1996)). Additionally, the claims for monetary relief against Defendants in their official capacities

16  must be dismissed as the 11th Amendment bars such claims. (*Hudson v. City of New Orleans,* 174

17  F.3d 677, 680 (5th Cir.1999) (for purposes of 11th Amendment immunity to suit in federal court,

18  courts do not distinguish between suits brought against a state entity and suits brought against that

19  entity's officers except when a plaintiff seeks prospective relief against an officer in his official

20  capacity); *see also United States* ex rel. *Foulds v. Texas Tech University,* 171 F.3d 279 (5th

21  Cir.1999) (11th Amendment protections apply to claims brought under the False Claims Act)).

22  Plaintiff is only allowed to seek injunctive relief against the individual Defendants in their official

23  capacities, but Plaintiff fails to do so.

24      Thus, Plaintiff's claim for False Claims Act against the individual Defendants must be

25  dismissed because liability does not attach to them as individuals, and monetary relief cannot be

26  sought against them in their official capacities.

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

3.    **The City and Individual Defendants Must Be Dismissed from Plaintiff's False Claims Act Claim.**

A claim for illegal retaliation under Section 3730(h) requires a plaintiff to show "(1) the employee engaged in conduct protected under the FCA; (2) the employer knew that the employee was engaged in such conduct; and (3) the employer discharged, discriminated against or otherwise retaliated against the employee because of the protected conduct." (*United States* ex rel. *Smith v. Yale Univ.,* 415 F.Supp.2d 58, 102 (D.Conn.2006)). The inquiry as to whether an employee engaged in protected conduct involves determining whether an employee's actions sufficiently furthered an action filed or to be filed under the FCA, and, thus, equated to "protected conduct." (*Hutchins v. Wilentz,* 253 F.3d 176, 187 (3d Cir.2001) (quoting *McKenzie v. BellSouth Telecomm., Inc.,* 219 F.3d 508, 515 (6th Cir.2000)).

Here, Plaintiff fails to plead that the Defendants had any knowledge whatsoever that Plaintiff was engaged in conduct protected under the False Claims Act.  In addition, Plaintiff fails to plead that she was terminated and/or retaliated against for engaging in said alleged protected conduct (making complaints to the IRS).  Plaintiff merely makes a conclusory statement that she was wrongfully terminated without developing a causal link between her activities and her termination.  (FAC ¶ 25).  Such conclusions are not sufficient to sustain claims against the Defendants.

Thus, Plaintiff's claim for False Claims Act must be dismissed for failure to state a claim against the Defendants.

4.    **Plaintiff Has Not Properly Alleged That She Made a Public Disclosure.**

A public disclosure occurs when information has been disseminated through "a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media." (31 U.S.C. § 3730(e)(4)(A)).

Where no "public disclosure" has been made, there is no jurisdiction.  (*United States* ex rel. *Fine v. Advanced Sciences, Inc.,* 99 F.3d 1000, 1004 (10th Cir.1996); *United States* ex rel. *Springfield Terminal Ry. v. Quinn,* 14 F.3d 645, 651 (D.C.Cir.1994); *Cooper v. Blue Cross and*

*Blue Shield,* 19 F.3d 562, 565 n. 4 (11th Cir.1994)). Although the FCA was designed to

encourage corporate whistleblowers, a "relator must be a true whistleblower." (*United States* ex

rel. *Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1035 (6th Cir.1994)). A party is

unable to pursue the suit and collect a percentage of the recovery if the case is based upon

information that has previously been made public or if the claim has already been filed by

another.  (*Id.*).

> Here, Plaintiff fails to plead sufficient facts establishing that a proper public disclosure

was made prior to initiating this suit.  Thus, Plaintiff's claim must be dismissed because this court

lacks subject matter jurisdiction.

> ### 5.    Plaintiff Has Not Properly Alleged That She Was the Original Source of Any Disclosures Made.

