

Abraham N. Goldman, SBN 102080
David Springfield, SBN 226630
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
P.O. Box 120 / 12896 Rices Crossing Road
Oregon House, California 95962
Tel.:   (530) 692-2267
Fax.:  (530) 692-2543
Email: agoldman@succeed.net

Attorneys for Plaintiff
JOEI LYN SANCHES,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEI LYN LYN SANCHES<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CRESCENT CITY; DENNIS BURNS; ELI NAFFAH, MIKE SCAVUZZO; DOUGLAS PLACK, (Formerly DOE No. 1) and DOES 2 through 100 AND EACH OF THEM, INCLUSIVE,<br>    Defendants. | Case No: CV-08-01395 MEJ<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]**<br><br>Date:    September 4, 2008<br>Time:   10:00 a.m.<br>Dept.:   Courtroom B, 15th Floor<br>Judge: Maria-Elena James<br><br>Filed:  March 11, 2008<br>1st Amended Complaint Filed: May 14, 2008 |

//

//

//

//

//

//

## I.  INTRODUCTION

This is a relatively straight forward case.  The Finance Director of Crescent City ("CITY"), JOEI LYN SANCHES ("JOEI"), a classic whistle-blower against corruption by the CITY and some of its top officials.  First Amended Complaint ("FAC"), Paragraphs 20-28, 32, 39-41.  In response to the simple gist of this case, defendants filed a 24-page Memorandum, with string citations to dozens of Court decisions and raising numerous "non-issues."

In keeping with the direct and concise nature of the case, plaintiff replies below, conceding certain issues, which will be voluntarily dismissed, and attempting to briefly cite only the controlling law and key pled facts, sustaining JOEI's claims under the controlling standards of Rule 8(a).

## II.  STATEMENT OF ISSUES TO BE DECIDED

1. Are any of plaintiff's claims lacking in subject matter jurisdiction under Rule 12(b)(i)?

2. Are defendants entitled to relief on any of the state and federal immunity/privilege issues they have raised under Rule 12(b)(g)?

3. Has plaintiff properly pled claims for relief under rule 8(a)?

4. Should plaintiff be granted leave to amend any claims that should not be dismissed with prejudice at this time?

## III.  REPLY TO "STATEMENT OF FACTS"

Defendants' "Statement of Allegations," at pages 1-2 of its Memorandum, is relatively accurate, <u>as far as it goes</u>.  However, it leaves out important details pled in the FAC.  These detailed allegations, which defeat numerous aspects of Defendants' Motion, will be discussed below, as they relate to the specific issues challenged by defendants.

One preliminary issue deserves attention, however.  Defendants' Motion often makes "shotgun" attacks against allegations that do not exist.  This is seen very often in arguments that certain legal theories only apply against the "employer," the CITY, and not individual defendants.

Case No. CV 08-01395 MEJ
PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]

- 2 -

The FAC, however, does not make such improper allegations. The Claims, and defendants involved are:

1. First Claim – Section 1983: <u>employer and individuals</u>;

2. Second Claim – False Claim Act Retaliation: only <u>employer</u>;

3. Third Claim – Breach of Contract: only <u>employer</u>;

4. Fourth Claim – California Wrongful Termination: only <u>employer</u>;

5. Fifth Claim – Common law torts: employer and individuals.

Individual defendants have not been named where liability rests only with the CITY.

### III.  ARGUMENT

**A. PLEADING STANDARDS FOR THE FIRST AMENDED COMPLAINT ("FAC")**

The U.S. Supreme Court has clearly stated that, under Rule 8(a), there are no specialized "heightened pleading" standards, <u>except</u> for fraud claims. This is true both for the individual and municipal Civil Rights claims alleged, *Leatherman v. Tarrant County*, 507 U.S. 163 (1993); *Crawford- El v. Britton*, 5230 U.S. 574 (1998); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) and the False Claims Act Retaliation claims, *Mendiondo v. Centinela Hospital*, 521 F.3d 1097 (9th Circuit 2008).

These standards control the pleadings here, on <u>all</u> claims.

**B. CALIFORNIA GOVERNMENTAL IMMUNITIES HAVE LIMITED APPLICATION TO THIS CASE**

Defendants make a <u>sweeping</u> and <u>undifferentiated</u> argument at pages 3-4 of their Memorandum, that California governmental immunities, namely Government Code Sections 818.8 and 820.2, "*bar all of plaintiff's claims against all defendants*." This is not and never has been the law, especially as to the <u>federal law</u> claims.

