1 | Richard C. Bolanos, Bar No. 111343
rbolanos@lcwlegal.com
2 | Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
3 | LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
4 | 153 Townsend Street, Suite 520
San Francisco, CA  94107
5 |
Telephone:     (415) 512-3000
6 | Facsimile:      (415) 856-0306
7 | Attorneys for Defendants
CITY OF CRESCENT CITY; DENNIS BURNS;
8 | ELI NAFFAH; MIKE SCAVUZZO; DOUGLAS
PLACK
9 |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN FRANCISCO DIVISION

13

14 | JOEI LYN SANCHES,                          Case No.  **CV 08-01395 MEJ**

15 |                    Plaintiff,

16 | v.                                         **DEFENDANTS' REPLY MEMORANDUM
OF POINTS AND AUTHORITIES TO**
17 | CITY OF CRESCENT CITY; DENNIS              **PLAINTIFF'S OPPOSITION TO MOTION**
BURNS; ELI NAFFAH; MIKE                      **TO DISMISS  FIRST AMENDED**
18 | SCAVUZZO; DOUGLAS PLACK                    **COMPLAINT FOR LACK OF**
(Formerly Doe No. 1) AND DOES 2              **JURISDICTION AND FAILURE TO**
19 | through 100, AND EACH OF THEM,             **STATE A CLAIM UPON WHICH RELIEF**
INCLUSIVE,                                   **CAN BE GRANTED [FRCP 12(b)(1),(6)]**
20 |                    Defendants.            **Date:      September 4, 2008**
                                            **Time:      10:00 a.m.**
21 |                                          **Dept.:     Courtroom B, 15th Floor**
                                            **Judge:     Maria-Elena James**
22

23 |                                           (Exempt from filing fees pursuant to
Government Code, Section 6103)
24

25

26

27

28

68517.7 CR015-004                                              CASE NO. C-08-1395 MEJ
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

1

**TABLE OF CONTENTS**

2

**Page**

3

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ........................................................................................................ 1

4

A.      Plaintiff's Opposition Misconstrues The Rule 8(a) Standard ................................ 1

5

B.      The Governmental and Legislative Immunities Apply ........................................... 1

6

1.      The California Governmental Immunities Apply in This Case ................ 1

7

2.      The Governmental Immunities Bar the Imposition of Liability Even Where Liability is Created by Statute ........................................................ 2

8

3.      Legislative Immunity Applies To Mayor Burns and Council Member Scavuzzo ................................................................................... 3

9

a.      Burns and Scavuzzo Were Acting in their Legislative Capacities ........................................................................... 3

10

b.      The Cases Cited by Plaintiff Do Not Support Her Argument that the Legislative Immunity Does Not Apply ........................... 4

11

C.      Plaintiff Concedes That Her 3rd , 4th, and 5th Claims Must Be Dismissed ........... 5

12

D.      Plaintiff Cannot Re-Characterize the Facts of Her Complaint to Try to Create a Violation of Labor Code Section 1102.5 Claim ....................................... 5

13

E.      Plaintiff's 5th Claim for Defamation Must Be Dismissed As Well....................... 6

14

1.      Plaintiff's Defamation Claim Arises Out of Her Employment with City. ......................................................................................................... 6

15

2.      *Miklosy* and the Governmental Immunities Bar a Defamation Claim ........ 6

16

F.      Plaintiff's First Claim for Violation of Section 1983 Must Be Dismissed Against All Defendants .......................................................................................... 8

17

1.      Plaintiff Has Failed to Plead That The Individual Defendants Were Acting Under Color of State Law ............................................................... 8

18

2.      Plaintiff Fails to Refute that The Individual Defendants Cannot Be Sued in Their Official Capacities ................................................................ 8

19

3.      Plaintiff Concedes That the Individual Defendants Are Entitled to Qualified Immunity for the First Claim for Violation of Section 1983 ........................................................................................................... 9

20

21

4.      Plaintiff Concedes That City Can Only Be Liable Where a City Policy, Custom or Practice Caused Her Injury ........................................ 10

22

G.      Plaintiff Has Failed to State Sufficient Facts to Constitute a Claim for the False Claims Act .................................................................................................. 11

23

24

1.      Rule 9(b) Pleading Rules Governs Plaintiff's False Claims Act Claim ....................................................................................................... 11

25

2.      Plaintiff's Argument that the Qui Tam Procedures Do Not Apply Is Wrong Based on the Allegations of the FAC.......................................... 11

26

3.      Plaintiff Fails to Plead Sufficient Facts for a Retaliation Claim Under § 3730........................................................................................... 12

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

68517.7 CR015-004                                    i                              CASE NO. C-08-1395 MEJ

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**
**(continued)**

Page

4.   Plaintiff's Opposition Fails to Refute That the Individual
     Defendants Cannot Be Held Liable for Violation of the False
     Claims Act................................................................................................. 12

5.   Plaintiff's Opposition Fails to Refute That Plaintiff Must Be The
     Original Source of any Public Disclosure .................................................. 13

H.   Leave to Amend Should Not Be Granted Again.................................................. 14

III.   CONCLUSION .............................................................................................. 14

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

# TABLE OF AUTHORITIES

**Page**

**State Cases**

*Bastian v. County of San Luis Obispo,*
    199 Cal.App.3d 520, 245 Cal.Rptr. 78 (1988) ................................................................. 7

