IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEI LYN SANCHES, | No. C 08-1395 MEJ |
| Plaintiff(s), | **ORDER RE PLAINTIFF'S NOTICE PURSUANT TO CIVIL LOCAL RULE 7-13** |
| vs. | |
| CITY OF CRESCENT CITY, et al., | |
| Defendant(s). | |

On February 26, 2009, Plaintiff Joei Lyn Sanches filed a Notice Pursuant to Civil Local Rule 7-13, informing the Court that Defendants' Motion to Dismiss, filed July 29, 2008 (Dkt. #32), has been under submission for more than 120 days. In the notice, Plaintiff also addresses two other case management issues: (1) whether Defendants' prior motion to dismiss, filed April 21, 2008 (Dkt #8), remains pending, and (2) whether deadlines established in the June 18, 2008 Case Management Order (Dkt. #23) remain in effect. The Court addresses the issues raised in Plaintiff's notice as follows:

**A.     Defendant's April 21, 2008 Motion to Dismiss**

Plaintiff filed her original complaint on March 11, 2008. Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b), Defendants filed a responsive pleading in the form of a Motion to Dismiss. (Dkt #8.) Plaintiff did not file an opposition to Defendants' motion and instead filed a First Amended Complaint ("FAC") on May 14, 2008. (Dkt. #13.) Under FRCP 15(a), a party may amend

its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants did not consent to the amended complaint, and the Court did not grant Plaintiff leave to file it. Thus, Plaintiff failed to comply with FRCP 15(a) in filing her amended complaint.

On July 24, 2008, the Court held a hearing on Defendants' Motion to Dismiss. At that time, Plaintiff argued that a motion to dismiss is not a responsive pleading and, therefore, her FAC was properly filed. Although the Court did not rule on this issue at the hearing, Defendants subsequently filed a Motion to Dismiss Plaintiff's FAC ("Second Motion"). Accordingly, the Court hereby FINDS AS MOOT Defendant's April 21, 2008 Motion to Dismiss.

**B.     Defendant's July 29, 2008 Motion to Dismiss**

As to Defendants' Second Motion to Dismiss, the Court vacated the hearing date and stated that it would rule on the parties' papers. (Dkt. ## 41, 43.) The Court shall issue an order on Defendants' Second Motion forthwith.

**C.     Case Management Deadlines**

On June 18, 2008, the Court issued a Case Management Order establishing pretrial and trial deadlines. (Dkt. #23.) Certain case management deadlines have since been continued and/or vacated given the pending motion to dismiss. (Dkt. # 53.) As the ruling on Defendants' Second Motion has been delayed, the Court hereby VACATES all pending pretrial and trial deadlines. The Court shall issue a further case management order, if necessary, after ruling on Defendants' pending motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 27, 2009

MARIA-ELENA JAMES
United States Magistrate Judge