> In construing the term "original source," some courts have "impose[d] a conjunctive

requirement-direct and independent-on qui tam plaintiffs." (*United States* ex rel. *Springfield

Terminal Ry. v. Quinn*, 14 F.3d 645, 656 (D.C.Cir.1994); *United States* ex rel. *Stinson v.

Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir.1991); *United States* ex rel. *Dick v. Long Island

Lighting Co.*, 912 F.2d 13, 16 (2d Cir.1990); *Houck v. Folding Carton Admin. Comm.,* 881 F.2d

494, 505 (7th Cir.1989), *cert. denied,* 494 U.S. 1027 (1990)).

> The 9th Circuit adopted a similar construction in (*Wang v. FMC Corp.,* 975 F.2d 1412,

1418 (9th Cir.1992)). In *Wang,* the court concluded that the relator had direct and independent

knowledge of the alleged fraud, but because someone else publicly disclosed the alleged fraud

first, the relator was barred from bringing suit. *Id.* at 1417-18. "To bring a qui tam suit, one must

have had a hand in the public disclosure of allegations that are a part of one's suit." *Id.* at 1418.

Under this interpretation, one who discloses an allegation directly or indirectly by reporting it to

the government or the media is an original source. *Id.* at 1419. The court reasoned:

>> If, however, someone republishes an allegation that already has been
>> publicly disclosed, he cannot bring a qui tam suit even if he has "direct
>> and independent knowledge" of the fraud. He is no "whistleblower." A
>> "whistleblower" sounds the alarm; he does not echo it. The Act rewards
>> those brave enough to speak in the face of a "conspiracy of silence" and
>> not their mimics.
>> *Id.* (citing S. Rep. NO. 345, 99th Cong., 2d Sess. at 6, *reprinted in* 1986

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1    U.S.C.C.A.N. 5271).

2        Here, Plaintiff fails to plead sufficient facts establishing that she is the original source of

3    the information disclosed.  Thus, Plaintiff's claim must be dismissed.

4    **F.    Plaintiff Fails to State Sufficient Facts to Support Her 3rd Claim for Breach of
        Contract.**

5        It is well settled under California law that public employment is held by statute, not by

6    express or implied contract, and thus a public employee cannot maintain a contractual cause of

7    action.  (*Shoemaker v. Myers*, 52 Cal.3d 1, 23-24, 276 Cal. Rptr. 303, 801 P. 2d 1054 (1990);

8    *Kemmerer*, 200 Cal.App.3d1426,1431; *Miller v. State of California*,18 Cal.3d 808, 813-814, 135

9    Cal. Rptr. 386, 557 P. 2d 970 (1977)).  Likewise, a public employee cannot maintain a cause of

10   action for tortious breach of the implied covenant of good faith and fair dealing.  (*Shoemaker*, 52

11   Cal.3d at 23-24.)  Plaintiff's complaint arises from her employment with City, a public employer.

12   Plaintiff's employment is therefore held by statute and no breach of contract claim can be

13   sustained.  This defect cannot be cured.

14       In addition, even if this Court allows Plaintiff's claim to survive, to state a cause of action

15   for breach of contract, a plaintiff must plead the contract, her performance of the contract or

16   excuse for nonperformance, and the other party's breach and the resulting damage. (*Otworth v.*

17   *Southern Pac. Transportation Co.*, 66 Cal.App.3d 452, 458-459, 136 Cal. Rptr. 1 (1985); *Lortz v.*

18   *Connell,* 273 Cal.App.2d 286, 290, 78 Cal. Rptr. 6 (1969)).  If the action is based on an alleged

19   breach of a written contract, the terms must be set out verbatim in the body of the complaint or a

20   copy of the written instrument must be attached and incorporated by reference. (*Wise v. Southern*

21   *Pacific Co.,* 223 Cal.App.2d 50, 59, 35 Cal. Rptr. 652 (1963), [overruled on other grounds].)