The clear and unambiguous law is that State immunities have no effect on plaintiff's federal law claims, both under Section 1983 and 31 U.S.C. Section 3730(h). *Howlett v. Rose,* 496 U.S. 356 (1990); *Felder v. Casey,* 487 U.S. 131 (1988). This conclusively defeats the State law "immunity" argument asserted against the FAC, First and Second Claims.

In addition, the California legislature <u>specifically</u> provided in the California Whistleblower Law, Labor Code Section 1102.5, that all governmental agencies are subject to

the California whistle-blower laws.  Labor Code Section 1106.  Because this is a <u>liability created by statute</u>, Sections 818.8 and 820.2 do not apply, as mandated by Government Code 815.2(b), and cannot overrule the specific intent of Labor Code 1102.5, 1106.

The First Amended Complaint was filed on May 14, 2008.  On July 31, 2008, the California Supreme Court issued new precedent in *Mikclosy v. Regents* (No. 5159133).  In *Mikclosy*, the California Supreme Court held that the common law public policy tortuous termination claims are barred by government immunity.  *Mikclosy* also held that claims for common law negligent and intentional emotional distress on the job or from the termination are barred by the exclusion of the Workers' Compensation Act.  Under this new precedent of the California Supreme Court, plaintiff will voluntarily dismiss all of her California common law claims, for the time she was an employee.  However, <u>after</u> JOEI was terminated on September 25, 2007 (FAC, Paragraph 5), her common law torts are not barred by the exclusive workers' compensation remedy.  (See, e.g., FAC Paragraph 46(d), (e), (f), (g), (h).  This will be discussed below.

In summary, the governmental immunities argument made by defendants at pages 3-4 of its Memorandum does not bar plaintiff's Federal rights under Sections 1983 and 3730(h) (First and Second Claims) the California Statutory Whistle Blower claims under Labor Code Section 1102.5 (Third Claim), or the California tort claims arising **after** termination (Fifth Claim).  Accordingly, leave is requested to replead the Fourth and Fifth Claims to comply with *Mikclosy*.

### C. LEGISLATIVE IMMUNITY DOES NOT APPLY HERE FOR DEFENDANTS SCAVUZZO AND BURNS.

"Legislative Immunity," by its very definition, involves a legislative act, the passage of laws.  In cities such as Crescent City, the City Council may act <u>both</u> in a legislative capacity (creation of ordinances, rules, etc.) or as an administrator of the City's <u>actions</u> and <u>omissions</u>.

Plaintiff clearly alleges that plaintiff "blew the whistle" on defendant SCAVUZZO and the City Council, (FAC, Paragraphs 20, 21, 23), and that on September 25, 2007, defendants BURNS and NAFFAH retaliated against JOEI. (<u>Id</u>., Paragraph 24), *specifically without* any legislative action. (<u>Id</u>., Paragraphs 25-28).  Defendants <u>terminated</u> JOEI; <u>no legislative act</u> was involved.  Thus, there is <u>no</u> "legislative act" here, only administrative acts and the lack of any "legislative act."  JOEI's termination is alleged to involve <u>one individual</u>, not the "public at

**Case No. CV 08-01395 MEJ**
PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]

- 4 -

large." Nothing alleged involves "policymaking" applying to the entire community. Thus, defendants' argument fails. *Trevino v. Gates*, 23 F.3d 1480 (9th Cir. 1994); *Cinevision v. City of Burbank*, 745 F.2d 560, 580 (9th Cir. 1984); *Bateson v. Geisse*, 857 F.3d 1300, 1304 (9th Cir. 1988).