*Caldwell v. Montoya ,*
    10 Cal.4th 972, 42 Cal.Rptr.2d 842 (1995) ............................................................. 3, 7

*Johnson v. City of Loma Linda,*
    24 Cal.4th 61, 99 Cal.Rptr.2d 316 (2000) ...................................................................... 6

*Johnson v. State*,
    69 Cal.2d 782, 73 Cal.Rptr. 240 (1968) ....................................................................... 7

*Jones v. The Lodge at Torrey Pines Partnership,*
    42 Cal.4th 1158, 72 Cal.Rptr.3d 624 (2008) ................................................................. 13

*Kemmerer v. Fresno County*,
    200 Cal.App.3d 1426, 246 Cal.Rptr. 609 (1988) ........................................................... 7

*Miklosy v. Regents of the University of California*,
    2008 WL 2923434 ................................................................................................... 5, 6, 8

*State v. Superior Court (Bodde)*,
    32 Cal.4th 1234, 13 Cal.Rptr.3d 534 (2004) ................................................................. 6

**Federal Cases**

*Almonte v. City of Long Beach*,
    478 F.3d 100 (2nd Cir. 2007) ........................................................................................ 3

*Bateson v. Geisse*,
    857 F.2d 1300 (9th Cir. 1998) ...................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................................................... 1

*Bishop v. Wood*,
    426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed. 684 (1976) .................................................... 10

*Chisholm v. Georgia,*
    2 U.S. 419 (1793) .......................................................................................................... 2

*Cinevision Corp. v. City of Burbank*,
    745 F.2d 560 (9th Cir. 1984) ........................................................................................ 4

*Clegg* v. *Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) .......................................................................................... 8

*Connick v. Myers*,
    461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) .............................................. 10

*Cooper v. Blue Cross and Blue Shield,*
    19 F.3d 562 (11th Cir. 1994) ...................................................................................... 13

*Edelman v. Jordan*,
    415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) .................................................. 9

*Felder v. Casey*,
    487 U.S. 131, 108 S.Ct. 2302 (1988) ........................................................................... 2

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3    *Gomez v. Toledo*,
        446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)........................................................ 9

4    *Howlett v. Rose,*
        496 U.S. 356, 110 S.Ct. 2430 (1990) ................................................................................ 2
5

*Hudson v. City of New Orleans,*
6        174 F.3d 677 (5th Cir. 1999) ........................................................................................... 13

7    *Hutchins v. Wilentz,*
        253 F.3d 176 (3d Cir. 2001) ............................................................................................ 12

8    *McKenzie v. BellSouth Telecomm., Inc.,*
        219 F.3d 508 (6th Cir. 2000) ........................................................................................... 12
9

*Mendiondo v. Centinela Hospital*,
10        521 F.3d 1097 (9th Cir. 2008) ......................................................................................... 11

11   *Mitchell v. Forsyth*,
        472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)..................................................... 9

12   *Monell v. Department of Social Services,*
        436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)..................................................... 10

13   *Mullins* v. *U.S. Bankruptcy Court*,
        828 F.2d 1385 (9th Cir. 1987) ........................................................................................... 8

14   *Papasan v. Allain*,
        478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)..................................................... 1
15

*Pembaur v. City of Cincinnati*,
16        475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)................................................... 10

17   *Tenney v. Brandhove*,
        341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).......................................................... 4

18   *Trevino v. Gates*,
        23 F.3d 1480 (9th Cir. 1994) ............................................................................................. 4

19   *United States* ex rel. *Fine v. Advanced Sciences, Inc.,*
        99 F.3d 1000 (10th Cir. 1996) ......................................................................................... 13
20

*United States* ex rel. *Foulds v. Texas Tech University,*
21        171 F.3d 279 (5th Cir. 1999) ........................................................................................... 13

22   *United States* ex rel. *Lamar v. Burke,*
        894 F.Supp. 1345 (E.D.Mo. 1995) .................................................................................. 13

23   *United States* ex rel. *Smith v. Yale Univ.,*
        415 F.Supp.2d 58 (D.Conn. 2006).................................................................................... 12
24

*United States* ex rel. *Springfield Terminal Ry. v. Quinn,*
25        14 F.3d 645 (D.C.Cir. 1994)............................................................................................. 13

26   *United States* ex rel. *Taxpayers Against Fraud v. General Elec. Co.*,
        41 F.3d 1032 (6th Cir. 1994) ........................................................................................... 13

27   *Wilkins* ex rel. *United States v. Ohio*,
        885 F.Supp. 1055 (S.D.Ohio 1995).................................................................................. 13

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Will v. Michigan Department of State Police,*
    491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)...................................................... 9

**State Statutes**

Civil Code, §§ 44-46 .......................................................................................................... 6

Government Code, § 815........................................................................................................ 8

Government Code, § 820.2.................................................................................................... 7

Labor Code, § 1102.5 ...................................................................................................... 2, 5

**Federal Statutes**

31 U.S.C. § 3729 .............................................................................................................. 11

31 U.S.C. § 3730 ......................................................................................................... 11, 12

31 U.S.C. § 3730(h)...................................................................................................... 11, 12

42 U.S.C. § 1983 ......................................................................................................... passim

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

68517.7 CR015-004                                    v                        CASE NO. C-08-1395 MEJ

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

## I.     INTRODUCTION

Plaintiff's Opposition is replete with *ad hominem* attacks on Defendants that serve to distract this Court from the fact that Plaintiff presents very little by way of actual legal authority to support her arguments.  As such, this Court must disregard Plaintiff's unsupported arguments and rely upon Defendants papers to grant the motion to dismiss.