22   Here, there are no terms of the contract set out verbatim in the complaint, nor has Plaintiff

23   attached the contract to the FAC.  In addition, Plaintiff fails to allege specific facts showing that

24   she performed under the contract, and fails to identify with specificity how City breached the

25   contract.

26       Thus, Plaintiff's claim must be dismissed for failure to state sufficient facts constituting a

27   claim.

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

**G.    Plaintiff Fails to State Sufficient Facts to Support Her 4th Claim for Wrongful Termination.**

    **1.    Plaintiff's Common Law Claim Fails to State Sufficient Facts.**

Plaintiff's claim for wrongful termination also fails to state facts to support a viable claim. Plaintiff makes scattered references to being "wrongfully terminated," but fails to provide any actual factual allegations to support her claim.[1]  Specifically, Plaintiff fails to indicate that her termination was in violation of some specific public policy or statute.

To allege a claim for wrongful termination in violation of public policy, Plaintiff must allege the following: 1) an employer-employee relationship; 2) termination or other adverse employment action; 3) termination or adverse employment action that was in violation of public policy; 4) termination or adverse employment action that was the legal cause of plaintiff's damages; and, 5) the nature and extent of plaintiff's damages.  (*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal. Rptr. 839, 610 P. 2d 1330 (1980)).  The existence of a public policy is crucial to a claim for wrongful termination (*Id.* at 169).

Here, Plaintiff fails to adequately identify any public policy that City violated in terminating her employment.  Rather, Plaintiff appears to allege that City's decision to terminate her was "wrongful" merely because she did not agree with it.  For example, Plaintiff makes a conclusory allegation that she was given directions "to act in an unlawful fashion," but fails to provide specific facts supporting this conclusion.  (FAC ¶ 39).  Further, Plaintiff fails to allege what public policy was violated by terminating her, and even fails to allege a causal link to show that she was terminated as a result of some protected activity that she was engaged in.  For example, she does not even allege that she was terminated because she was a whistleblower – the most obvious allegation to make.

Thus, Plaintiff's claim must be dismissed for failure to state sufficient facts constituting a claim.

---

[1] While it is impossible to determine whether Plaintiff is asserting a public policy wrongful termination claim, Defendants are proceeding under the assumption that Plaintiff is pleading a claim for wrongful termination in violation of public policy and are responding as such.

2.      **Plaintiff's Statutory Claims Are Redundant and/or Cannot Be Raised as Bases for a Claim.**

Plaintiff alleges that she was wrongfully terminated in violation of Labor Code §§ 1102.5-1105, 2856, and 98.6; Article I of the California Constitution; and the 1st and 14th Amendments to the U.S. Constitution.  These claims are all covered under Plaintiff's first and second claim for damages; or they fail to provide a bases for a wrongful termination claim.  Plus, Plaintiff's common law claim is for wrongful termination and does not need to be repeated by the statutory claims.

Plaintiff's first claim is, in part, for violation of the U.S. Constitution.  This fourth claim for violation of the U.S. Constitution is redundant and should be dismissed.  Plaintiff is alleging the same claim as in the first claim.  In *Couch v. San Juan Unified School Dist.,* 33 Cal.App.4th 1491, 1503, 39 Cal. Rptr. 2d 848 (1995), the court dismissed plaintiff's causes of action for invasion of privacy and emotional distress because they were based on plaintiff's libel claim, and alleged the same factual allegations.  The court held that "[w]hen claims…are based on the same factual allegations as those of a simultaneous libel claim, they are superfluous and must be dismissed." In *Selleck v. Globe International, Inc.,*166 Cal.App.3d 1123, 1136, 212 Cal. Rptr. 838 (1985), the court held that because plaintiff's libel claim provided him with a complete remedy for any damages, the second cause of action for false light invasion of privacy "is, in effect, a duplication of the first and hence must be dismissed as surplusage."  The same result is required here.  Plaintiff has failed to allege any additional facts or legal basis to distinguish her fourth claim from the first claim; they are based on the same factual and legal bases.  For the reasons stated above, the dismissal must be granted without leave to amend.