### D. PLAINTIFF'S SECTION 1983 CLAIM IS SUFFICIENTLY PLED AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY.

Plaintiff has alleged three Constitutional violations of her Section 1983 claim; all of which were alleged to be known to every defendant (FAC Par. 28):

a) Violation of her First Amendment Rights and subsequent retaliation (FAC, Paragraphs 20-23; 24-29); Support: *Pickering v. Board of Education*, 391 U.S. 563 (1968); *Waters v. Churchill,* 511 U.S. 661 (1994); *Anderson v. Central Point School District*, 746 F.2d 505 (9th Cir. 1984);

b) Violation of her Fourteenth Amendment liberty right, (FAC Paragraphs 29(a)(i), 29(b)(:-iv), 29(b)(v), incorporating paragraphs 46 (b-h); Support: *Logan v. Zimmerman Brush*, 455 U.S. 422 (1982); *Mt. Healthy v. Doyle*, 429 U.S. 274 (1977);

c) Violation of her Fourteenth Amendment due process rights (FAC Paragraph 24-27, 29(a)(ii), 29(b)(i), 29(b)(v), incorporating 36-37; Support: *Board of Regents v. Roth,* 408 U.S. 564 (1972); *Goss v. Lopez*, 419 U.S. 568 (1975).

All three of these claims are supported by the Sections of the FAC and the controlling law cited above. At the pleadings stage, no more is needed. *Leatherman, supra.*

Defendants properly argue at pages 5-6 of the Memorandum that municipal liability is based on allegations of a policy, custom, or practice. Defendants overlook that a single "top level" decision maker can alone set City policy. Defendants are incorrect that plaintiff has failed to sufficiently allege such conduct by the CITY <u>and</u> its top <u>decision makers</u>: Mayor BURNS, City Manager NAFFAH, and Chief of Police PLACK (FAC, Paragraphs 24-29). These allegations meet the test for municipal and individual liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Bryan County v. Brown*, 520 U.S. 397 (1997) and *Leatherman*, *supra*.

In addition, plaintiff's argument regarding Federal Courts not being the appropriate forum to review the "multitude of personnel decisions made by public agencies" (Defendants'

**Case No. CV 08-01395 MEJ**
**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]**

Memorandum, at 6), has no bearing on this case. This case involves just **one** CITY whistleblower, covering a five-month period. Taking defendants' argument to its logical extreme would be a flat-out prohibition for <u>all</u> whistle blowing public employees seeking redress in Federal Court, the exact opposite of the Supreme Court's decision cited by defendants in *Monell, Pembaur, supra* and *Pickering, Roth* and *Mt. Healthy, supra.*

Under *Pembaur* and *Bryan County*, as well as *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), it is enough that Mayor BURNS and City Manager NAFFAH, top policy makers, terminated plaintiff in retaliation of her First Amendment rights. This, plus ratification under *Monell*, is clearly alleged (FAC, Paragraphs 12-14, 17-18).

### E. THE FAC DOES NOT ALLEGE CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY.

Defendants raise a straw man issue at pages 6-7 about allegations of "official capacity." Plaintiff does not allege official capacity violations anywhere in the FAC. FAC paragraphs 8-13, 16-18 simply recite that defendants were State actors who intentionally violated plaintiff's Constitutional rights and <u>nothing more</u>. This straw man issue is entirely irrelevant to this action.

### F. THE INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

At pages 7-9 of the Memorandum, defendants make a lengthy, insubstantial argument that federal qualified immunity is involved here. This applies <u>only</u> to the First Claim under Section 1983. None of the cases cited apply here. The gist of this case is plaintiff was retaliated against for exercising her First Amendment rights of free speech as a whistle blower. The law has been established in this area as it applies to public employees and private citizens for forty years, since *Pickering*, *supra*, was decided in 1968. See also *Mt. Healthy, supra, Roth, supra, Monell, supra.*

Under *Leatherman, supra,* plaintiff has pled defendants' intentional state of mind to violate her long-settled Constitutional rights. See also *Crawford-El, supra.* Qualified immunity is an affirmative defense, to be pled and proved by defendants. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Plaintiff has pled the intentional violation of well established Constitutional rights. It is now up to defendants to prove there are no genuine issues of fact that would preclude

Case No. CV 08-01395 MEJ
PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]

- 6 -

judgment as a matter of law on qualified immunity. *Marks v. Clarke*, 102 F.3d 1012, 1025, 343 (9th Cir. 1996); *Liston v. County of Riverside,* 120 F.3d 965, 979 (9th Cir. 1997); Act *Up!/Portland v. Bagley*, 998 F.2d 868, 873 (9th Cir. 1993).

Accordingly, qualified immunity is completely non-applicable to this case on the Section 1983 claim.