## II.     ARGUMENT

### A.     Plaintiff's Opposition Misconstrues The Rule 8(a) Standard.

Plaintiff points out that the Rule 8(a) pleading requirement applies to all of her claims because there are no fraud claims to persuade this Court that she has met this standard. (Opposition at pg. 3:10-17).   Plaintiff's second claim is subject to a heightened standard (to be discussed below).  As for the Rule 8(a) claims, the Supreme Court has recently held that to satisfy Rule 8(a), a plaintiff must plead more than  "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss.  (*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) [on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."]).  Here, Plaintiff has not even satisfied the basic requirement of pleading facts to support each element of the claims.  This is Plaintiff's second chance at attempting to get her pleading in order.  She amended her complaint after being served with Defendants' original motion to dismiss to try to cure the defects.  Thus, this motion to dismiss must be granted.

### B.     The Governmental and Legislative Immunities Apply.

#### 1.     The California Governmental Immunities Apply in This Case. Plaintiff's Blatant Mischaracterization of Case Law Does Not Change This.

Plaintiff mischaracterizes the applicability of case law and her FAC to make an argument that is not supported by law.  Plaintiff cannot escape the applicability of the governmental immunities by misapplying case law, or by misconstruing her very own Complaint.

Plaintiff cites cases that do not support her argument that the governmental immunities do not apply. (Opposition at pg. 3:23-26). *Howlett v. Rose* deals with the issue of sovereign immunity, not the governmental immunities raised in Defendants' moving papers [i.e., the notion

68517.7 CR015-004                                      - 1 -                              CASE NO. C-08-1395 MEJ

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

1    that federal courts have the authority to hear cases in law and equity against states by private

2    citizens, and that states do not enjoy sovereign immunity from suits made by citizens of other

3    states. (*Chisholm v. Georgia,* 2 U.S. 419 (1793). *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430

4    (1990)).  *Felder v. Casey* has no applicability here at all either because it deals with whether a

5    Wisconsin state notice of claim statute can bar a federal civil rights action.  (*Felder v. Casey*, 487

6    U.S. 131, 108 S.Ct. 2302 (1988)).  Defendants are arguing that the governmental immunities

7    preclude recovery; not that a notice of claim statute bars Plaintiff's recovery.

8         In addition, Plaintiff argues that the immunities do not apply because California Labor

9    Code Section 1102.5 provides for statutory liability of the Defendants that would preclude the

10   state governmental immunities from applying to the Defendants.  (Opposition at pg. 3:27-4:3).

11   However, Plaintiff has not brought a state claim for violation of Labor Code Section 1102.5.

12   Plaintiff misleads this Court by stating that her 3rd claim is for violation of Labor Code Section

13   1102.5, but in fact, it is for breach of contract.  (Opposition at pg. 4:16-18; FAC at pg. 7:9-21)).

14   Plaintiff mentions Labor Code Section 1102.5 as part of her 4th claim for wrongful termination as

15   a basis for liability for wrongful termination in violation of public policy (i.e., that it is against

16   public policy to terminate whistleblowers protected by section 1102.5), but she fails to actually

17   allege a claim for violation of section 1102.5.  (See FAC at ¶ 43).  Thus, Plaintiff's argument that

18   California state statutory liability precludes the applicability of the governmental immunities does

19   not apply because Plaintiff has not even raised a Labor Code Section 1102.5 claim.

20              **2.      The Governmental Immunities Bar the Imposition of Liability Even
                          Where Liability is Created by Statute.**
21
         Plaintiff argues that the governmental immunities do not apply where liability is created
22
     by statute.  (Opposition at pg. 3:27-4:3).  This is a misinterpretation of the governmental
23
     immunities statutes that is commonly made by plaintiffs.
24
         The California Supreme Court has held that even where liability arises out of a statute, the
25
     governmental immunities protect defendants.  In *Caldwell v. Montoya*, the court held that
26
     personal immunity applies even against liabilities imposed by prohibitory state statutes of general
27
     application (such as FEHA or the Labor Code) unless there is a clear indication of legislative
28

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1   intent that immunity be withdrawn in the particular case.  (*Caldwell v. Montoya* , 10 Cal.4th 972,

2   989, 42 Cal.Rptr.2d 842 (1995).  There is no indication of legislative intent that, notwithstanding

3   the statutory immunity for discretionary acts, public employees may be personally sued for

4   personnel decisions which violate the Labor Code. Hence, that immunity must prevail, if

5   otherwise applicable, over Labor Code claims (or FEHA claims) against public employees in

6   their individual capacities.

7           **3.     Legislative Immunity Applies To Mayor Burns and Council Member Scavuzzo.**

8

9                   **a.     Burns and Scavuzzo Were Acting in their Legislative Capacities.**

10          Plaintiff argues that the termination of Plaintiff is not a "legislative action," and hence

11  there can be no legislative immunity for Mayor Burns and Council Member Scavuzzo.

12  (Opposition at pg. 4:18-5:4).  This is inaccurate.  The legislative immunity does not only apply to

13  open meetings of legislative bodies, but it applies to all *actions* of legislators in their capacity as

14  legislators.