In addition, Plaintiff's claim that City violated the California Constitution must be dismissed because Plaintiff has failed to allege any facts showing what parts of Article I were violated by City.  City guesses that Plaintiff is referring, again, to her first and second claims.  This claim is thus redundant and must be dismissed as such.

Further, Plaintiff's claim that City violated Labor Code §§ 1102.5-1105 and 98.6 must all be dismissed because they are redundant as alleged as part of Plaintiff's first and second claims

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

for being terminated for being a whistleblower.  §§ 1102.5 and 98.6 deal with retaliatory termination for engaging in conduct such as whistleblowing.  Plaintiff's first and second claims are for the same relief.  There is no need for redundant claims.  They must be dismissed in the interest of judicial economy.

Plus, §§ 1102.6-1105, and 2856 must be dismissed because Plaintiff, as an individual, has no basis to assert a damages claim for violation of these statutes.  They do not create wrongful termination claims.  For example, § 1102.7 deals with the hotline to be set up by the State Attorney General for whistleblowers; § 1102.6 discusses the employer's burden of proof, but does not give rise to an independent claim for Plaintiff; § 1102.8 deals with employer posting requirements; § 1103 deals with criminal penalties against employers, which Plaintiff cannot attempt to collect; §§ 1104-1105 deal with the employer's responsibility for the acts of its agents and generally allow for a plaintiff to collect damages, but neither give rise to an independent claim for damages that falls outside of § 1102.5 (which is already part of Plaintiff's first and second claims); and § 2856 discusses an employee's duty to comply with an employer's direction, but does not give Plaintiff an independent basis for a wrongful termination claim.

Thus, all of Plaintiff's statutory claims for wrongful termination must be dismissed.

## H.    Plaintiff's 5th Claim Fails to State Facts Sufficient to Constitute a Cause of Action.

### 1.    Plaintiff's Privacy, False Light, IIED and NIED Claims Must All Be Dismissed as Redundant.

This Court has no discretion; these claims must be dismissed.

In *Couch v. San Juan Unified School Dist.,* 33 Cal.App.4th 1491, 1503, the court dismissed plaintiff's causes of action for invasion of privacy and emotional distress because they were based on plaintiff's libel claim, and alleged the same factual allegations.  The court held that "[w]hen claims for invasion of privacy and emotional distress are based on the same factual allegations as those of a simultaneous [defamation] claim, they are superfluous and *must* be dismissed." In *Selleck*, 166 Cal.App.3d 1123, 1136, the court held that because plaintiff's libel claim provided him with a complete remedy for any damages, the second cause of action for false light invasion of privacy "is, in effect, a duplication of the first and hence *must* be dismissed as

surplusage."

In addition, California courts have repeatedly held that duplicative causes of action are inappropriate.  In *Kapellas v. Kofman*, 1 Cal.3d 20, 81 Cal. Rptr. 360, 459 P. 2d 912 (1969), a plaintiff sought damages for both defamation and false light/invasion of privacy.  The Supreme Court held that:

> Insofar as the instant plaintiff's right to privacy action is of the "false light in the public eye" variety, resting on the allegedly false nature of the editorial statements, we find the action is in substance equivalent to the [plaintiffs'] libel claim, and should meet the same requirements of the libel claim on all aspects of the case….  Since the complaint contains a specific cause of action for libel, the privacy count, if intended in this light, is superfluous and should be dismissed.

*(Id.* at 35, fn. 16).