### G. THE FAC DOES ALLEGE ACTIONS UNDER COLOR OF LAW.

Another straw man argument is that plaintiff failed to allege defendants acted under color of State law. This is contradicted by defendants' own Memorandum at page 7 line 14, citing paragraphs 8-11 of the FAC to the exact opposite effect! How could it be possible that defendants, who are alleged to be acting at all times as government officials, who assert defenses of "governmental, qualified, and legislative immunity," would **not** be acting under color of State law? Paragraphs 8 through 21 of the FAC flatly contradict defendants' statement that plaintiff has pled "absolutely no factual allegations that any of the individual defendants . . . acted under the color of State law" (defendants' Memorandum page 9, lines 21-23).

### H. THERE IS SUBJECT MATTER JURISDICTION FOR FALSE CLAIMS RETALIATION AND IT IS SUPPORTED BY SUFFICIENT FACTS.

Defendants make an extremely lengthy and very hollow argument from pages 10 through 14 of the Memorandum regarding plaintiff's False Claims Retaliation allegations. The Courts have repeatedly ruled that a false claim action under Section 3730(h) is procedurally and substantively different from a "*Qui Tam*" action, under Section 3730(a)-(f). The Ninth Circuit's recent decision in *Mendiondo v. Centinela Hospital*, 521 F.3d 1097 (9th Circuit 2008) is directly on point. Plaintiff need not initiate any *Qui Tam* action to successfully pursue a Section 3730(h) retaliation action. Moreover, plaintiff has alleged all three of the necessary elements of that claim, as set forth in *Mendiondo*:

   a. That she engaged in activity protected under the Statute;
   b. That the employer knew of plaintiff's protected activity;
   c. That the employer retaliated against the employee because of the protected activity.

This Claim has been adequately alleged (FAC, Paragraphs 32-33).

### I. A THIRD CLAIM FOR BREACH OF CONTRACT

Case No. CV 08-01395 MEJ
PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]

- 7 -

This State law claim will be dismissed without prejudice. Damages for plaintiff's termination are still allowed under the First, Second and Fourth Claims.

### J. THE FOURTH CLAIM FOR WRONGFUL TERMINATION

Plaintiff has already indicated above that, based on the new *Mikclosy* decision, the common law wrongful termination claims are withdrawn. However, the Labor Code Section 1102.5 claim is very much alive and well, as discussed above. Thus, plaintiff will proceed on the Fourth Claim only under Section 1102.5. This also makes defendants' "redundancy" arguments moot.

### K. THE FIFTH CLAIM AS MODIFIED IS PROPER FOR THE TORT OF DEFAMATION, AND TORTS OCCURING AFTER TERMINATION.

Plaintiff has already indicated that, under new precedent of *Mikclosy*, the common law tort claims in plaintiff's Fifth Claim, except for the claim of defamation, will be voluntarily dismissed. This too makes moot the "redundancy" argument made by defendant.

In addition, the Workers' Compensation bar only applies to torts <u>while JOEI was employed</u>, and in the course of employment: Labor Code Section 3600(a); 3602(c). The torts alleged in the Fifth Claim <u>after</u> termination on September 25, 2007 thus are <u>not</u> barred, by the controlling language of Sections 3600(a) and 3602(c).

   1. <u>The Defamation is Adequately Pled</u>

The defamation claims have been properly pled with enough specificity (FAC, Paragraphs 29(b)(iv); 46(d), 46(e), 46(h). If these allegations are not specific enough, they can be repled.

   2. <u>Privilege Does Not Apply to the City Attorney's Defamation</u>

Defendants concede at p. 19, line 23, that Section 47(c) <u>qualified</u> privilege does not apply if the statements were made with malice. The FAC does allege malice. FAC, Paragraphs, 12(4); 46; 46(e). If additional detail of malice is required, this can be repled.

The "absolute" legislative and judicial privilege of Section 47(b), asserted by defendants at p. 20, lines 11-21, also does not apply. Nothing in the pleadings, or defendants' moving papers, indicates these statements were made in the context of a Council meeting, or in connection with litigation. Alternatively, this Claim can be repled with more specificity.

   3. <u>"Manager's Privilege" Does Not Apply</u>

Case No. CV 08-01395 MEJ
PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]

- 8 -

First, there is no privilege if malice is alleged, which has been done, as noted above. If more details of malice are required, leave to repled is requested.