15          In *Almonte*, similar to the facts alleged in this matter, where a terminated city employees'

16  § 1983 suit alleging that city council members had conspired to terminate employees' positions

17  for political reasons in violation of employees' free speech and due process rights, council

18  members were entitled to *absolute* legislative immunity not only as to resolutions to terminate the

19  employees, but also as to discussions with non-legislators about the decision to terminate the

20  employees.  Legislative immunity covered all aspects of the process – not just legislative, public

21  meetings. (*Almonte v. City of Long Beach*, 478 F.3d 100 (2nd Cir. 2007)).

22          Plaintiff's allegations expressly indicate that Defendants Burns (Mayor) and Scavuzzo

23  (Council Member) were acting in their official capacities as Mayor and Council Member at all

24  relevant times.  (FAC, ¶¶ 8, 10).  All of their actions in their official capacities are done in their

25  legislative capacities.  Thus, just as under *Almonte*, Burns and Scavuzzo's actions (including, but

26  not limited to, the decision to terminate Plaintiff) are entitled to absolute legislative immunity.

27

28

68517.7 CR015-004                           - 3 -                        CASE NO. C-08-1395 MEJ

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1

          **b.**      **The Cases Cited by Plaintiff Do Not Support Her Argument that the Legislative Immunity Does Not Apply.  The U.S. Supreme Court Has Held That Legislative Immunity Applies.**

2

3         Plaintiff cites three cases, with no discussion of them, to try to argue that Plaintiff's

4 termination does not constitute a legislative action that gives rise to immunity for Burns and

5 Scavuzzo.  (Opposition at pg. 5:2-4).  The cases cited are all factually distinguishable.  In *Trevino*

6 *v. Gates*, 23 F.3d 1480 (9th Cir. 1994), the court held that city council members who vote to pay

7 punitive damage award pursuant to California law perform an administrative, not legislative, act

8 and therefore, they are not entitled to absolute immunity.  In this case, we are not dealing with an

9 administrative decision to pay part of a judgment, so this case does not apply to the facts at hand.

10 In *Cinevision Corp. v. City of Burbank*, 745 F.2d 560 (9th Cir. 1984), Councilman James

11 Richman argued that, in voting to disapprove proposed concerts by a concert promoter, he was

12 engaged in a legislative act and absolutely immune from liability 42 U.S.C. § 1983.  The district

13 court concluded that the City Council was acting in an executive, rather than a legislative,

14 capacity when it disapproved proposed concerts, so the council member only enjoyed qualified

15 immunity if he acted in good faith in disapproving the proposed concerts.  (*Id.* at 577-578).  Here,

16 we are dealing with the termination of a high-ranking City employee (Finance Director) who

17 routinely advised the Council on budget matters.  We are not dealing with contracts relating to

18 outside vendors.  Similarly, *Bateson v. Geisse*, 857 F.2d 1300 (9th Cir. 1998) dealt with a

19 property owners' suit for refusal to issue a building permit dealt with transactions pertaining to an

20 individual outside of the city; not with a high-ranking city employee.

21         The U.S. Supreme Court has expressly held that where members were acting in the

22 "sphere of legitimate legislative activities", there can be no liability for such conduct.  (*Tenney v.*

23 *Brandhove*, 341 U.S. 367, 376, 71 S. Ct. 783, 95 L.Ed. 1019 (1951)).  "Legislators are immune

24 from deterrents to the uninhibited discharge of their legislative duty, not for their private

25 indulgence but for the public good. One must not expect uncommon courage even in legislators.

26 The privilege would be of little value if they could be subjected to the cost and inconvenience and

27 distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against

28 them based upon a jury's speculation as to motives." (*Id.* at 377).  Here, the decision to terminate

1    an incompetent Finance Director was directly related to the activities of the members in their

2    legislative capacities.  Burns and Scavuzzo acted on all budget items before the City Council

3    based on the recommendations and reports of the Finance Director.  The work of the Finance

4    Director was directly tied to the governance of the City.  Thus, the decision to terminate her falls

5    within the sphere of legitimate legislative activities.

6        Thus, this Court must apply *Tenney* and *Almonte* and find that the decision to terminate a

7    city employee is a legislative act that is covered by legislative immunity, and dismiss all claims

8    against Defendants Burns and Scavuzzo.

9        **C.    Plaintiff Concedes That Her 3rd , 4th, and 5th Claims Must Be Dismissed.**

10        Plaintiff concedes that her third claim for Breach of Contract must be dismissed.

11    (Opposition at pg. 7:28-8:2).   Plaintiff concedes that the *Miklosy v. Regents of the University of*

12    *California*, 2008 WL 2923434, California Supreme Court decision bars her fourth claim for

13    wrongful termination and her fifth claim for various common law torts (invasion of privacy, false

14    light, intentional infliction of emotional distress, and negligent infliction of emotional distress).

15    (Opposition at pgs. 4:4-13; 8:10-12).  Thus, these claims must all be dismissed without leave to

16    amend.