Similarly, in *Rodrigues v. Campbell Industries*, 87 Cal.App.3d 494, 151 Cal. Rptr. 90 (1978), the plaintiffs pled four separate causes of action.  Their fifth cause of action "combine[d] all the preceding causes, alleging they [were] joint and concurrent causes of plaintiffs' damages." (*Id.* at 498.)  The Court of Appeal sustained a demurrer because the fifth cause of action "[a]dded nothing to the complaint by way of fact or theory of recovery.  There is no authority for a pleading of this type and the demurrer was properly sustained without leave to amend as to that cause."  (*Id.* at 501.)

The same result is required here.  Plaintiff has alleged a defamation claim, so the invasion of privacy, false light, negligent infliction of emotional distress, and intentional infliction of emotional distress are redundant and superfluous because no additional or different remedies can be enjoyed by Plaintiff.  For the reasons stated above, the dismissal to these four claims must be granted without leave to amend.

**2.    The Defamation and False Light Claims Fail to State Sufficient Facts.**

**a.    Plaintiff Fails to Identify the Defamatory Statements.**

The general rule for a defamation cause of action is that the words constituting an alleged libel and/or slander must be specifically identified, if not pled verbatim, in the complaint.  (*Vogel v. Felice,* 127 Cal.App.4th 1006, 1017 fn.3, 26 Cal. Rptr. 3d 350 (2005); *des Granges v. Crall* ,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

1    27 Cal.App. 313, 315 (1915) (the specific words used for a libelous statement did not appear in

2    the pleading, and a demurrer was proper on that ground alone for failure to state sufficient facts)).

3    A "false light" cause of action is in substance equivalent to a defamation claim, and should meet

4    the same requirements. (*Selleck,* 166 Cal.App.3d 1123, 1133).

5            The dispositive question for the Court is whether a reasonable fact finder could conclude

6    that the published statements imply a provably false factual assertion. (*Moyer v. Amador Valley*

7    *J. Union High School Dist.*, 225 Cal.App.3d 720, 724 -725, 275 Cal. Rptr. 494 (1990)). The

8    answer to that question is determined by the "totality of circumstances" test; the Court must

9    review the meaning of the language in context and its susceptibility to being proved true or false.

10   (*Id.* at 725.) In *Moyer* the court found that statements identifying a teacher as the "worst teacher"

11   and a "babbler" were not actionable because there was no factual assertion capable of being

12   proved true or false and the statement was an expression of subjective judgment by the speaker.

13           Similarly here, Plaintiff's only basis for her defamation claim is that Defendants made

14   "statements about Plaintiff's job performance and professional abilities" to the local newspaper.

15   (FAC ¶46d). There are no specific factual claims made; there are no allegations about what

16   statements were made. Plaintiff fails to identify specifically the alleged slanderous words that

17   were spoken or the libelous words that were written, and even fails to identify who made the

18   statements. These alleged characterizations and conclusions about Plaintiff's performance in the

19   workplace are subjective judgments made by an unknown speaker and are not factual assertions

20   capable of being proved true or false. Thus, Plaintiff has not stated a cause of action for

21   defamation or false light.

22           **b.    Any Statements Allegedly Made By the City Attorney Are Privileged.**

23           Civil Code § 47(c) provides a qualified privilege for communications made without

24   malice on subjects of common interest. This "common interest" privilege covers statements

25   made to others within the City's employ (i.e., the City Attorney), provided the speaker made the

26   statement without malice. (Cal. Civ. Code, § 47(c); *Kelly v. General Telephone Co.*, 136

27   Cal.App.3d 278, 285, 186 Cal. Rptr. 184 (1982)). To defeat the "common interest" privilege,

28   Plaintiff must specifically allege malice. (*Robomatic, Inc. v. Vetco Offshore, et al.,* 225

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

Cal.App.3d 270, 276, 275 Cal. Rptr. 70 (1990)).  "A general allegation of malice will not suffice; plaintiff must allege *detailed facts showing defendant's ill will towards him or her*." (*Id.*)

Here, Plaintiff claims the City Attorney, who is not a Defendant, "defamed" Plaintiff by accusing her of "self-dealing."  (FAC ¶46e).  The common interest privilege applies since the statements were made by a City employee.  And, Plaintiff's conclusory allegations that the alleged defamatory statements were "malicious" and "reckless" are insufficient to defeat the common interest privilege because these allegations do not suffice as "*detailed facts*" indicating that any employee communicated the statements with malice or ill will.  Plus, Plaintiff does not make any allegations of defamation whatsoever against Defendants Plack, Naffah or Burns.  Again, Plaintiff failed to state a cause of action for defamation or false light.