4. <u>Government Code 818.8 and 815(a) Do Not Preclude Defamation Claims Against the CITY</u>

Defamation is a statutory tort in California, codified in Civil Code Sections 44-46, and the immunity asserted here under Section 815(a) does not apply.

Similarly, Sections 818.8 and 822.2 do not apply. In *Bastian v. County of San Luis Obispo* (1988) 199 Cal. App. 3d 520, 532-534, the Court of Appeals reversed the trial court, where a peace officer falsely planted a bottle of vodka at an accident scene, and had false pictures taken. Following *Johnson v. State of California* (1968) 69 Cal. 2d 782, 800, the Court of Appeals reversed the trial court, sustaining the demurrer, and found <u>neither</u> 818.8 <u>nor</u> 822.2 could apply to such defamation and false light.

*Johnson, supra,* is the progenitor authority rejecting Section 818.8 immunity on issues alleged here. The Supreme Court explained that "misrepresentation" under 818.8 is actually narrowly limited, and does not involve the type of statements alleged here. The Court stated, in pertinent part:

> Considering a tort claim under the analogous section of the Federal Tort Claims Act, the United States Supreme Court stated, citing Dean Prosser: "many familiar forms of negligent conduct may be said to involve an element of 'misrepresentation,' in the generic sense of that word, but '(s)o far as misrepresentation has been treated as giving rise in and of itself to a distinct cause of action in tort, it has been identified with the <u>common law action of deceit,</u>' and has been confined to 'very largely to the invasion of interests of a financial or commercial character, in the course of business dealings.'"

*Johnson, supra,* 69 Cal. 2d at 799-800.

See also, *Muskopf v. Corning Hospital Dist.* (1961) 55 Cal. 2d 211, 219 ("the rule is liability, immunity is the exception"); *Atkins v. State of California* (1966) 50 Cal. App. 4th 1802, 1817-1819; *Michael J. v. Los Angeles County* (1988) 201 Cal. App. 3d 859, 866.

Here plaintiff consistently alleges malicious, false statements made with intent to injure and defame her. The defamation and false light claims are proper. Thus, Section 818.8 does <u>not</u> apply to <u>defamation</u>.

Defamation is also not precluded by Workers' Compensation, because it is damage to reputation, not a "personal injury." *Meninga v. Raley's* (1989) 216 Cal. App. 3d 79, 83. It is also not part of the "compensation bargain." *Livitsanos v. Superior Court* (1992) 2 Cal. 4th 744.

## IV.  CONCLUSION

For all the above reasons, plaintiff respectfully requests that defendants' Motion be denied in its entirety as to the Federal Section 1983 and 3730(h) claims, and requests leave to repled regarding the Third, Fourth, and Fifth Claims.

Respectfully submitted,

DATED:  August 14, 2008                ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.


                                       By:     /s/ Abraham N. Goldman_____
                                               Abraham N. Goldman, Attorney for Plaintiff
                                               David Springfield, Attorney for Plaintiff
                                               JOEI LYN SANCHES

**Case No. CV 08-01395 MEJ**
PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]

**PROOF OF SERVICE**

I am over the age of 18 years, not a party, and am employed at Yuba County, California. Pursuant to common business practice, I served the attached:

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION & FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(1),(6)]**

on the following party and attorneys in this action by causing a true and correct copy thereof to be delivered addressed as shown below, by 1st Class U.S. Mail on **August 14, 2008,** to:

| | |
|---|---|
| Richard C. Bolanos, Esq.<br>Morin I. Jacob, Esq.<br>LIEBERT CASSIDY WHITMORE<br>153 Townsend Street, Suite 520<br>San Francisco, CA 94107<br>Facsimile: (415) 856-0306 | Attorneys for Defendants<br>City of Crescent City, Dennis Burns,<br>Eli Naffah, Mike Scavuzzo, and Douglas Plack |

I am familiar with common business practice regarding collection and processing of documents for mailing with the U.S. Postal Service. Such documents were sealed prepaid and placed for collection on the date stated below.

I declare under penalty of perjury under the laws of the State of California and of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed *August 14, 2008,* at Yuba County, California.

                                            **/s/ Katherine W. Lendech**
                                            Katherine W. Lendech