17        **D.    Plaintiff Cannot Re-Characterize the Facts of Her Complaint to Try to Create
            a Violation of Labor Code Section 1102.5 Claim.**
18

19        Plaintiff tries to re-state her wrongful termination in violation of public policy claim as a

20    violation of Labor Code section 1102.5 claim.  (See Opposition at pg. 8:3-8).  Plaintiff cannot be

21    allowed to do this.  The language of her fourth claim *plainly* seeks redress for wrongful

22    termination in violation of public policy.  (FAC at pg. 7).  The California Supreme Court has

23    expressly held that public entities cannot be liable for said claim, and Plaintiff herself concedes

24    this in her Opposition.  (Opposition at pg. 4:4-13; *Miklosy v. Regents of the University of*

25    *California*, 2008 WL 2923434).  Plaintiff's FAC makes mention of Labor Code Section 1102.5,

26    but only to highlight that Plaintiff is suing for wrongful termination because she was terminated

27    for whistle blowing (i.e., terminated for exercising a valid legal right – that is, termination in

28    violation of public policy).  Thus, Plaintiff cannot now assert a Labor Code Section 1102.5 claim

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1 | without seeking leave to amend.

2 | **E.      Plaintiff's 5ᵗʰ Claim for Defamation Must Be Dismissed As Well.**

3 | Section K (1)-(3) of Plaintiff's Opposition fails to provide any legal authority to support

4 | her arguments that the defamation claim must survive dismissal.  (Opposition at pgs. 8:17-9:2).

5 | Thus, these arguments must be disregarded by the Court since they are unsubstantiated and the

6 | Court must rely on Defendants' moving papers for the law on the issues addressed.

7 | **1.      Plaintiff's Defamation Claim Arises Out of Her Employment with City.**

8 |

9 | Plaintiff tries to argue that the fifth claim for defamation survives for the time *after* she

10 | was employed by City.  (Opposition at pgs. 4:10-12; 8:10-9:28).  Plaintiff's Complaint is clearly

11 | seeking liability against Defendants for the actions that took place *during* the time of her

12 | employment with City.  (See FAC, ¶¶ 20-51).   Any actions that may have taken place after she

13 | was terminated arose as a result of her employment with City.  Plaintiff's Tort Claim and DFEH

14 | Complaint allege wrongs that she suffered as a result of her employment with City.  Those are the

15 | only claims she can raise now because they are the only claims that were raised during the

16 | administrative remedy phase of this matter.  Claims not raised in her administrative complaints

17 | are absolutely barred during litigation.  (*State v. Superior Court (Bodde)*), 32 Cal.4th 1234, 1242,

18 | 13 Cal.Rptr.3d 534 (2004); *Johnson v. City of Loma Linda,* 24 Cal.4th 61, 70, 99 Cal.Rptr.2d 316

19 | (2000)).   This argument is nothing more than Plaintiff's feeble attempt to re-characterize the

20 | facts of the Complaint to get around the nail in the coffin (i.e., the *Miklosy* decision) as to the fifth

21 | claim for defamation.  Plaintiff's attempt to look at a few subparts of one paragraph in her

22 | Complaint to change the entire scope of this litigation fails.  Plus, the subparts cited in Plaintiff's

23 | Opposition (FAC ¶46 (d)-(h)) only allege facts against Defendant City.  (See FAC at ¶45).  Thus,

24 | the individual Defendants must be dismissed anyway because there are no facts alleged against

25 | them whatsoever to support a defamation claim.  And the City cannot be sued for defamation

26 | because of *Miklosy*, so City must be dismissed as well.

27 | **2.      *Miklosy* and the Governmental Immunities Bar a Defamation Claim.**

28 | Plaintiff's FAC does not seek liability for defamation under Civil Code Sections 44-46 as

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

68517.7 CR015-004                                   - 6 -                          CASE NO. C-08-1395 MEJ
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

1    stated in Plaintiff's Opposition.  (Opposition at pg. 9:4; FAC ¶¶45-51).  Since the FAC alleges a

2    common law claim, then this Court must analyze the claim as a common law claim, not a

3    statutory claim.  Plaintiff must seek leave to amend to state a statutory claim for defamation.

4    But even if this Court read Plaintiff's FAC as a statutory claim for defamation, the governmental

5    privileges would still apply.  See Section (II)(B)(2) of this Reply Brief for discussion of *Caldwell*.

6         Plaintiff's reliance on *Bastian* is misplaced.  (Opposition at pg. 9:6-8).  *Bastian* was not a

7    defamation case.  Instead, it dealt with an action for negligence and intentional misrepresentation.

8    However, *Bastian* still supports Defendants arguments because if Defendants can show that

9    Plaintiff is alleging that her financial or commercial interests were harmed as part of her

10   defamation claim, then the governmental immunity applies and dismissal is appropriate under

11   Government Code Sections 818.2 and 822.2.  (*Bastian v. County of San Luis Obispo,*

12   199 Cal.App.3d 520, 533, 245 Cal.Rptr. 78 (1988)).  Here, Plaintiff's FAC alleges that she is

13   entitled to special and general damages, thereby making Plaintiff's defamation a situation that

14   resulted in a financial loss to her.  Thus, the governmental immunities apply.

15        Plaintiff's reliance on *Johnson* is also misplaced because the issue there was whether an

16   employee was engaged in a discretionary act.  (Opposition at pg. 9:8-19; *Johnson v. State*, 69

17   Cal.2d 782, 786-788, 73 Cal.Rptr. 240 (1968)).  *Johnson* can be distinguished here because the

18   Court found that the defendant was not engaged in a discretionary act when a parole agent did not

19   warn a foster family about the violent tendencies of a juvenile.  (*Johnson,* 69 Cal.2d 782, 786-

20   788).  Here, the Supreme Court has held that under circumstances relating to the discipline of an

21   employee (i.e., termination), discretionary acts are at issue and thus the immunity applies to the

22   Defendants.  The Supreme Court has held that employees are immune from tort liability resulting

23   from discretionary decisions that involve a balancing of risks and advantages—such as decisions

24   to terminate employment—"whether or not such discretion be abused."  (Gov. Code § 820.2;

25   *Caldwell v. Montoya*, 10 Cal.4th 972, 42 Cal. Rptr. 2d 842 (1995) (immunity for decision not to

26   renew school superintendent's employment contract); *Kemmerer v. Fresno County*, 200

27   Cal.App.3d 1426, 1437-39, 246 Cal.Rptr. 609 (1988) (immunity for decision to discharge civil

28   service employee).