> **c.    Any Statements Made by Council Member Scavuzzo or Mayor Burns are Privileged.**

Civil Code § 47(b) provides an *absolute* privilege for statements made in a legislative, or other official proceeding.  (Cal. Civ. Code § 47(b).  A publication made in any legislative, judicial or other official proceeding authorized by law is absolutely privileged.  (*Long v. Pinto,* 126 Cal.App.3d 946, 179 Cal. Rptr. 182 (App. 4 Dist. 1981)).

Here, Plaintiff alleges, albeit in a conclusory fashion, that all Defendants defamed her.  She also alleges that Council member Scavuzzo made statements about furniture Plaintiff had purchased while employed by City.  (FAC ¶46(b)).  Any statements made by Defendant Scavuzzo or Mayor Burns during council meetings are absolutely privileged.  Again, Plaintiff failed to state a cause of action for defamation or false light.

> **d.    City Is Absolutely Immune from Liability for any Statements Made by Its Employees.**

Since Plaintiff is alleging that defamatory statements were made by City employees, City is absolutely immune from liability for those statements.  Government Code § 818.8 provides that a "public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."  Therefore, even assuming that Plaintiff can establish that any individual Defendant, or other City employees, made false or defamatory statements, City is immune from liability as a matter of law.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

e.    **Defamatory Statements Are Protected Under the Common Law "Manager's Privilege."**

Finally, any purported defamatory statements are privileged under common law.  Federal courts have applied a common-law "manager's privilege" to defamation claims in the employment context.  (*Kacludis v. GTE Sprint Communications Corp.*, 806 F.Supp. 866, 872 (N.D.Cal.1992) (also holding that Civil Code Sec. 47(c) applies); *Clement v. American Greetings Corp.*, 636 F.Supp. 1326, 1329-1330 (S.D.Cal. 1986)).

3.    **The Invasion of Privacy Claim Fails to State Sufficient Facts.**

The tort of invasion of privacy requires: 1) a public disclosure; 2) of a private fact; 3) the disclosure of such facts is offensive and objectionable to a reasonable person of ordinary sensibilities; and 4) the facts are not of legitimate public concern.  (*Shulman v. Group W. Productions*,18 Cal.4th 200, 214, 74 Cal. Rptr. 2d 843, 955 P. 2d 469 (1998); *Wasser v. San Diego Union*, 191 Cal.App.3d 1455, 1460, 236 Cal. Rptr. 772 (1987)).

Here, there are no allegations whatsoever regarding what private information was allegedly disclosed and whether the disclosure was public.  Plaintiff merely alleges invasion of privacy in the caption to her claim, but alleges no facts to support such a claim.  (FAC at pg. 8:22-25).  Plaintiff fails to allege what any of the Defendants did to violate her privacy.  As such, Plaintiff has failed to allege sufficient facts to meet the requirements of an invasion of privacy claim.

Lastly, Plaintiff cannot maintain the claim against the City because City is entitled to statutory immunity.  Government Code § 815, subdivision (a) provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Therefore, public entities may only be held liable if a statute is found declaring them to be liable.  (*Forbes v. County of San Bernardino*,101 Cal.App.4th 48, 53, 123 Cal. Rptr. 2d 721 (2002)).