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

1      Further, in *Miklosy*, the California Supreme Court expressly holds that public entities

2   cannot be held liable for common law claims because they are immune from liability under

3   Government Code Section 815.   (*Miklosy*, 2008 WL 2923434 at pgs 14-15).  "Section 815

4   abolishes common law tort liability for public entities." (*Id.*).  Thus, Plaintiff's fifth claim for

5   defamation must be dismissed because this court has no jurisdiction to hear the claims over any of

6   the Defendants (i.e., the public entity or its agents).  Plaintiff's citation of other California case

7   law that was decided prior to *Miklosy* does not change this.  (Opposition at pg. 9:3-28).  As of

8   July 2008, the City is immune from liability for defamation under Government Code Section 815.

9      **F.    Plaintiff's First Claim for Violation of Section 1983 Must Be Dismissed**
           **Against All Defendants.**

10
       Plaintiff argues that stating a legal conclusion with no supporting facts is sufficient to

11  maintain a claim for violation of Section 1983.  (Opposition at pg. 5:6-18).  This is inaccurate.

12  The court need not accept as true allegations in Plaintiff's complaint that are merely legal

13  conclusions; or are unwarranted deductions of fact or reasonable inferences.  (*Mullins* v. *U.S.*

14  *Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Clegg* v. *Cult Awareness Network*, 18

15  F.3d 752, 754-55 (9th Cir. 1994)).  Hence, Plaintiff cannot merely maintain her claim simply

16  because she makes a legal conclusion that her first and fourteenth amendment rights were

17  violated.  There are insufficient facts that show this.  Further, Plaintiff's Opposition fails to point

18  to alleged facts that do something more than state a legal conclusion.

19
        **1.    Plaintiff Has Failed to Plead That The Individual Defendants Were**
               **Acting Under Color of State Law.**
20
21     Plaintiff's Opposition claims that paragraphs 8-11 of the FAC allege that the individual

22  Defendants were acting under color of state law.  (Opposition at pg. 7:6-8).  However, paragraphs

23  8-11 of the FAC do nothing more than identify the individual Defendants by their titles in their

24  capacity as elected officials and employees of the City.  The FAC does not allege any actual facts

25  to show that the individual Defendants took their actions under color of state law.

26      **2.    Plaintiff Fails to Refute that The Individual Defendants Cannot Be**
               **Sued in Their Official Capacities.**
27
       Plaintiff's Opposition fails to provide any legal authority whatsoever to refute the
28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA 94107

68517.7 CR015-004                          - 8 -                     CASE NO. C-08-1395 MEJ
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

1   argument that the individual Defendants cannot be sued in their official capacities for violation of

2   section 1983.  (Opposition at pg. 6:12-15).

3       In *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d

4   45 (1989), the U.S. Supreme Court held that officials acting in their official capacities are not

5   "persons" within the meaning of § 1983.  The Court reasoned that although state officials are

6   people, a suit against a state official in his official capacity constitutes a suit against the official's

7   office and not against the person.  (*Id.*).  Further, defendants are clearly entitled to immunity from

8   damages in their official capacities because retrospective monetary relief against a state is barred

9   by the Eleventh Amendment. (*Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662

10  (1974)).

**3.    Plaintiff Concedes That the Individual Defendants Are Entitled to Qualified Immunity for the First Claim for Violation of Section 1983.**

11
12      Plaintiff concedes that the individual Defendants are entitled qualified immunity for the

13  Section 1983 claim.  (Opposition at pg. 6:18-19).

14      Plaintiff also argues that qualified immunity is to be pled as an affirmative defense.

15  (Opposition at pg. 6:25-26), but this is inaccurate.  Plaintiff misconstrues the holding in the

16  *Gomez* case.  In *Gomez*, the Supreme Court held that a plaintiff need not allege that an official

17  acted in bad faith to state a claim, but instead a defendant must allege an affirmative defense that

18  he/she acted in good faith.  (*Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572

19  (1980)).  This holding does not preclude a motion to dismiss for failure to state facts to constitute

20  a cause of action.  Moreover, since qualified immunity is "an *immunity from suit* rather than a

21  mere defense to liability," immunity issues should be resolved as soon as possible. (*Mitchell v.

22  Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).

23      Here, Plaintiff's Opposition fails to show where in the FAC Plaintiff pled sufficient facts

24  against the individual Defendants in their individual capacities showing that they were not acting

25  within their discretion, or that they intended to violate Plaintiff's constitutional rights.  Plaintiff's

26  Opposition just expects this Court to take her word for it, and fails to show that the FAC has

27  alleged sufficient facts.