Consequently, Plaintiffs' claim for invasion of privacy against the City and the individual Defendants must be dismissed.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

4.    **The Intentional and Negligent Infliction of Emotional Distress Claims Must Be Dismissed.**

a.    **Plaintiff's Claims Are Barred by the Workers' Compensation Exclusivity Provision.**

Plaintiff's claims for Intentional and Negligent Infliction of Emotional Distress ("IIED", "NIED") are barred by the workers' compensation exclusivity provision of Labor Code § 3602 which precludes claims against an employer for emotional distress resulting from actions by the employer that arise out of the "normal part of the employment relationship." (*Shoemaker*, 52 Cal.3d 1). Injuries arising from disciplinary action, such as termination, are part of the normal employment risks and do not permit a civil action outside the workers' compensation system. (*Id.* at 11.) Even where an employer's conduct is deemed intentional and egregious, and is characterized by the employee as "manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance," if the employee's injuries arouse out of and in the course of employment, the exclusive remedy provisions apply. (*Id.* at 15.)

Plaintiff's FAC alleges damages based on her termination by the City. Since Plaintiff's termination falls within the normal scope of the employment relationship, any emotional distress injuries arising out of her termination cannot be remedied in this civil action. Dismissal is therefore appropriate because this Court lacks jurisdiction over Plaintiff's IIED and NIED claims.

b.    **Defendants' Alleged Conduct Was Not "Extreme" and "Outrageous."**

To state a prima facie case for emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by defendant, (2) defendant's intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe and emotional suffering, and (4) actual and proximate causation of the emotional distress. (*Cochran v. Cochran*, 65 Cal.App.4th 488, 494, 76 Cal. Rptr. 2d 540 (1988)). To meet the first requirement, the alleged conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." (*Id.* [Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.].) Discriminatory personnel decisions-even if improperly motivated- are not outrageous beyond bounds of decency. (*Janken*

1    *v. GM Hughes Electronics*, 46 Cal.App.4th 55, 53 Cal. Rptr. 2d 741 (1996) [if personnel

2  management decisions are improperly motivated, the remedy is a suit against the employer for

3  discrimination, not emotional distress].

4       Plaintiff fails to allege any facts to establish that each and every Defendants' conduct was

5  "extreme and outrageous" such that it exceeds all bounds of decency.  Indeed, Plaintiff never

6  alleges actual facts describing conduct by any of the Defendants that was "extreme and

7  outrageous."  Instead, Plaintiff alleges only that Plaintiff "[s]uffered injury and damages as a

8  result of…intentional and negligent infliction of emotional distress."  (FAC ¶51.) This is too

9  general and too conclusory.

10       None of the alleged conduct by Defendants is sufficiently extreme and outrageous as to be

11  considered atrocious or utterly intolerable in a civilized community (FAC ¶46).  Personnel

12  decisions, or criticism about Plaintiff's work, even if improperly motivated, are in no way

13  "extreme and outrageous."  (*Cochran, supra,* 65 Cal.App.4th at 496 [emotional distress does not

14  extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . .

15  that are definitely inconsiderate and unkind."]).

16       Plaintiff's allegation of wrongful termination, without more, cannot substantiate her

17  emotional distress claims.  Even the vague facts underlying Plaintiff's defamation cause of action

18  cannot support her claims.  Thus, the complaint does not and cannot allege claims for negligent

19  and intentional infliction of emotional distress.

20                  **IV.    <u>CONCLUSION</u>**

21

22       For the foregoing reasons, Defendants respectfully request that the Court grant

23  Defendants' motion to dismiss Plaintiff's first amended complaint, in its entirety, without leave to

24  amend.

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

1    Dated: July 29, 2008                    LIEBERT CASSIDY WHITMORE

2

3                                            By:_____/s/_____

4                                                 Morin I. Jacob,
                                                  Attorneys for Defendants
5                                                 CITY OF CRESCENT CITY;
                                                  DENNIS BURNS; ELI NAFFAH;
6                                                 MIKE SCAVUZZO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S 1AC FOR LACK OF
JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(1),(6)]

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107