28

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

**4.    Plaintiff Concedes That City Can Only Be Liable Where a City Policy, Custom or Practice Caused Her Injury.**

Plaintiff concedes that liability can only be imposed on the City where there are facts alleged to show that that a City policy, custom, or practice caused her injury. (Opposition at pg. 5:19-20; *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  However, Plaintiff's conclusion (with no explanation or analysis) that she has pled sufficient facts does not serve to overcome the fact that she has failed to plead sufficient facts to support liability against the City.  In *Monell* the U.S. Supreme Court held that a city can only be liable under § 1983 when the plaintiff's injury was *caused by a policy or custom of the public entity.*  (*Id*. at 694).  In *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the high court clarified the "official policy" requirement of *Monell* by explaining that it "was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." (*Id*. at 479, emphasis in original).

And despite Plaintiff's legally unsupported and unclear argument that the Supreme Court's decision in *Bishop* does not apply here, it is actually well-settled that "[t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." (Opposition at pg. 5:26-6:5; *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed. 684 (1976); *Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed. 2d 708 (1983)).  In *Bishop*, the Supreme Court holds that termination of a city employee without hearing did not deprive him of a property interest protected by the Fourteenth Amendment. (*Bishop v. Wood*, 426 U.S. 341 at 350).   There is a presumption that official acts, such as the decision to terminate an employee, are regular and "the Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."  (*Id*.).

Here, Plaintiff alleges that the Naffah and Burns violated her rights by not conforming to the City's Municipal Code in firing her.  (FAC ¶ 25).  Failure to follow a valid law or policy regarding the process by which terminations should take place is not enough to establish liability against the City under § 1983.  (*Bishop v. Wood*, 426 U.S. 341 at 350).   Plaintiff has failed to

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1    allege any facts showing that that the *City* itself is actually responsible for the acts of its

2    *employees*. Plaintiff is alleging that she was terminated in violation of the City's lawful policy on

3    terminating employees for making complaints. However, Plaintiff's FAC wholly fails to allege

4    any facts that attach § 1983 liability to the City for the decision to terminate Plaintiff in violation

5    of her rights.

6    **G.    Plaintiff Has Failed to State Sufficient Facts to Constitute a Claim for the False Claims Act.**

7

8    **1.    Rule 9(b) Pleading Rules Governs Plaintiff's False Claims Act Claim.**

9    The 9th Circuit has held that claims under the False Claims Act are subjected to a

10    heightened pleading standard under Rule 9(b). (*Mendiondo v. Centinela Hospital*, 521 F.3d 1097,

11    1103 (9th Cir. 2008). Hence, the claim must be pleaded with particularity. (*Id.*).

     Here, as shown in Defendants' moving papers, Plaintiff has failed to plead sufficient facts to

12    establish a claim for the False Claims Act.

13

14    **2.    Plaintiff's Argument that the *Qui Tam* Procedures Do Not Apply Is Wrong Based on the Allegations of the FAC.**

15    Plaintiff cites to the *Mendiondo* case to try and argue that all of the other procedural

16    requirements of the False Claims Act do not apply to Plaintiff. (Opposition at pg. 7:14-26).

17    However, the FAC itself *plainly* states that Plaintiff is bringing the action under Section 3730 (it

18    does not state, that it is *only* being brought under 3730(h)) and Section 3729. (FAC, ¶32).

19    Plaintiff's statement in her Opposition that this is merely a retaliation claim is in direct

20    contradiction to her actual pleading. Plaintiff cannot use her Opposition to get around the facts

21    pled in her Complaint.

22    Further, *Mendiondo* is very narrowly limited to a retaliation claim being raised under the

23    False Claims Act. It does not discuss any of the other requirements of the False Claims Act, nor

24    does it state that the other requirements of the False Claims Act are not to be followed where only

25    a retaliation claim is raised. Plaintiff is attempting to apply a case that is very limited in its facts

26    and scope to her FAC where she alleges violation of the False Claims Act as a whole. (FAC ¶32,

27    Plaintiff refers to section 3730 (not just subpart (h)) and section 3729 as multiple bases for

28    liability). Plaintiff cannot be allowed to cherry pick which portions of a statute must be complied

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1    with to save her claim.

2        Again, Plaintiff is attempting to justify the defects of her Complaint by trying to explain

3    them away in her Opposition.  However, the FAC itself is what must be relied upon by this Court

4    and is determinative.   Plaintiff must seek leave to amend her FAC to change her claim.

5                    **3.        Plaintiff Fails to Plead Sufficient Facts for a Retaliation Claim Under
                                § 3730.**
6

7        Further, even as to a retaliation claim, Plaintiff's pleading is insufficient.  A claim for

8    illegal retaliation under Section 3730(h) requires a plaintiff to show "(1) the employee engaged in

9    conduct protected under the FCA; (2) the employer knew that the employee was engaged in such

     conduct; and (3) the employer discharged, discriminated against or otherwise retaliated against
10
     the employee because of the protected conduct." (*United States* ex rel. *Smith v. Yale Univ.,* 415
11
     F.Supp.2d 58, 102 (D.Conn. 2006)). The inquiry as to whether an employee engaged in protected
12
     conduct involves determining whether an employee's actions sufficiently furthered an action filed
13
     or to be filed under the FCA, and, thus, equated to "protected conduct." (*Hutchins v. Wilentz,* 253
14
     F.3d 176, 187 (3d Cir. 2001) (quoting *McKenzie v. BellSouth Telecomm., Inc.,* 219 F.3d 508, 515
15
     (6th Cir. 2000)).
16
         Here, Plaintiff fails to plead that the Defendants *had any knowledge whatsoever* that
17
     Plaintiff was engaged in conduct protected under the False Claims Act.  In addition, Plaintiff fails
18
     to plead that she was terminated and/or retaliated against for engaging in said alleged protected
19
     conduct (making complaints to the IRS).  Plaintiff merely makes a conclusory statement that she
20
     was wrongfully terminated without developing a causal link between her activities and her
21
     termination.  (FAC ¶ 25, 33).  Such conclusions are not sufficient to sustain claims against the
22
     Defendants.
23
                    **4.        Plaintiff's Opposition Fails to Refute That the Individual Defendants
24                              Cannot Be Held Liable for Violation of the False Claims Act.**

25        Plaintiff fails to oppose Defendants' argument that Plaintiff's claim for False Claims Act

26   against the individual Defendants must be dismissed because liability does not attach to them as

27   individuals, and monetary relief cannot be sought against them in their official capacities.

28   Plaintiff's claims against Defendants as individuals must be dismissed as Defendants do not fall

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

68517.7 CR015-004                          - 12 -                    CASE NO. C-08-1395 MEJ

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107

1  within the definition of "employer," as required by the statute, while acting in their individual

2  capacities. (*Wilkins* ex rel. *United States v. Ohio,* 885 F.Supp. 1055 (S.D.Ohio 1995)); *United*

3  *States* ex rel. *Lamar v. Burke,* 894 F.Supp. 1345 (E.D.Mo. 1995)). Additionally, the claims for

4  monetary relief against Defendants in their official capacities must be dismissed as the 11th

5  Amendment bars such claims. (*Hudson v. City of New Orleans,* 174 F.3d 677, 680 (5th Cir. 1999)

6  (for purposes of 11th Amendment immunity to suit in federal court, courts do not distinguish

7  between suits brought against a state entity and suits brought against that entity's officers except

8  when a plaintiff seeks prospective relief against an officer in his official capacity); *see also*

9  *United States* ex rel. *Foulds v. Texas Tech University,* 171 F.3d 279 (5th Cir. 1999) (11th

10  Amendment protections apply to claims brought under the False Claims Act)).

11  Plaintiff is only allowed to seek injunctive relief against the individual Defendants in their official

12  capacities, but Plaintiff fails to do so.

13  In addition, recently the California Supreme Court held that individual defendants cannot

14  be held liable for retaliation claims.  (*Jones v. The Lodge at Torrey Pines Partnership,* 42 Cal.4th

15  1158, 1173, 72 Cal.Rptr.3d 624 (2008)).

16  **5.    Plaintiff's Opposition Fails to Refute That Plaintiff Must Be The Original Source of any Public Disclosure.**

17

18  Plaintiff's Opposition fails to provide legal authority to refute that she must allege that she

19  was the original source of any public disclosure she made.

20  Where no "public disclosure" has been made, there is no jurisdiction.  (*United States* ex

21  rel. *Fine v. Advanced Sciences, Inc.,* 99 F.3d 1000, 1004 (10th Cir. 1996); *United States* ex rel.

22  *Springfield Terminal Ry. v. Quinn,* 14 F.3d 645, 651 (D.C.Cir. 1994); *Cooper v. Blue Cross and*

23  *Blue Shield,* 19 F.3d 562, 565 n.4 (11th Cir. 1994)). Although the FCA was designed to

24  encourage corporate whistleblowers, a "relator must be a true whistleblower." (*United States* ex

25  rel. *Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1035 (6th Cir. 1994)). A party

26  is unable to pursue the suit and collect a percentage of the recovery if the case is based upon

27  information that has previously been made public or if the claim has already been filed by

28  another.  (*Id.).*

1    Here, even after filing a FAC, Plaintiff fails to allege that she was the original source of

2  any public disclosure.  As such, she cannot maintain any claim under the FCA.  By way of

3  analogy, if the Finance Director for the City of Vallejo were to go to the media today and report

4  that the City of Vallejo is in financial ruin and is bankrupt, and said Finance Director is then

5  terminated in retaliation for making the report to the media, that Finance Director cannot now

6  claim that he/she was retaliated against for blowing the whistle.  This is because it has already

7  been disclosed that the City of Vallejo is in bankruptcy and hard financial times, so the Finance

8  Director would not be the original source of the information.

9    Thus, Plaintiff's claim must be dismissed because she has failed to plead that she is a bona

10  fide whistleblower.

11          **H.      Leave to Amend Should Not Be Granted Again.**

12    Plaintiff has already amended her complaint on one occasion, but she has failed to cure

13  the defects.  Where there are jurisdictional defects, it is not possible for Plaintiff to amend her

14  complaint to cure the defects.  As such, Plaintiff should not be given further leave to amend.

15                  **III.    <u>CONCLUSION</u>**

16    Based on the foregoing and the moving papers, Defendants request that their motion to

17  dismiss be granted in its entirety without leave to amend.

18

19  Dated: August 21, 2008                    LIEBERT CASSIDY WHITMORE

20

21                                            By:_____/s/_____

22                                                Morin I. Jacob
                                                Attorneys for Defendants
23                                                CITY OF CRESCENT CITY; DENNIS
                                                BURNS; ELI NAFFAH; MIKE
24                                                SCAVUZZO; DOUGLAS PLACK

25

26

27

28

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS  FIRST AMENDED COMPLAINT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, CA  94107